IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| THE STATE OF MISSOURI, ex rel. ERIC S. SCHMITT, in his official capacity as Missouri Attorney General,<br><br>Plaintiff,<br><br>v.<br><br>THE PEOPLE'S REPUBLIC OF CHINA, THE COMMUNIST PARTY OF CHINA, NATIONAL HEALTH COMMISSION OF THE PEOPLE'S REPUBLIC OF CHINA, MINISTRY OF EMERGENCY MANAGEMENT OF THE PEOPLE'S REPUBLIC OF CHINA, MINISTER OF CIVIL AFFAIRS OF THE PEOPLE'S REPUBLIC OF CHINA, PEOPLE'S GOVERNMENT OF HUBEI PROVINCE, PEOPLE'S GOVERNMENT OF WUHAN CITY, WUHAN INSTITUTE OF VIROLOGY, AND CHINESE ACADEMY OF SCIENCES,<br><br>Defendants. | Case No.: 1:20-cv-00099-SNLJ |

**MEMORANDUM IN SUPPORT OF MOTION OF LAWYERS FOR UPHOLDING INTERNATIONAL LAW FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN OPPOSITION TO PLAINTIFF THE STATE OF MISSOURI'S COMPLAINT AGAINST DEFENDANTS THE PEOPLE'S REPUBLIC OF CHINA, *ET AL*.**

The Lawyers for Upholding International Law (hereinafter "Proposed *Amici*") respectfully seek leave from this Court to file their *amicus curiae* brief.

Plaintiff The State of Missouri's Complaint against The People's Republic of China, *et al.*, for damages allegedly arising out of the COVID-19 pandemic is a novel claim and triggers international law. Proposed *Amici* are experts and practitioners in international law as well as Chinese policy and practice and, as such, have a particular interest in this litigation given the

1

potential ramifications on international law. Proposed *Amici* offer their specialized knowledge and technical expertise to the Court through the proposed *amicus curiae* brief, and provide an analysis for why this Court can and should dismiss Plaintiff's Complaint *sua sponte*.

Thus, Proposed *Amici* respectfully request leave to file the accompanying proposed *amicus curiae* brief in opposition to Plaintiff The State of Missouri's Complaint.

## ARGUMENT

**1.  THE DISCRETION OF THE COURT TO ALLOW THE *AMICUS CURIAE* BRIEF**

This Court has broad inherent authority to permit or deny an appearance as *amicus curiae*. *See, e.g., United Fire & Cas. Co. v. Titan Contractors Service, Inc.*, 2012 WL 3065517 at *6 (E.D. Mo. July 27, 2012). "The *amicus* privilege 'rests in the discretion of the court which may grant or refuse leave according[ly] as it deems the proffered information timely, useful, or otherwise." *Id*. (citing *Mausolf v. Babbitt*, 158 F.R.D. 143, 148-49 (D.Minn. 1994)). "No statute, rule, or controlling case defines a federal district court's power to grant or deny leave to file an *amicus* brief." *COR Clearing, LLC v. Callssio Resources Group, Inc.*, 2015 WL 6604010 at *1 (D. Neb. Oct. 29, 2015).

In determining whether to allow an *amicus curiae* to participate, district courts must keep in mind its role in resolving factual issues. *Id*. at *2. Thus, "[a]n *amicus* who argues facts should rarely be welcomed." *Id*. Factors district courts can consider when considering whether to admit or deny the presence of an *amicus curiae* include: (1) "whether the information offered through the *amicus* brief is 'timely and useful'"; *and* (2) "whether the [entity] seeking to file the *amicus* brief is an advocate for one of the parties." *Id*. However, district courts throughout the country are split as to the extent they are willing to permit the participation of an *amicus* who acts primarily

2

as an advocate for one party. *Id*. (citing *Sierra Club v. Fed. Emergency Mgmt. Agency, et al.*, 2007 WL 3472851 at *2-3 (S.D. Tex. Nov. 14, 2007)).

