UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| THE STATE OF MISSOURI, ex rel. ERIC S. SCHMITT, in his official capacity as Missouri Attorney General, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 1:20-cv-0099-SNLJ<br>) |
| THE PEOPLE'S REPUBLIC OF CHINA, et al., | )<br>)<br>) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff's motion to authorize alternative methods of service under Federal Rule of Civil Procedure 4(f)(3). Plaintiff, the State of Missouri ex rel. Missouri Attorney General Eric Schmitt, attempted to serve summonses and copies of the complaint on the defendants by submitting them through its professional international process server to China's central authority under the Hague Convention. The defendants are the People's Republic of China, the Communist Party of China, the National Health Commission of the People's Republic of China, the Ministry of Emergency Management of the People's Republic of China, the Ministry of Civil Affairs of the People's Republic of China, People's Government of Hubei Province, People's Government of Wuhan City, the Wuhan Institute of Virology, and the Chinese Academy of Sciences. China has refused to effect service, apparently objecting under

1

Article 13 of the Hague Convention.  Plaintiff thus requests authority under 28 U.S.C.  § 1608(a)(4) and Rule 4(f)(3) to serve the defendants through alternative channels.

Rule 4 governs service of process for civil lawsuits filed in federal court.  Rule 4(h)(2) provides that a "foreign corporation, or a partnership or other unincorporated association ... must be served: (2) at a place not within any judicial district of  the  United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under Rule (f)(2)(C)(i)."  Fed. R. Civ. P. 4(h)(2).  Rule 4(f) governs the service of defendants who, like all the defendants here, are not located "within any judicial district of the United States," and it authorizes three possible methods of service on non-governmental entities located abroad.  Fed. R. Civ. P. 4(f).  Rule 4(f)(1) permits service "by any internationally agreed means of service  that  is  reasonably  calculated to  give  notice,  such  as  those  authorized  by  the  Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed.  R.  Civ.  P. 4(f)(1).   And Rule 4(f)(3) authorizes service "by other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(3).  Missouri attempted and failed at effecting service under Rule 4(f)(1).  Now Missouri seeks an order permitting service under Rule 4(f)(3).

It is apparent that service cannot be effected through the Hague Convention.  "A refusal to effect service under Article 13 of the Convention does not indicate that other 'means' are 'prohibited'—it indicates only that service through the Central Authority is not an option." *Jian Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, 514 (S.D.N.Y. 2013). The Court thus turns to Rule 4(f)(3), and the "only remaining question is what method of

2

alternative service would be appropriate." *Id.* "A method of alternate service is acceptable if it (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process." *Id.* (internal quotation omitted). "For a method of service to satisfy due process requires 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id*. (quoting *Luessenhop v. Clinton County*, New York, 466 F.3d 259, 269 (2d Cir.2006)).

Plaintiff requests authority to serve the **non-government defendants Communist Party of China, Chinese Academy of Sciences,** and **Wuhan Institute for Virology** by emailing them copies of the translated service packets—which include summons, Complaint, and civil cover sheet—to publicly available email addresses for those defendants. Email addresses are publicly available for all three defendants, and are posted on websites maintained by those organizations. China has objected to service by mail under Article 10 of the Hague Convention. Ample authority holds that an objection to service by postal channels under Article 10 does not foreclose service by email as an alternative method of service under Rule 4(f)(3). *See, e.g.*, *Bazarian Int'l Fin. Assocs., L.L.C. v. Desarrollos Aerohotelco, C.A.*, 168 F. Supp. 3d 1, 17 (D.D.C. 2016) ("[A] country's objection to Article 10 does not constitute an express rejection of service by email."); *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 332 (S.D.N.Y. 2015) (holding that China's Article 10 objection "does not cover service by email"); *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 295 F.R.D. 259, 262 (S.D. Ohio 2013) ("Email service has been approved even

