IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| THE STATE OF MISSOURI,<br>ex rel. ERIC S. SCHMITT, in his official<br>capacity as Missouri Attorney General,<br><br>     Plaintiff,<br><br>v.<br><br>THE PEOPLE'S REPUBLIC OF CHINA,<br>THE COMMUNIST PARTY OF CHINA,<br>NATIONAL HEALTH COMMISSION<br>OF THE PEOPLE'S REPUBLIC OF<br>CHINA, MINISTRY OF EMERGENCY<br>MANAGEMENT OF THE PEOPLE'S<br>REPUBLIC OF CHINA, MINISTRY OF<br>CIVIL AFFAIRS OF THE PEOPLE'S<br>REPUBLIC OF CHINA, PEOPLE'S<br>GOVERNMENT OF HUBEI<br>PROVINCE, PEOPLE'S GOVERNMENT<br>OF WUHAN CITY, WUHAN INSTITUTE<br>OF VIROLOGY, and CHINESE<br>ACADEMY OF SCIENCES,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:20-cv-00099-SNLJ |

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANTS
COMMUNIST PARTY OF CHINA, CHINESE ACADEMY OF SCIENCES, AND
<u>WUHAN INSTITUTE OF VIROLOGY</u>**

On May 18, 2021, Plaintiff the State of Missouri ex rel. Eric S. Schmitt executed service of process on Defendants the Communist Party of China, the Chinese Academy of Sciences, and the Wuhan Institute of Virology.  Three weeks have now elapsed since the latest possible deadline for those Defendants to appear and file a responsive pleading, and none of the three has appeared to defend this lawsuit.  All three, therefore, are in default.  The Court should direct the Clerk to enter defaults against those three Defendants under Rule 55(a) and permit Missouri to proceed with discovery relating to its claims against those defaulting Defendants.

1

> **A.      The Court Should Direct the Clerk To Enter Defaults Against Defendants Communist Party of China, Chinese Academy of Sciences, and Wuhan Institute of Virology.**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  The clerk's entry of default is a necessary precursor to obtaining a default judgment against the defaulting party.  *See* Fed. R. Civ. P. 55(b)-(c).  Here, more than sixty days have elapsed since Plaintiff validly served defendants Communist Party of China (CPC), Chinese Academy of Sciences (CAS), and Wuhan Institute of Virology (WIV). They have not appeared or filed any responsive pleading, and thus they are in default under Rule 55(a).  The Clerk of the Court should enter each party's default.  *Id.*

On May 11, 2021, this Court granted Missouri's motion for alternative methods of service and authorized Missouri to serve CPC, CAS, and WIV by email at publicly available email addresses posted on websites maintained by those organizations. ECF No. 22, at 7.  On May 18, 2021, Missouri served CPC, CAS, and WIV by this method of email service.  ECF No. 23.  This method of service satisfied Rule 4(f)(3), which governs service on non-governmental organizations located abroad.  *See* ECF No. 22, at 2-5; *see also, e.g.,* ECF No. 1, at 5, ¶ 19 (pleading that, on information and belief, CPC is not a political subdivision, agency, or instrumentality of the People's Republic of China, and citing *Yaodi Hu v. Communist Party of China*, 2012 WL 7160373, at *3 (W.D. Mich. Nov. 20, 2012)).  Moreover, consistent with Missouri's belt-and-suspenders approach to service throughout this case, this method of service also satisfied 28 U.S.C. § 1608(b), which governs the service of agencies or instrumentalities of foreign states.  In particular, where (as here) no special arrangement for service exists and service under the Hague Convention has proven to be futile, *see* § 1608(b)(1)-(2), § 1608(b)(3)(C) authorizes service on

2

agencies and instrumentalities of foreign states "as directed by order of the court consistent with the law of the place where service is to be made." 28 U.S.C. § 1608(b)(3)(C). Here, Missouri effected service by email on CPC, CAS, and WIV as directed by this Court's order, ECF No. 22, and such service by email is "consistent with the law of the place where service is to be made," as the Court previously found. ECF No. 22, at 3-4 (noting that "[a]mple authority holds that [China's] objection to service by postal channels under Article 10 does not foreclose service by email as an alternative method of service under Rule 4(f)(3)").[1] This Court also found that this manner of service by email was "reasonably calculated to give actual notice," as § 1608(b)(3) requires. *See* ECF No. 22, at 5. Accordingly, service by email on CPC, CAS, and WIV pursuant to the Court's Order was effective regardless of whether any of these three Defendants might later be determined to be foreign non-governmental organizations on the one hand, or agencies or instrumentalities of a foreign state on the other hand.

Under Rule 12, a private litigant, such as a foreign non-governmental organization, has 21 days after service in which to file a responsive pleading, "unless another time is specified by this rule or a federal statute." Fed. R. Civ. P. 12(a)(1)(A)(i). By contrast, an agency or instrumentality of a foreign state has 60 days in which to file its responsive pleading: "In any action brought in a court of the United States, … an agency or instrumentality of a foreign state shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made under

---

[1] *See also, e.g., New England Merchants Nat. Bank v. Iran Power Generation & Transmission Co.*, 495 F. Supp. 73, 78–79 (S.D.N.Y. 1980) ("The language in the FSIA requiring that the mode of service fashioned by the court be 'consistent' with the law of the foreign state, does not require that service be identical to the method prescribed by the foreign state. Rather, the language indicates that the mode of service authorized by the court should not be prohibited under the law of the foreign state."); LAW LIBRARY OF CONG., SERVICE OF PROCESS 38–39 (2020), *at* https://tile.loc.gov/storage-services/service/ll/llglrd/2020720028/2020720028.pdf (noting that China's Civil Procedure Law generally permits the service of legal documents by email).

this section." 28 U.S.C. § 1608(d).  Missouri's summonses noted that the deadline to respond to the complaint is 21 days after service for non-governmental parties, and that the deadline is 60 days after service for foreign states, their subdivisions, and their agencies and instrumentalities. *See* ECF Nos. 4-14.  As noted above, on May 18, 2021, Missouri effected service by email on all three organizations pursuant to the Court's order.  *See* ECF No. 23 & ECF Nos. 23-1 to 23-6.  Sixty days after May 18, 2021, fell on July 19, 2021, which was the latest potential date on which responsive pleadings were due.  As of July 19, none of these three defendants had entered or filed any responsive pleading.  Moreover, three weeks have now elapsed since July 19, so there is no reasonable likelihood that the default is merely a result of a minor date miscalculation, inadvertence, or mistake.

Accordingly, CPC, CAS, and WIV have "failed to plead or otherwise defend," as shown by the State's May 18 service affidavit, ECF No. 23, and those defendants' subsequent failure to respond within 60 days, and thus "the clerk must enter the party's default."  Fed. R. Civ. P. 55(a); *see also, e.g., Owens v. Republic of Sudan*, 826 F. Supp. 2d 128, 148 (D.D.C. 2011) (noting that "defendants did not respond or make an appearance within 60 days, and thus, pursuant to § 1608(d), the Clerk entered default against defendants").

### B. To Obtain a Default Judgment Against the Defaulting Defendants, Missouri Must Submit "Evidence Satisfactory to the Court" to Establish Its Claims Against Them, Which Entails Taking Discovery and Presenting Evidence.

Entry of default is an important step toward resolving this case, because it will permit Missouri to commence discovery necessary to prove its claims.  Under the Foreign Sovereign Immunities Act, a party seeking a default judgment against a defendant whose clerk's default has been entered must then present "evidence satisfactory to the court" to establish the elements of its claims.  The FSIA states: "No judgment by default shall be entered by a court of the United States

4

or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by *evidence satisfactory to the court*." 28 U.S.C. § 1608(e) (emphasis added).

"This 'satisfactory to the court' standard is identical to the standard for entry of default judgments against the United States in Federal Rule of Civil Procedure 55([d])." *Owens v. Republic of Sudan*, 826 F. Supp. 2d at 134; *see also* Fed. R. Civ. P. 55(d) ("A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court."). "In evaluating the plaintiffs' proof, the court may 'accept as true the plaintiffs' uncontroverted evidence.'" *Owens*, 826 F. Supp. 2d at 135 (quoting *Elahi v. Islamic Republic of Iran*, 124 F.Supp.2d 97, 100 (D.D.C. 2000)). In addition to proof by affidavits, *id.*, in evaluating Plaintiff's case, the Court may "receive[] evidence in the form of live testimony, videotaped testimony, affidavit, and original documentary and videographic evidence." *Owens*, 826 F. Supp. 2d at 135; *see also Elahi*, 124 F. Supp. 2d at 99–100 (noting that the court accepted testimony from seven live witnesses and received 105 documentary exhibits in a FSIA trial against defaulting defendants). Collecting and preparing such evidence naturally requires the plaintiff to take discovery.

Thus, the requirement that a plaintiff prove his or her case on both liability and damages by "evidence satisfactory to the court" contemplates that a plaintiff may seek discovery in cases of defaulting defendants. *See, e.g., Hill v. Republic of Iraq*, 328 F.3d 680, 683 (D.C. Cir. 2003) (noting that, in enacting the FSIA, Congress "expected that courts will take into account the extent to which plaintiff's case depends on appropriate discovery against the foreign state") (quoting H.R. Rep. No. 94–1487, at 26 (1976)); *see also* S. Rep. No. 94–1310, at 25 (1976). In enacting the FSIA, Congress did not change the law of discovery in FSIA cases, opting to leave ordinary

discovery rules intact, because Congress perceived that "[e]xisting law appears to be adequate in this area." H.R. REP. 94-1487, 23, 1976 U.S.C.C.A.N. 6604, 6621-22 (quoted in *Hill*, 328 F.3d at 683).

Therefore, the FSIA did not change the plaintiff's ability to pursue discovery appropriate and necessary to prove liability and damages, including in cases of defaulting defendants. For example, in *Hutira v. Islamic Republic of Iran*, 211 F. Supp. 2d 115, 117 (D.D.C. 2002), the plaintiff obtained a clerk's default against Iranian defendants who allegedly participated in the extrajudicial killing of the plaintiff's father. The plaintiff sought discovery regarding the murder through subpoenas to third parties. "[N]otwithstanding indicia of the defendants' willful default" and the entry of a clerk's default against them, the federal court recognized that the FSIA plaintiff was required to seek discovery "[i]n order to obtain evidence establishing her claim or right to relief that is satisfactory to the Court." *Id.* at 117. The court cited Rule 26(b)(1) for the proposition that an FSIA plaintiff seeking evidence against a defaulting defendant is subject to the same discovery standards as other all civil plaintiffs, and "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." *Id.* at 117-18 (quoting Fed. R. Civ. P. 26(b)(1)). The court ultimately determined that the discovery sought in the particular subpoena was barred by privilege, but it upheld the plaintiff's underlying right to seek such discovery to provide "evidence satisfactory to the court." *See id.*

Likewise, in *Hake v. Citibank, N.A.*, 2020 WL 1467132, at *1 (S.D.N.Y. Mar. 26, 2020), FSIA plaintiffs facing defaulting defendants sought discovery by third-party subpoena to procure evidence to prove liability. *See id.* The court observed that the defendants had defaulted and that the plaintiffs were "in the process of submitting an application for a default judgment and must establish their claims and right to relief through sufficient evidence." *Id.* (citing 28 U.S.C.

6

§ 1608(e)); *see also id.* (noting that plaintiffs "had good reason to serve [the third party] with subpoenas"). The Court held that the usual standards of Rule 26(b) apply to such requests, including subpoenas to third parties: "Federal Rule of Civil Procedure 26(b) states that '[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.' This includes discovery from non-parties." *Id.* at *4 (citation omitted) (quoting Fed. R. Civ. P. 26(b)(1)).

As noted above, this approach is consistent with the House of Representatives' statement on the FSIA that "[t]he bill does not attempt to deal with questions of discovery. Existing law appears to be adequate in this area." H.R. REP. 94-1487, 23, 1976 U.S.C.C.A.N. 6604, 6621. And it is consistent with the D.C. Circuit's holding that "a FSIA default winner must prove damages 'in the same manner and to the same extent' as any other default winner." *Hill*, 328 F.3d at 683–84 (quoting 28 U.S.C. § 1606). "[A]ny other default winner," *id.*, is authorized to pursue discovery to establish the elements on which that default winner has a burden to provide evidence—in most cases, to establish damages. *See, e.g., Nutrition Distrib. LLC v. Musclegen Research Inc.*, 2017 WL 4391711, at *2 (S.D. Cal. Oct. 3, 2017) (allowing discovery and noting that "[o]ther courts have allowed discovery on the issue of damages after the entry of default") (collecting cases); *Oakley, Inc. v. Moda Collection, LLC*, 2016 WL 7495835, at *7–*8 (C.D. Cal. June 9, 2016) ("It appears that, pursuant to the authority vested in Rule 26(d)(1) and Rule 55(b)(2), courts have allowed discovery on the issue of damages after the entry of default.") (collecting cases*); Alstom Power, Inc. v. Graham*, 2016 WL 354754, at *2–*3 (E.D. Va. Jan. 27, 2016) ("Courts have allowed . . . discovery following entry of default but prior to entry of default judgment.") (collecting cases). Because FSIA plaintiffs have the additional burden to establish liability through "evidence satisfactory to the court," discovery extends to liability issues as well.

7

Accordingly, in this case, discovery is appropriate as to both parties and non-parties to prove Missouri's claims against the CPC, CAS, and WIV.  First, Missouri is entitled to seek discovery relating to its claims directly from the defaulting defendants.  To be sure, Missouri reasonably anticipates that those defendants will not cooperate in discovery, since they have stonewalled Missouri's attempts to serve them and now ignored valid service of process.  But the FSIA and the Rules of discovery provide for such an outcome.  In enacting the FSIA, Congress "expected that courts will take into account the extent to which the plaintiff's case depends on appropriate discovery against the foreign state," and thus allowed for "the possibility of a relaxed evidentiary burden on the FSIA plaintiff" in the case of a defaulting defendant.  *Hill*, 328 F.3d at 683, 684 (quoting H.R.Rep. No. 94–1487, at 26 (1976)).  Anticipating the non-cooperation of defaulting defendants, Congress explicitly noted that "appropriate remedies would be available under Rule 37, F.R. Civ. P., for an unjustifiable failure to make discovery." H.R. REP. 94-1487, 46, 1976 U.S.C.C.A.N. 6604, 6635 n.14.  For example, a defendant who refuses to cooperate in discovery may face "a panoply of sanctions," *Jiang v. Porter*, No. 4:15-CV-1008 (CEJ), 2016 WL 4430188, at *2 (E.D. Mo. Aug. 22, 2016)—such as directing that certain facts "be taken as established for purposes of the action," among many other possible sanctions.  Fed. R. Civ. P. 37(b)(2)(A)(i); *see also id.* (ii)-(vii); *Jiang*, 2016 WL 4430188, at *3-4.

Third-party discovery is also appropriate in this case.  Since Missouri filed its Complaint in April 2020, a great deal of new information has become publicly available relevant to its claims, including information that lies readily within the reach of civil process in the United States.  For example, Count II of the Complaint alleges that the likely origin of the COVID-19 virus was "through release from the Wuhan Institute, a laboratory with known safety concerns," and that the WIV engaged in abnormally dangerous virology research that unleashed the COVID-19 pandemic

8

upon Missouri and the world.  ECF No. 1, ¶ 153; *id.* ¶¶ 152-162.  In recent months, a great deal of information relevant to these allegations has become available, including from many sources within the United States.  *See generally* House Foreign Affairs Committee Report, Minority Staff, *The Origins of COVID-19: An Investigation of the Wuhan Institute of Virology* (117th Cong. Aug. 2021), *at* https://gop-foreignaffairs.house.gov/wp-content/uploads/2021/08/ORIGINS-OF-COVID-19-REPORT.pdf.   Likewise, Count IV of the Complaint alleges that the defendants unlawfully hoarded quality personal protective equipment (PPE) during the opening months of the pandemic, creating worldwide shortages and then profiteering off those shortages by selling inferior equipment abroad.  ECF No. 1, ¶¶ 175-181.  Again, a great deal of relevant information regarding these allegations—including the specific role of CPC-controlled organizations in this activity—may now be publicly available and within the reach of civil process.  To prove its claims by "evidence satisfactory to the Court," Missouri is entitled to pursue such party and non-party discovery on these and other issues raised by the Complaint.

## CONCLUSION

For the reasons stated, Plaintiff Missouri ex rel. Eric S. Schmitt respectfully requests that this Court order the Clerk to enter defaults under Rule 55(a) against defendants Communist Party of China, Chinese Academy of Sciences, and Wuhan Institute of Virology, thus allowing Missouri to proceed with discovery on its claims against those three Defendants.

Dated: August 9, 2021                         Respectfully submitted,

                                               **ERIC S. SCHMITT**
                                               **ATTORNEY GENERAL**

                                               */s/ D. John Sauer*
                                               D. John Sauer, #58721MO
                                                Solicitor General
                                               Missouri Attorney General's Office
                                               Post Office Box 899
                                               Jefferson City, MO 65102
                                               Tel: (573) 751-8870
                                               Fax: (573) 751-0774
                                               John.Sauer@ago.mo.gov