IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| THE STATE OF MISSOURI, ex rel. ERIC S. SCHMITT, in his official capacity as Missouri Attorney General, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:20-cv-00099-SNLJ |
| THE PEOPLE'S REPUBLIC OF CHINA, THE COMMUNIST PARTY OF CHINA, NATIONAL HEALTH COMMISSION OF THE PEOPLE'S REPUBLIC OF CHINA, MINISTRY OF EMERGENCY MANAGEMENT OF THE PEOPLE'S REPUBLIC OF CHINA, MINISTRY OF CIVIL AFFAIRS OF THE PEOPLE'S REPUBLIC OF CHINA, PEOPLE'S GOVERNMENT OF HUBEI PROVINCE, PEOPLE'S GOVERNMENT OF WUHAN CITY, WUHAN INSTITUTE OF VIROLOGY, and CHINESE ACADEMY OF SCIENCES, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR AUTHORIZATION TO SEEK DISCOVERY ON ITS CLAIMS AGAINST DEFAULTING DEFENDANTS COMMUNIST PARTY OF CHINA, <u>CHINESE ACADEMY OF SCIENCES, AND WUHAN INSTITUTE OF VIROLOGY</u>**

On May 18, 2021, Missouri served process on Defendants Communist Party of China, Chinese Academy of Sciences, and Wuhan Institute of Virology (the "Defaulting Defendants"). ECF No. 23. None of these defendants filed an answer or responsive pleading, and Missouri moved for entry of clerk's default against them on August 9, 2021. ECF No. 26. On August 16, 2021, the Clerk of the Court entered the default of these three Defendants. ECF No. 29. As discussed in greater detail in Missouri's Motion for Entry of Clerk's Default, ECF No. 26, at 4-9, the entry of default against the Defaulting Defendants makes it appropriate for Missouri to seek

1

discovery related to its claims against them, in order to satisfy the FSIA's requirement of proving its claims against the Defaulting Defendants by "evidence satisfactory to the court." 28 U.S.C. § 1608(e); *see also, e.g., Hutira v. Islamic Republic of Iran*, 211 F. Supp. 2d 115, 117 (D.D.C. 2002).

Rule 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except … when authorized by these rules, by stipulation, or by *court order*." Fed. R. Civ. P. 26(d)(1) (emphasis added). The requirement of Rule 26(f) that "the parties must confer as soon as practicable" regarding discovery, however, makes little sense in the case of defendants that have defaulted and have refused to appear and defend the case. District courts frequently hold that requiring a Rule 26(f) conference with a defendant who is in default would be futile, and instead authorize plaintiffs to proceed with discovery by "court order" under Rule 26(d)(1).

For example in *Monsanto Co. v. Woods*, 250 F.R.D. 411 (E.D. Mo. 2008), this Court authorized expedited discovery in a case where the defendant was in default and the parties had not met and conferred under Rule 26(f). *Id.* at 413. The Court noted that "[b]ecause of defendant's default, the parties have not met and conferred." *Id.* The Court noted that Rule 26(d)(1) does not ordinarily permit discovery before the Rule 26(f) conference, but the Court also noted that the Rule is subject to exceptions, "including a court order permitting discovery." *Id.* After considering the circumstances of that case, the Court entered an order permitting discovery without a Rule 26(f) conference with the defaulting defendant. *Id.* at 414.

Similarly, in *Kraho GmbH v. Overlord Ltd.*, No. CV 19-04050-AB (KSX), 2019 WL 8064249, at *2 (C.D. Cal. Dec. 20, 2019), the district court entered a court order authorizing the plaintiff to proceed with discovery after the defendant defaulted and no Rule 26(f) conference had occurred. *Id.* at *2. The court noted that "because Defendant has not responded to Plaintiff's

2

complaint in this case, or otherwise made an appearance, the parties have not yet met and conferred under Rule 26(f)." *Id.* Thus, "Plaintiff requests that the Court authorize expedited discovery in advance of a Rule 26(f) conference to prepare its materials for a default judgment motion." *Id.* The *Kraho* court noted that "[c]ourts have … found good cause to authorize expedited discovery when a defendant defaults and the plaintiff seeks discovery to establish liability and/or damages in pursuit of default judgment." *Id.* (citing *Twitch Interactive, Inc. v. Johnston*, No. 5:16-cv-03404-BLF, 2017 WL 1133520, at *4 (N.D. Cal. Mar. 27, 2017) (authorizing discovery in aid of forthcoming motion for default judgment from payment processors, financial institutions, and co-defendant); *Adobe Sys. Inc. v. Bunhey*, No. 5:13-cv-01365-VAPOP, 2013 WL 12140304, at *2 (C.D. Cal. Oct. 29, 2013); and *Texas Guaranteed Student Loan Corp. v. Dhindsa*, No. 1:10-cv-00335-LJO-SKO, 2010 WL 2353520, at *3 (E.D. Cal. June 9, 2010)).

For this reason, the court in *Kraho* held that "Plaintiff has demonstrated good cause for expedited discovery," because "Defendant has failed to respond to Plaintiff's complaint, so Plaintiff has been prevented from participating in a Rule 26(f) conference and from obtaining discovery from Defendant…." *Id.* The court noted that "Plaintiff is in the process of drafting a motion for default judgment against Defendants in which it intends to request an award of damages" and other relief, and it held that, "without discovery, Plaintiff cannot make an informed determination of the type of relief and the scope of relief that is warranted." *Id.* The court ordered that the plaintiff could proceed with discovery from both parties and third-parties to prove its case against the defaulting defendant. *Id.* at *3; *see also, e.g., Richardson v. Virtuoso Sourcing Grp., LLC*, No. 8:15-CV-2198-T-17JSS, 2015 WL 12862517, at *2 (M.D. Fla. Oct. 27, 2015) (authorizing a plaintiff seeking a default judgment against a defendant who had defaulted to proceed with third-party discovery without a Rule 26(f) conference, because "[t]o date, Defendant

3

has not appeared in this action," and "[a]s such, it is unclear when and if the parties will conduct a Rule 26(f) conference").

Here, because the FSIA places a burden on Missouri to prove the elements of its claims against the Defaulting Defendants by "evidence satisfactory to the court," Missouri's need for discovery is at least as great as in the cases discussed above. *See* 28 U.S.C. § 1608(e); *see also* ECF No. 26, at 4-9 (discussing plaintiffs' need and ability to seek discovery from parties and third parties in FSIA cases against defaulting defendants). Because Defendants' conduct indicates that they have no intention of appearing or defending this case, requiring a Rule 26(f) conference before Plaintiff could seek discovery would be futile, impracticable, and serve no purpose other than potentially indefinite delay. Accordingly, the Court should enter an order under Rule 26(d)(1) authorizing Missouri to proceed with discovery from both the Defaulting Defendants and third-parties without first conducting a Rule 26(f) conference with the Defaulting Defendants.

## **CONCLUSION**

For the reasons stated, Plaintiff respectfully requests that this Court enter a "court order" pursuant to Rule 26(d)(1) authorizing Plaintiff to seek discovery related to its claims against the Defendants Communist Party of China, the Chinese Academy of Sciences, and the Wuhan Institute of Virology, without first conducting a Rule 26(f) conference with those Defendants.

Dated: September 2, 2021                    Respectfully submitted,

                                              **ERIC S. SCHMITT**
                                              **ATTORNEY GENERAL**

                                              */s/ D. John Sauer*
                                              D. John Sauer, #58721MO
                                                Solicitor General
                                              Missouri Attorney General's Office
                                              Post Office Box 899
                                              Jefferson City, MO 65102
                                              Tel: (573) 751-8870
                                              Fax: (573) 751-0774
                                              John.Sauer@ago.mo.gov