**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| THE STATE OF MISSOURI, ex rel. ERIC S. SCHMITT, in his official capacity as Missouri Attorney General, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 1:20-cv-00099-SNLJ |
| THE PEOPLE'S REPUBLIC OF CHINA, THE COMMUNIST PARTY OF CHINA, NATIONAL HEALTH COMMISSION OF THE PEOPLE'S REPUBLIC OF CHINA, MINISTRY OF EMERGENCY MANAGEMENT OF THE PEOPLE'S REPUBLIC OF CHINA, MINISTRY OF CIVIL AFFAIRS OF THE PEOPLE'S REPUBLIC OF CHINA, PEOPLE'S GOVERNMENT OF HUBEI PROVINCE, PEOPLE'S GOVERNMENT OF WUHAN CITY, WUHAN INSTITUTE OF VIROLOGY, and CHINESE ACADEMY OF SCIENCES, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF MOTION OF THE CHINA SOCIETY OF
PRIVATE INTERNATIONAL LAW FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF
IN OPPOSITION TO PLAINTIFF THE STATE OF MISSOURI'S COMPLAINT
AGAINST DEFENDANTS THE PEOPLE'S REPUBLIC OF CHINA *ET AL*.
FOR LACK OF SUBJECT-MATTER JURISDICTION**

COMES NOW The China Society of Private International Law (hereinafter "The Society"), by and through the undersigned counsel, and for its Memorandum in Support of its Motion for Leave to File an *Amicus Curiae* Brief in Opposition to Plaintiff The State of Missouri's Complaint against Defendants The People's Republic of China, *et al*. for Lack of Subject-Matter Jurisdiction, states as follows:

### I. This Court has the discretion to and should allow the Society's appearance as *amicus curiae.*

This Court "has broad inherent authority to permit or deny an appearance as *amicus curiae.*" *United Fire & Cas. Co. v. Titan Contractors Serv., Inc.*, No. 4:10-CV-2076 CAS, 2012 WL 3065517, at *6 (E.D. Mo. July 27, 2012). "While [n]o statute, rule, or controlling case defines a federal district court's power to grant or deny leave to file an amicus brief, . . . Federal Rule of Appellate Procedure 29 sets forth standards for filing an amicus brief in the United States Courts of Appeals, and in the absence of controlling authority, district courts commonly refer to Rule 29 for guidance." *United States ex rel. Johnson v. Golden Gate Nat'l Senior Care, LLC*, No. 08-CV-1194 (DWF/HB), 2016 WL 11031222, at *2 (D. Minn. June 1, 2016)(internal citation and quotation marks omitted); *Waste Management of Pa. v. City of York,* 162 F.R.D. 34, 36–37 (M.D.Pa.1995). Under that rule, the extent to which a court permits *amicus* briefing "lies solely within the court's discretion," and courts consider whether such briefing is "timely and useful or otherwise necessary to the administration of justice." *U.S. ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007).

Here, the Complaint was filed in April 2020. Thereafter, more than a year was spent on service of summons. To this day, none of the Defendants have entered an appearance or answered, and the Court has not reached into the substance of the case. Accordingly, the proposed *amicus* brief is timely. Further, as stated more fully below, said brief is useful and necessary to this Court because the views of the Society, a qualified group specialized in private international law issues, would assist the Court in completing its task of evaluating the immunity/subject-matter jurisdiction issues in this case.

In addition, courts have accepted *amicus curiae* briefs in other cases that involve the Foreign Sovereign Immunities Act ("FSIA") where foreign sovereign defendants have not

2

appeared, in order to be assisted in making the determinations required by the FSIA. *See Int'l Ass'n of Machinists & Aerospace Workers v. Organization of Petroleum Exporting Countries*, 477 F. Supp. 553 (C.D. Cal. 1979), *aff'd*, 649 F.2d 1354 (9th Cir. 1981); *Cicippio-Puleo v. Islamic Republic of Iran*, 353 F.2d 1024 (D.C. Cir. 2004).[1]

Based on the foregoing, this Court has the discretion to, and should permit the Society's appearance as *amicus curiae*, and accept the proposed *amicus* brief.

### II. The Society has an interest and is an appropriate entity in filing the proposed *amicus curiae* brief.

The Society is an appropriate submitter of an *amicus* brief in this area. "[L]aw professors and lawyers practicing in a specialized field" are one of the most common sets of groups submitting *amicus* briefs to the U.S. courts. *See* Reagan William Simpson & Mary R. Vasaly, *The Amicus Brief: How to be a Good Friend of the Court* 17 (2d ed. 2004). The Society is an academic society formed under Chinese law and dedicated to research and discussion of private international law issues. It is one of the largest academic groups of private international law in the world. Members of the Society include international law professors and scholars, as well as practicing experts, consultants, and lawyers in the area of international law. The Society has published The Model Law of Private International Law, and the annual Chinese Yearbook of Private International Law and Comparative Law since 1998.

The Society is interested in the law and theory of foreign sovereign immunity and the furtherance of relations between China and the United States. It therefore has been following this case in view of the foreign sovereign immunity issues it raises and in view of its potential effects

---

[1] Indeed, in *Cicippio-Puleo*, the court on its own initiative appointed counsel to serve as *amicus curiae*. *See Cicippio-Puleo*, 353 F.2d at 1030.

3

on Sino-U.S. relations. Accordingly, the Society is uniquely qualified to offer the Court analysis of foreign sovereign immunity issues.

### III. The matters asserted in the proposed *amicus* brief are relevant to the disposition of this case.

The Complaint involves the issue of foreign sovereign immunity and subject-matter jurisdiction in the context of the FSIA. The views of the Society, contained in the proposed *amicus* brief attached hereto, would assist the Court in completing its task of evaluating the immunity/subject-matter jurisdiction issues in this case in light of the case's potential large effects on Sino-U.S. relations.

Under the Federal Rules of Civil Procedure, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). A court has a special obligation to consider whether it has subject matter jurisdiction in every case. *See Clark v. Baka*, 593 F.3d 712, 714 (8th Cir. 2010) (per curiam). "This obligation includes the concomitant responsibility 'to consider *sua sponte* [the court's subject matter] jurisdiction . . . where . . . [the court] believe[s] that jurisdiction may be lacking.'" *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011) (citing *Clark*, 593 F.3d at 714). "It is axiomatic that a court may not proceed at all unless it has jurisdiction." *Crawford v. F. Hoffman–LaRoche*, 267 F.3d 760, 764 (8th Cir. 2001). Lack of subject-matter jurisdiction cannot be waived and may be raised at any time by the court *sua sponte*. *See Bueford v. Resol. Tr. Corp.*, 991 F.2d 481 (8th Cir. 1993). "Whether or not the . . . defendants [are] actively asserting their jurisdictional defense . . . is irrelevant, since the federal courts are obligated to raise the issue of subject-matter jurisdiction *sua sponte*." *Crawford*, 267 F.3d at 764 n.2 (citing *Andrus v. Charlestone Stone Products Co.*, 436 U.S. 604, 608 n.6 (1978).

4

Under the FSIA, a foreign sovereign defendant presumptively has "'an immunity from trial and the attendant burdens of litigation, and not just a defense to liability on the merits.'" *Phoenix Consulting Inc. v. Republic of Angola*, 216 F.3d 36, 39 (D.C. Cir. 2000) (quoting *Foremost McKesson v. Islamic Republic of Iran*, 905 F.2d 438, 443(D.C. Cir. 1990)). The court has subject-matter jurisdiction *only if* the foreign state is *not* entitled to immunity. 28 U.S.C. § 1330(a). Therefore, "even if the foreign state does not enter an appearance to assert an immunity defense, a district court still *must* determine that immunity is unavailable under the [FSIA]." *Verlinden B. V. v. Central Bank of Nigeria*, 461 U.S. 480, 494 n.20 (1983) (emphasis added).

Due to the critical importance of subject-matter jurisdiction, courts have held that a nonparty like the Society may file a suggestion of lack of subject-matter jurisdiction pursuant to Rule 12(h)(3). *See California Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1120 (9th Cir. 2002); *Citibank Int'l v. Collier-Traino, Inc.*, 809 F.2d 1438, 1440 (9th Cir. 1987); *Oster v. Dominion of Canada*, 144 F. Supp. 746, 748 (N.D.N.Y. 1956).

The proposed *amicus* brief attached hereto will state in detail the Society's opinion that this Court lacks subject-matter jurisdiction over this case because neither the noncommercial tort exception nor the commercial activity exception to immunity under the FSIA applies. The Society therefore respectfully requests the court to dismiss the case *sua sponte*. Therefore, the matters asserted therein are relevant to the disposition of this case.

## CONCLUSION

The proposed *amicus*, the China Society of Private International Law, is an academic group of private international law. The Society is both interested and qualified to offer the Court analysis of foreign sovereign immunity issues. The proposed *amicus* brief is timely and relevant to the

5

disposition of this case as it will be able to assist this Court by exhibiting that the exceptions to the foreign sovereign immunity do not apply and that Defendants are entitled to immunity.

WHEREFORE, the China Society of Private International Law respectfully requests that this Court grant its Motion for Leave to File *Amicus Curiae* Brief in Opposition to Plaintiff's Complaint for Lack of Subject-Matter Jurisdiction and dismiss Plaintiff's Complaint *sua sponte*.

Dated:        September 15, 2021

Respectfully submitted,

**BROWN & JAMES, P.C.**

*/s/ Jackie M. Kinder*
Jackie M. Kinder, #52810MO
800 Market Street, Suite 1100
St. Louis, Missouri 63101-2501
314-421-3400 – Phone
314-421-3128 – Fax
jkinder@bjpc.com
*Local Counsel for The China Society of Private International Law*

**THE CHINA SOCIETY OF PRIVATE INTERNATIONAL LAW**
c/o International Law Institute of Wuhan University
Wuchang District
Wuhan, China 430072

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was sent via the Court's electronic filing system this 15th day of September, 2021, to:

| | |
|---|---|
| Justin D. Smith | Amy Collignon Gunn |
| Dean John Sauer | THE SIMON LAW FIRM PC |
| OFFICE OF THE ATTORNEY GENERAL | 800 Market Street |
| OF MISSOURI – Jefferson City | Suite 1700 |
| 207 W. High St. | St. Louis, MO 63101 |
| P.O. Box 899 | 314-241-2929 |
| Jefferson City, MO 65102-0899 | 314-241-2029 (fax) |
| 573-751-3321 | agunn@simonlawpc.com |
| 573-751-0774 (fax) | *Attorneys for Amicus, Lawyers for Upholding* |
| justin.smith@ago.mo.gov | *International Law* |
| john.sauer@ago.mo.gov | |
| *Attorneys for Plaintiff* | |

/s/ *Jackie M. Kinder*

26449422.1