IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

|  |  |  |
|---|---|---|
| THE STATE OF MISSOURI, | ) | |
| ex rel. ERIC S. SCHMITT, in his official | ) | |
| capacity as Missouri Attorney General, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-00099-SNLJ |
| | ) | |
| THE PEOPLE'S REPUBLIC OF CHINA, | ) | |
| THE COMMUNIST PARTY OF CHINA, | ) | |
| NATIONAL HEALTH COMMISSION | ) | |
| OF THE PEOPLE'S REPUBLIC OF | ) | |
| CHINA, MINISTRY OF EMERGENCY | ) | |
| MANAGEMENT OF THE PEOPLE'S | ) | |
| REPUBLIC OF CHINA, MINISTRY OF | ) | |
| CIVIL AFFAIRS OF THE PEOPLE'S | ) | |
| REPUBLIC OF CHINA, PEOPLE'S | ) | |
| GOVERNMENT OF HUBEI | ) | |
| PROVINCE, PEOPLE'S GOVERNMENT | ) | |
| OF WUHAN CITY, WUHAN INSTITUTE | ) | |
| OF VIROLOGY, and CHINESE | ) | |
| ACADEMY OF SCIENCES, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR TRIAL DATE AND ENTRY OF
CASE MANAGEMENT AND SCHEDULING ORDER**

The People's Republic of China, the Communist Party of China, the Wuhan Institute of

Virology, and the other Defendants in this case have refused to appear or defend their conduct in

unleashing the COVID-19 pandemic upon Missouri and the rest of the world.  Plaintiff State of

Missouri ex rel. Eric S. Schmitt ("Missouri") respectfully requests that this Court set a trial date

and enter a case management and scheduling order in this case that will permit Missouri to seek

discovery and conduct an evidentiary hearing on its claims on or around June 6, 2022, or as soon

thereafter as the Court's schedule permits.  Because the Clerk of the Court has entered default

against all nine Defendants, the Court should promptly authorize Missouri to seek discovery on its

claims, and schedule an evidentiary hearing at which Missouri shall provide "evidence satisfactory to the Court" on liability and damages to support a default judgment against all Defendants.  28 U.S.C. § 1608(e).

## PROCEDURAL HISTORY

The Complaint in this case alleges claims against the People's Republic of China, the Communist Party of China, the Wuhan Institute of Virology, and six other defendants for their role in unleashing and exacerbating the COVID-19 pandemic that has cost millions of lives and wreaked economic devastation across the world.  Doc. 1.  After China asserted frivolous objections to service under the Hague Convention, this Court granted Missouri's motion for alternative methods of service on all Defendants.  The non-foreign-state Defendants—the Communist Party of China (CPC), the Chinese Academy of Sciences (CAS), and the Wuhan Institute of Virology (WIV)—were served with process on May 18, 2021.  Doc. 23.  Those Defendants did not appear or file a responsive pleading, and the Clerk of the Court entered defaults against them on August 17, 2021.  Doc. 29.  The foreign-state Defendants—the People's Republic of China (PRC) and five of its political subdivisions—were served with process through diplomatic channels on October 7, 2021.  Docs. 36-41.  The foreign-state Defendants, likewise, did not appear or file a responsive pleading, and the Clerk of the Court entered defaults against them on December 15, 2021.  Doc. 44.  All Defendants, therefore, have now been validly served and are in default.

## ARGUMENT

This Court has broad discretion in managing this case.  Missouri respectfully proposes that the Court exercise its discretion in the following manner, to permit Missouri to conduct discovery for a limited five-month period and conduct an evidentiary hearing on June 6, 2022, or as soon thereafter as the Court's schedule may permit.

**A.      The Court Should Authorize Missouri to Pursue Discovery on Its Claims.**

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." Fed. R. Civ. P. 26(b)(1).   Consistent with the Rule, Missouri should be given wide latitude to pursue such discovery here.

***Discovery related to Missouri's claims against foreign-state Defendants.***   The FSIA provides that "[n]o judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by ***evidence satisfactory to the court***."   28 U.S.C. § 1608(e) (emphasis added).   The FSIA, therefore, requires Missouri to provide "evidence satisfactory to the court" on both liability and damages to establish its claims against the governmental Defendants.   *Id.*   To obtain such "satisfactory" evidence, Missouri should be allowed to "obtain discovery regarding any nonprivileged matter that is relevant" to its claims against them.   Fed. R. Civ. P. 26(b)(1).

The FSIA's "'satisfactory to the court' standard is identical to the standard for entry of default judgments against the United States in Federal Rule of Civil Procedure 55([d])."   *Owens v. Republic of Sudan*, 826 F. Supp. 2d at 134; *see also* Fed. R. Civ. P. 55(d) ("A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court.").   "In evaluating the plaintiffs' proof, the court may 'accept as true the plaintiffs' uncontroverted evidence.'"   *Owens*, 826 F. Supp. 2d at 135 (quoting *Elahi v. Islamic Republic of Iran*, 124 F.Supp.2d 97, 100 (D.D.C. 2000)).   In addition to proof by affidavits, *id.*, in evaluating Plaintiff's case, the Court may "receive[] evidence in the form of live testimony, videotaped testimony, affidavit, and original documentary and

videographic evidence." *Owens*, 826 F. Supp. 2d at 135; *see also Elahi*, 124 F. Supp. 2d at 99–100 (noting that the court accepted testimony from seven live witnesses and received 105 documentary exhibits in a FSIA trial against defendants who were in default).

The requirement that a plaintiff prove his or her case on both liability and damages by "evidence satisfactory to the court" contemplates that a plaintiff may seek discovery in cases against defendants who are in default, because collecting and preparing such evidence frequently necessitates that the plaintiff take discovery. *See, e.g., Hill v. Republic of Iraq*, 328 F.3d 680, 683 (D.C. Cir. 2003) (noting that, in enacting the FSIA, Congress "expected that courts will take into account the extent to which plaintiff's case depends on appropriate discovery against the foreign state") (quoting H.R. Rep. No. 94–1487, at 26 (1976)).  In enacting the FSIA, Congress did not change the law of discovery, opting to leave ordinary discovery rules intact, because Congress perceived that "[e]xisting law appears to be adequate in this area." *Hill*, 328 F.3d at 683 (quoting H.R. REP. 94-1487, 23, 1976 U.S.C.C.A.N. 6604, 6621-22).

For this reason, many courts have recognized the necessity of discovery in FSIA cases against foreign-state defendants that are in default.  For example, in *Hutira v. Islamic Republic of Iran*, 211 F. Supp. 2d 115, 117 (D.D.C. 2002), the plaintiff obtained a clerk's default against Iranian defendants who allegedly participated in the extrajudicial killing of the plaintiff's father. The plaintiff sought discovery regarding the murder through subpoenas to third parties. "[N]otwithstanding indicia of the defendants' willful default" and the entry of a clerk's default against them, the federal court recognized that the FSIA plaintiff was required to seek discovery "[i]n order to obtain evidence establishing her claim or right to relief that is satisfactory to the Court." *Id.* at 117.  The court cited Rule 26(b)(1) for the proposition that an FSIA plaintiff seeking evidence against a defaulting defendant is subject to the same discovery standards as other all civil

4

plaintiffs, and "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." *Id.* at 117-18 (quoting Fed. R. Civ. P. 26(b)(1)). The court ultimately determined that the discovery sought in the particular subpoena was barred by privilege, but it upheld the plaintiff's underlying right to seek such discovery to provide "evidence satisfactory to the court." *See id.*

Likewise, in *Hake v. Citibank, N.A.*, 2020 WL 1467132, at *1 (S.D.N.Y. Mar. 26, 2020), FSIA plaintiffs sought discovery by third-party subpoena to procure evidence to prove liability against defendants who were in default. *See id.* The court observed that the defendants had defaulted and that the plaintiffs were "in the process of submitting an application for a default judgment and must establish their claims and right to relief through sufficient evidence." *Id.* (citing 28 U.S.C. § 1608(e)); *see also id.* (noting that plaintiffs "had good reason to serve [the third party] with subpoenas"). The Court held that the usual standards of Rule 26(b) apply to such requests, including subpoenas to third parties: "Federal Rule of Civil Procedure 26(b) states that '[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.' This includes discovery from non-parties." *Id.* at *4 (citation omitted) (quoting Fed. R. Civ. P. 26(b)(1)).

This approach is consistent with the D.C. Circuit's holding that "a FSIA default winner must prove damages 'in the same manner and to the same extent' as any other default winner." *Hill*, 328 F.3d at 683–84 (quoting 28 U.S.C. § 1606). "[A]ny other default winner," *id.*, is authorized to pursue discovery to establish the elements on which that default winner has a burden to provide evidence. *See, e.g., Nutrition Distrib. LLC v. Musclegen Research Inc.*, 2017 WL 4391711, at *2 (S.D. Cal. Oct. 3, 2017) (allowing discovery and noting that "[o]ther courts have allowed discovery on the issue of damages after the entry of default") (collecting cases); *Oakley,*

5

*Inc. v. Moda Collection, LLC*, 2016 WL 7495835, at *7–*8 (C.D. Cal. June 9, 2016) ("It appears that, pursuant to the authority vested in Rule 26(d)(1) and Rule 55(b)(2), courts have allowed discovery on the issue of damages after the entry of default.") (collecting cases); *Alstom Power, Inc. v. Graham*, 2016 WL 354754, at *2–*3 (E.D. Va. Jan. 27, 2016) ("Courts have allowed . . . discovery following entry of default but prior to entry of default judgment.") (collecting cases). Because FSIA plaintiffs have the additional burden to establish *liability* through "evidence satisfactory to the court," discovery extends to liability issues as well.  28 U.S.C. § 1608(e).

> ***Discovery relating to Missouri's claims against non-foreign-state Defendants.***  As to the non-foreign-state Defendants CPC, CAS, and WIV, Rule 55(b) governs whether and how Missouri may obtain a default judgment against them.  *See* Fed. R. Civ. P. 55(b).  Rule 55(b)'s standards are broad and provide the district court with great flexibility and discretion.  *See id.*  In cases other than those that can be resolved by simple computation of damages by the Clerk, Rule 55(b) provides that "the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b). When a party does so, "[t]he court may conduct hearings or make referrals … when, to enter or effectuate judgment, it needs to … (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."  *Id.*

The standard for obtaining a default judgment against a non-state defendant under Rule 55(b) is considerably less stringent than the standard for obtaining a default judgment against a foreign state under 28 U.S.C. § 1608(e).  *Compare* Fed. R. Civ. P. 55(b) *with* 28 U.S.C. § 1608(e) (requiring "evidence satisfactory to the Court").  Under Rule 55(b), the Court need not require *any* evidence to establish liability, but may take facts alleged in the Complaint as true on questions of liability, and require evidence only to fix the amount of damages.  *Stephenson v. El-Batrawi*, 524 F.3d 907, 915–16 (8th Cir. 2008) ("When a default judgment is entered on a claim for an indefinite

or uncertain amount of damages, *facts alleged in the complaint are taken as true*, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding.") (emphasis added) (quoting *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir.2001).  "The need for a hearing is within the sound discretion of the district court under Fed. R. Civ. P. 55(b)(2)(B)."  *Id.* at 916.

Here, Missouri proposes presenting to the Court evidence sufficient to satisfy the "evidence satisfactory to the Court" standard to support its claims on both liability and damages against the non-foreign-state Defendants, for several reasons.  *First*, Missouri asserts all its claims against both the foreign-state and non-foreign-state defendants, *see* Doc. 1, at 34, 37, 41, 44, so there will be substantial overlap in the proof as to both sets of Defendants, as proof by "evidence satisfactory to the court" will be require to establish liability of the foreign-state defendants.  *Second*, because the "evidence satisfactory to the Court" standard is more stringent than the standard to obtain a default judgment under Rule 55(b), proof that suffices under the more stringent standard will, *a fortiori*, provide ample justification for a default judgment against the non-foreign-state Defendants.  *Third*, as Missouri has noted in prior pleadings, there is some uncertainty about whether the non-foreign-state Defendants (CPC, CAS, and WIV) may turn out to be agencies or instrumentalities of the PRC.  *See* Doc. 35, at 5-11.  Thus, Missouri has pursued a "belt-and-suspenders" approach to these Defendants throughout this litigation—*e.g.*, by serving them through a method that satisfies both Rule 4(f)(3) and 28 U.S.C. § 1608(b)(3)(C), and by permitting them 60 days to respond before moving for entry of clerk's default.  *See, e.g.,* Doc. 26, at 2-3; Doc. 35, at 41.  Consistent with this belt-and-suspenders approach, and to foreclose any future collateral attack on the sufficiency of Missouri's evidence, Missouri proposes submitting evidence that will justify default judgment against these Defendants even if they are later deemed to be agencies or

instrumentalities of the PRC, and even though it currently appears that they do not satisfy that definition. *Fourth*, because the Court will already be receiving and considering evidence against the other Defendants under the "satisfactory to the Court" standard on the same substantive claims, it will serve judicial economy and efficiency to consider evidence against the non-foreign-state Defendants in the same manner (and at the same evidentiary hearing).

**Missouri should be allowed to seek discovery directly from Defendants in default.** Accordingly, in this case, discovery is appropriate as to both parties and non-parties to prove Missouri's claims. First, Missouri is entitled to seek discovery relating to its claims directly from the Defendants in default. To be sure, Missouri reasonably anticipates that those Defendants will not cooperate in discovery, since they have stonewalled Missouri's attempts to serve them and now ignored valid service of process. But the FSIA and the Rules of discovery provide for such an outcome. In enacting the FSIA, Congress "expected that courts will take into account the extent to which the plaintiff's case depends on appropriate discovery against the foreign state," and thus allowed for "the possibility of a relaxed evidentiary burden on the FSIA plaintiff" in the case of a defendant in default. *Hill*, 328 F.3d at 683, 684 (quoting H.R.Rep. No. 94–1487, at 26 (1976)). Anticipating the non-cooperation of defaulting defendants, Congress explicitly noted that "appropriate remedies would be available under Rule 37, F.R. Civ. P., for an unjustifiable failure to make discovery." H.R. REP. 94-1487, 46, 1976 U.S.C.C.A.N. 6604, 6635 n.14. For example, a defendant who refuses to cooperate in discovery may face "a panoply of sanctions," *Jiang v. Porter*, No. 4:15-CV-1008 (CEJ), 2016 WL 4430188, at *2 (E.D. Mo. Aug. 22, 2016)—such as

directing that certain facts "be taken as established for purposes of the action," among many other possible sanctions. *See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii); *Jiang*, 2016 WL 4430188, at *3-4.[1]

**Missouri should be allowed to seek discovery from third parties with relevant information.** Third-party discovery is also highly appropriate in this case. Since Missouri filed its Complaint in April 2020, a great deal of new information has become available relevant to its claims, including information that lies readily within the reach of civil process in the United States. For example, Count II of the Complaint alleges that the origin of the COVID-19 virus was "through release from the Wuhan Institute, a laboratory with known safety concerns," and that the WIV engaged in abnormally dangerous virology research that unleashed the COVID-19 pandemic upon Missouri and the world. ECF No. 1, ¶ 153; *id.* ¶¶ 152-162. In recent months, a wealth new information relevant to these allegations has become available, including from many sources within the United States. *See, e.g.,* House Foreign Affairs Committee Report, Minority Staff, *The Origins of COVID-19: An Investigation of the Wuhan Institute of Virology* (117th Cong. Aug. 2021), *at* https://gop-foreignaffairs.house.gov/wp-content/uploads/2021/08/ORIGINS-OF-COVID-19-REPORT.pdf. (detailing many sources of information about the lab-leak theory of the origin of SARS-CoV-2, many of which are within the reach of civil process). Likewise, Count IV of the Complaint alleges that the defendants unlawfully hoarded quality personal protective equipment (PPE) during the opening months of the pandemic, creating worldwide shortages and then profiteering off those shortages by selling inferior equipment abroad. ECF No. 1, ¶¶ 175-181. Again, a great deal of relevant information regarding these allegations—including the

---

[1] The Court should authorize the service of discovery requests on Defendants CPC, WIV, and CAS by email at publicly available email addresses of those Defendants, in the same manner on which the Complaint and summonses were served on those Defendants, as the Court has already determined that that method is both readily feasible and reasonably calculated to provide actual notice. *See* Doc. 22, at 2-5.

specific role of CPC-controlled organizations in this activity—has since emerged and appears to be within the reach of civil process.  *See, e.g.,* Bill Weissert, *DHS report: China Hid Virus's Severity to Hoard Supplies*, A.P. NEWS (May 4, 2020), https://apnews.com/bf685dcf52125be54e030834ab7062a8; Betsy Woodruff Swan, *DHS report accuses China of hiding coronavirus info so it could hoard supplies*, POLITICO, (May 3, 2020), https://www.politico.com/news/2020/05/03/dhs-china-hiding-coronavirus-info-supplies-233185.  These are just examples of many avenues of third-party discovery to support Missouri's claims.  To prove its claims by "evidence satisfactory to the Court," Missouri is entitled to pursue such party and non-party discovery on these and other issues raised by the Complaint.  Fed. R. Civ. P. 26(b)(1).

**The Court should issue an order authorizing Missouri to commence discovery.**  Further, the Court's scheduling order should explicitly dispense with the requirement of a Rule 26(f) discovery conference, which would be inherently futile because all Defendants are in default.  Rule 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except … when authorized by these rules, by stipulation, or by ***court order***."  Fed. R. Civ. P. 26(d)(1) (emphasis added).  Requiring a Rule 26(f) conference with a defendant who is in default would be futile and impossible, and the Court's scheduling order should thus authorize Missouri to proceed with discovery by "court order" under Rule 26(d)(1). *See, e.g., Monsanto Co. v. Woods*, 250 F.R.D. 411, 413-14 (E.D. Mo. 2008) (authorizing expedited discovery against a defendant in default without a Rule 26(f) conference); *Kraho GmbH v. Overlord Ltd.*, No. CV 19-04050-AB (KSX), 2019 WL 8064249, at *2 (C.D. Cal. Dec. 20, 2019) (entering a court order authorizing the plaintiff to proceed with discovery after the defendant defaulted and no Rule 26(f) conference had occurred).

As *Kraho* stated, "[c]ourts have … found good cause to authorize expedited discovery when a defendant defaults and the plaintiff seeks discovery to establish liability and/or damages in pursuit of default judgment." *Kraho*, 2019 WL 8064249, at *2 (citing *Twitch Interactive, Inc. v. Johnston*, No. 5:16-cv-03404-BLF, 2017 WL 1133520, at *4 (N.D. Cal. Mar. 27, 2017) (authorizing discovery in aid of forthcoming motion for default judgment from payment processors, financial institutions, and co-defendant); *Adobe Sys. Inc. v. Bunhey*, No. 5:13-cv-01365-VAPOP, 2013 WL 12140304, at *2 (C.D. Cal. Oct. 29, 2013); and *Texas Guaranteed Student Loan Corp. v. Dhindsa*, No. 1:10-cv-00335-LJO-SKO, 2010 WL 2353520, at *3 (E.D. Cal. June 9, 2010)).   *Kraho* held that "Plaintiff has demonstrated good cause for expedited discovery," because "Defendant has failed to respond to Plaintiff's complaint, so Plaintiff has been prevented from participating in a Rule 26(f) conference and from obtaining discovery from Defendant…." *Id.*  The court noted that "Plaintiff is in the process of drafting a motion for default judgment against Defendants in which it intends to request an award of damages" and other relief, and it held that, "without discovery, Plaintiff cannot make an informed determination of the type of relief and the scope of relief that is warranted." *Id.*  The court ordered that the plaintiff could proceed with discovery from both parties and third-parties to prove its case against the defaulting defendant. *Id.* at *3; *see also, e.g., Richardson v. Virtuoso Sourcing Grp., LLC*, No. 8:15-CV-2198-T-17JSS, 2015 WL 12862517, at *2 (M.D. Fla. Oct. 27, 2015) (authorizing a plaintiff seeking a default judgment against a defendant who had defaulted to proceed with third-party discovery without a Rule 26(f) conference, because "[t]o date, Defendant has not appeared in this action," and "[a]s such, it is unclear when and if the parties will conduct a Rule 26(f) conference").

**B.     The Court Should Schedule a Two- to Three-Day Evidentiary Hearing on June 6, 2022 or as Soon Thereafter as the Court's Schedule Permits.**

11

In proving its claims, Missouri proposes following the approach used in other district courts of submitting a combination of written submissions and live testimony with exhibits.  As noted above, the FSIA permits proof by affidavits and documentary exhibits, and the Court may also "receive[] evidence in the form of live testimony, videotaped testimony, affidavit, and original documentary and videographic evidence." *Owens*, 826 F. Supp. 2d at 135; *see also Elahi*, 124 F. Supp. 2d at 99–100 (noting that the court accepted testimony from seven live witnesses and received 105 documentary exhibits in a FSIA trial against defaulting defendants).  Missouri currently anticipates submitting both forms of evidence to prove its claims on liability and damages.  Missouri proposes filing its written evidentiary submissions by on or before the first day of the evidentiary hearing, and Missouri currently anticipates taking approximately two to three business days to submit live testimony at the hearing.  Reasonably anticipating that discovery, pursued diligently, may take five months to complete, Missouri requests a trial date on June 6, 2022 or as soon thereafter as the Court's schedule may accommodate.

## CONCLUSION

For the reasons stated, Missouri respectfully requests that this Court order the following:

1. No Rule 26(f) discovery conference is required because all Defendants are in default;

2.  Missouri is not required to provide initial disclosures because all Defendants are in default;

3. Expert disclosures to the parties as to Missouri's expert witnesses are not required because all Defendants are in default; however, Missouri shall file the credentials and any report(s) of any expert witnesses who will testify at trial with the Court by the Friday before the commencement of trial;

4. Pursuant to Rule 26(d)(1), the Court orders that Missouri may immediately pursue discovery from parties and third parties relevant to all claims against all Defendants;

5. Missouri is authorized to serve discovery requests on the non-foreign-state defendants Communist Party of China, Chinese Academy of Sciences, and Wuhan Institute of Virology in the same manner that the Court previously authorized for service of the Complaint and summonses on those Defendants, *see* Doc. 22;

6. Missouri shall file a pre-trial brief outlining the evidence it plans to submit at trial for the Court's benefit by the Friday before commencement of trial; the brief shall also address any evidentiary issues that Missouri anticipates may arise at trial;

7. Missouri may file motion(s) seeking adverse inferences or other discovery sanctions against Defendants for non-cooperation in discovery, if applicable, on or before the Friday before trial;

8. Pretrial disclosures are not required because all Defendants are in default; however, Missouri shall file a list of witnesses it intends to call at trial on or before the Friday before trial;

9. The deadline for amendments to the pleadings, if any, shall be 14 days before trial;

10. Missouri shall file deposition designations and excerpts for any witnesses testifying by deposition by the Friday before trial;

11. Missouri is authorized to submit evidence both in written form and by live testimony, and Missouri shall file other written forms of evidence, including affidavits and documentary exhibits (other than exhibits to be presented during live testimony), by the Friday before trial;

12. Missouri shall file its list of trial exhibits on the first day of trial;

13. Missouri shall file its application for default judgment against the non-foreign-state defendants Communist Party of China, Chinese Academy of Sciences, and Wuhan Institute of Virology under Rule 55(b) promptly after the conclusion of trial; and

14. Trial shall be set for two or three days beginning on June 6, 2022, or as soon thereafter as the Court's schedule permits.

A proposed order reflecting these requests is attached hereto as Exhibit A.

Dated: December 21, 2021                       Respectfully submitted,

                                               **ERIC S. SCHMITT**
                                               **ATTORNEY GENERAL**

                                               _/s/ D. John Sauer_
                                               D. John Sauer, #58721MO
                                                Solicitor General
                                               Missouri Attorney General's Office
                                               Post Office Box 899
                                               Jefferson City, MO 65102
                                               Tel: (573) 751-8870
                                               Fax: (573) 751-0774
                                               John.Sauer@ago.mo.gov