**2.      INTEREST OF PROPOSED *AMICI***

Proposed *Amici* are comprised of Professor Geert-Jan Alexander Knoops and Professor Tom Zwart.

### A.      *Professor Geert-Jan Alexander Knoops*

Professor Knoops is a professor of Politics of International Law at the University of Amsterdam, a visiting professor of international criminal law at Shandong University in Jinan, China, and a research fellow at the Institute of International Law of Wuhan University. He also practices international law as an attorney at the firm Knoops' International Lawyers in Amsterdam and has appeared as counsel before several international courts including the European Court of Human Rights (ECHR) in Strasbourg, the International Criminal Tribunal for Rwanda (ICTR), the International Criminal Tribunal for the former Yugoslavia (ICTY), the Special Court for Sierra Leone (SCSL) and the International Criminal Court (ICC).

Professor Knoops has also appeared as or been appointed to be lead counsel in several cases of international import, including the cases of *the Prosecutor v. Charles Blé Goudé* and *Patrice-Edouard Ngaïssona* at the ICC, the cases of *Prosecutor v. Musabyimana* and *Prosecutor v. Bagaragaza* in the ICTR, the case of *Prosecutor v. Kanu* in the SCSL, and the case of *Prosecutor v. Jovica Stanisic* in the ICTY. Additionally, Professor Knoops has authored multiple academic books on the topic of international law.

### B.      *Professor Tom Zwart*

Professor Zwart is a professor of law at the International and European Law Department of Utrect University's School of Law. He also serves as the Director of the Cross-cultural Human

3

Rights Centre of the Free University of Amsterdam. He is an expert on comparative law, especially the legal systems of the U.S., China and Islam, including their approaches to international law. He also specializes in human rights law and runs the only project on human rights in China in which Chinese and international scholars cooperate.

Professor Zwart has widely visited at universities in the United States and China, including Washington University in St. Louis. From 2004 to 2013 he served as the Director of the summer abroad program on international law of the law schools of Washington University and Case Western Reserve University. He serves as a Distinguished International Scholar at the International Law Think Tank of Wuhan University and as a Senior Academic Advisor to the Human Rights Centre of Central South University in Changsha, China. Additionally, he is the Laureate of the 2020 Li Buyung Law Prize, which is awarded by the Chinese legal profession to a person who has made an eminent contribution to Chinese legal studies and legal education.

### 3.   THE MATTERS ASSERTED IN THE *AMICI* BRIEF ARE TIMELY, USEFUL AND RELEVANT TO THE DISPOSITION OF THIS CASE

Due to the novel nature of this case,[1] the Proposed *Amici* are in a unique position to provide this Court with specialized knowledge into the significant procedural oversights and deficiencies of Plaintiff State of Missouri's Complaint. The proposed *amicus* brief does not argue specific factual issues, but instead focuses on the various laws and legal doctrines, which shall illustrate for the Court the ways that Plaintiff's Complaint conflicts with well-set legal precedent. Movants

---

[1] Per the Missouri Attorney General's website, this lawsuit by the State of Missouri against The People's Republic of China, et al. was "a historical move." *See* https://ago.mo.gov/home/news/2020/04/21/missouri-attorney-general-schmitt-files-lawsuit-against-chinese-government (last accessed July 10, 2020). To the best of Proposed *Amici*'s knowledge, Missouri was the first state to file such a lawsuit. Furthermore, Proposed *Amici* are unaware of any precedent whereby an individual State has brought suit against a foreign nation or that foreign nation's institutions due to an outbreak of a virus, such as COVID-19.

4

hope that with this legal analysis, the Court will order *sua sponte* the dismissal of Plaintiff's Complaint.

This Court has the power to dismiss Plaintiff's Complaint *sua sponte* for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Martin-Trigona v. Stewart*, 691 F.2d 856, 858 (8th Cir. 1982). Furthermore, a *sua sponte* dismissal may even precede service of process in the interest of judicial economy and fair treatment of litigants. *Slangal v. Getzin*, 148 F.R.D. 691, 695-699 (D. Neb. 1993) (citing *Wabasha v. Smith*, 956 F.2d 745 (8th Cir. 1992)); *see also The Church of Jesus Christ Christian/Aryan Nations of Missouri, et al. v. Obama*, 2011 WL 4916569 at *1, FN 1 (W.D. Mo. Oct, 17, 2011). As explained by the court in *Slangal*:

> The reason, I suspect, that *sua sponte* rulings are permitted in the above (and, no doubt, other) situations, is that the court must have the power and authority to effectively manage its business as to provide "the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. As has been said on numerous occasions, the time spent by court personnel and judges on the administration and resolutions of meritless cases detracts from and reduces the attention available to give to serious legal disputes. […] When meritless claims absorb the court's limited resources *unnecessarily,* the interests of justice are disserved. That disservice is equally costly in both kinds of "meritless" cases: those that are frivolous as well as those which fail to state a claim. The court's power to screen out meritless claims should be equally effective in both situations, so long as litigants' substantive rights are protected.

*Slangal*, 148 F.R.D. at 698-699.

As will be discussed in further detail in the *amicus curiae* brief, Plaintiff's Complaint lacks merit for several reasons, including Plaintiff's lack of standing and the lack of the Court's jurisdiction over Defendants. *See, e.g., A.R.Y.L.L.R. v. Liang*, 2007 WL 4531505 (D. Minn. Dec. 19, 2007) (ordering *sua sponte* dismissal of a plaintiffs' wrongful death claim against Chinese citizens for failure to show facts that would allow the United States District Court for the District of Minnesota to exercise personal jurisdiction over defendants). Thus, this *amicus* brief is timely

in that it seeks the dismissal of Plaintiff's deficient Complaint early on in the litigation before the Court goes into the substance of the case.

## CONCLUSION

Given their expertise, Proposed *Amici* will be able to assist the Court by exhibiting why such an action as Plaintiff's is incongruous with the known standards of international legal disputes and warrants dismissal by this Court *sua sponte*.

Thus, for the foregoing reasons, the Lawyers for Upholding International Law respectfully request that this Court grant their Motion for Leave to File *Amicus Curiae* Brief in Opposition to Plaintiff The State of Missouri's Complaint against Defendants The People's Republic of China, *et al*, and for such other orders as this Court may find just and equitable.

Dated:       September 25, 2020

Respectfully submitted,

THE SIMON LAW FIRM, P.C.

/s/ *Amy Collignon Gunn*
Amy Collignon Gunn #45016MO
Elizabeth S. Lenivy #68469MO
800 Market Street, Ste. 1700
St. Louis, Missouri 63101
P: (314) 241-2929
F: (314) 241-2029
agunn@simonlawpc.com
elenivy@simonlawpc.com

***Local Counsel for Lawyers for Upholding International Law***

*/s/ Geert-Jan Alexander Knoops*
Dr. Geert-Jan Alexander Knoops, A09070
Knoops' Advocaten International Lawyers
Concertgebouwplein 25
1071 LM Amsterdam
P: +31 (0)20-470-5151
F: +31 (0)20-675-0946
office@knoopsadvocaten.nl

*/s/ Tom Zwart*
Dr. Tom Zwart
Newtonlaan 201, 3584 BH
Utrecht, The Netherlands
P: 316 2705 2580
t.zwart@uu.nl

***Lawyers for Upholding International Law***

**CERTIFICATE OF SERVICE**

   I certify that on this day, I filed the foregoing **Memorandum in Support of Motion for Leave to File the *Amicus Curiae* Brief of Group of Experts in International Law in Opposition to Plaintiff The State of Missouri's Complaint against Defendants The People's Republic of China, et al.** with the clerk's office via the CM/ECF system, which will send notification of filing to the following counsel of record:

Justin D. Smith
OFFICE OF THE ATTORNEY GENERAL
OF MISSOURI – Jefferson City
207 W. High St.
P.O. Box 899
Jefferson City, MO 65102-0899
justin.smith@ago.mo.gov

*Lead Attorney*