3

where, as here, the country objects to Article 10 of the Hague Convention.") (collecting cases); *Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co.*, Case No. 18-cv-00297-BAS-BGS, 2019 WL 246562, at *2 (S.D. Cal. Jan. 17, 2019) (finding that China's Article 10 objection does not include email and allowing email service under Federal Rule of Civil Procedure 4(f) because it is not "prohibited by international agreement"); *WeWork Cos. Inc. v. WePlus (Shanghai) Tech. Co.*, Case No. 5:18-CV-04543-EJD, 2019 WL 8810350, at *2 (N.D. Cal. Jan. 10, 2019) ("Given the weight of authority [in the Northern District of California], the court finds that China's objection to Article 10 regarding postal service does not mean that email service is 'prohibited by international agreement' under Federal Rule 4(f)."); *FKA Distrib. Co. v. Yisi Tech. Co.*, Case No. 17-CV-10226, 2017 WL 4129538, at *1 (E.D. Mich. Sept. 19, 2017) (noting that "several courts have held that the Hague Convention allows service by email").*WhosHere, Inc. v. Orun*, Civil Action No. 1:13-cv-00526-AJT-TRJ, 2014 WL 670817, at *3 (E.D. Va. Feb. 20, 2014) (permitting email service because an Article 10 objection "is specifically limited to enumerated means of service in Article 10," and email is "not explicitly listed as means of service under Article 10"); *SECv. China Sky One Med., Inc.*, Case No. 12-CV-07543 MWF (MANx), 2013 WL 12314508, at *2–3 (C.D. Cal. Aug. 20, 2013) ("The better argument is that e-mail is sufficiently distinct from postal channels that the two should not be equated under the Hague Convention. Therefore, China's objection to the means of service specified in Article 10 does not prevent service by e-mail.").

4

Plaintiff has provided the Court with sufficient information from which this Court can be sure the requested email service is reasonably calculated to reach the subject defendants and provide actual notice under the Due Process Clause. The defendants have email addresses identified on their own websites. Service by email to those publicly-displayed email addresses "reasonably calculated ... to apprise [defendants] of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

As for the remaining **governmental defendants**, plaintiff requests service on the **People's Republic of China, National Health Commission of the People's Republic of China, Ministry of Emergency Management of the People's Republic of China, Ministry of Civil Affairs of the People's Republic of China, People's Government of Hubei Province**, and **People's Government of Wuhan City** through diplomatic channels under 28 U.S.C. § 1608(a)(4). Section 1608(a) provides,

> Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:
>
> (1) by delivery of a copy of the summons and complaint <u>in accordance with any special arrangement for service</u> between the plaintiff and the foreign state or political subdivision; or
>
> (2) if no special arrangement exists, by delivery of a copy of the summons and complaint <u>in accordance with an applicable international convention on service of judicial documents</u>; or
>
> (3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, <u>by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs</u> of the foreign state concerned, or

5

>	(4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services--and the Secretary shall transmit one copy of the papers <u>through diplomatic channels</u> to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

28 U.S.C. § 1608(a).

Plaintiff contends it is left with service by way of subsection (a)(4) because "no special arrangement exists" (subsection (a)(1)), service by way of the Hague Convention has proven futile (subsection (a)(2)), and the United States Department of State advises that if the foreign state formally objected to service by mail, then "service under Section 1608(a)(3) should not be attempted, and the plaintiff should proceed to service under Section 1608(a)(4)." U.S. Department of State –Bureau of Consular Affairs, International Judicial Assistance, Service of Process, Foreign Sovereign Immunities Act, at https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process/Foreign-Sovereign-Immunities-Act.html(visited March 3, 2021).

Plaintiff states that its international process server has already prepared translations of the summonses and complaint into simplified Chinese, and it is preparing the requisite notices of suit in accordance with subsection (a)(4).

6

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to authorize alternative methods of service [#19] is GRANTED.

IT IS FURTHER ORDERED that plaintiff may serve defendants the Communist Party of China, the Wuhan Institute of Virology, and the Chinese Academy of Sciences by providing translations into simplified Chinese of the Complaint and Summons by email at publicly available email addresses provided by those organizations; and

IT IS FINALLY ORDERED that the Clerk of the Court shall coordinate with plaintiff's counsel and international process server to receive and submit Missouri's service packet to the U.S. Department of State for service through diplomatic channels on defendants the People's Republic of China, National Health Commission of the People's Republic of China, Ministry of Emergency Management of the People's Republic of China, Ministry of Civil Affairs of the People's Republic of China, People's Government of Hubei Province, and People's Government of Wuhan City pursuant to 28 U.S.C. § 1608(a)(4).

So ordered this 11th day of May, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE