**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **THE STATE OF MISSOURI,** | ) | |
| **ex rel. ERIC S. SCHMITT, in his** | ) | |
| **official capacity as Missouri Attorney** | ) | |
| **General,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No 1:20 CV 99 SNLJ** |
| | ) | |
| **THE PEOPLE'S REPUBLIC OF** | ) | |
| **CHINA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file and on plaintiff's motions for authorization to proceed with discovery and for entry of a case management and scheduling order. *See* Docs. # 31, 45. The filings in this matter raise several threshold questions that must be addressed. Accordingly, the Court will deny plaintiff's motions without prejudice and stay default proceedings until these questions are resolved.

Plaintiff, the State of Missouri ex rel. Missouri Attorney General Eric Schmitt, sues nine Chinese defendants for allegedly causing the COVID-19 pandemic. Six of the defendants—the People's Republic of China ("the PRC"), the National Health Commission of the PRC, the Ministry of Emergency Management of the PRC, the Ministry of Civil Affairs of the PRC, the People's Government of the Hubei Province, and the People's Government of Wuhan City—indisputably fall under the definition of a "foreign state" under the Foreign Sovereign Immunities Act ("FSIA"). *See* 28 U.S.C. § 1603(a).

1

The FSIA "provides the 'sole basis' for obtaining jurisdiction over a foreign sovereign in the United States." *Rep. of Argentina v. Weltover, Inc*., 504 U.S. 607, 611 (1992); 28 U.S.C. §§ 1604-1607. The FSIA grants immunity to foreign states in U.S. courts unless one of the statute's enumerated exceptions applies. *See* 28 U.S.C. § 1604. "[S]ubject matter jurisdiction turns on the existence of an exception to foreign sovereign immunity." *See Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 493-94 and n.20 (1983).

Plaintiff claims the other three defendants—The Communist Party of China ("the Communist Party"), the Chinese Academy of Sciences ("CAS"), and the Wuhan Institute of Virology ("WIV")—do not fall under the FSIA definition of "foreign state." This question is critical, as the classification of each defendant dictates how plaintiff must serve process and informs the Court's subject matter jurisdiction analysis. *See id.*; *see also* Fed. R. Civ. P. 4(j) ("A foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. § 1608."); 28 U.S.C. §§ 1608(a)-(b).

Plaintiff first attempted to serve all defendants by submitting summonses and copies of the Complaint through its professional international process server to China's central authority under the Hague Convention. *See* 28 U.S.C. § 1608(a)(2). After China refused to effect service, plaintiff moved this Court to authorize alternative methods of service.

Based on plaintiff's claim that the Communist Party, CAS, and WIV are non-government defendants, the Court granted plaintiff's request to serve those three via "publicly available email addresses for those defendants . . . posted on websites maintained by those organizations," *i.e.*, "email addresses identified on [those defendants'] own websites." *See Missouri ex rel. Schmitt v. People's Rep. of China*, 2021 WL 1889857 at

2

*2 (E.D. Mo. May 11, 2021) (slip copy).  In May 2021, plaintiff filed a notice of proof of service, claiming it effected service on those three defendants via email.  None of the three has entered an appearance or answered.  Plaintiff moved for an entry of default, which the Clerk's office entered.  Plaintiff then filed a motion for authorization to seek discovery on its claims against the three so it can prove its claims by "evidence satisfactory to the court," as required for default judgments against foreign states or their political subdivisions, agencies, or instrumentalities under the FSIA.  *See* 28 U.S.C. § 1608(e).

Plaintiff classified the other six defendants as government defendants and requested authorization to serve them through diplomatic channels under 28 U.S.C. § 1608(a)(4).  The Court granted plaintiff's request.  *See Schmitt*, 2021 WL 1889857 at *3.  The record recently reflects proof of service on those six defendants.  Plaintiff moved for an entry of default against them, which the Clerk's office entered.  Plaintiff now claims all nine defendants have been properly served and have defaulted.  Plaintiff moves the Court to permit it five months to conduct discovery and to schedule an evidentiary hearing so it can prove its claims by "evidence satisfactory to the court."  28 U.S.C. § 1608(e).

In addition to plaintiff's pending motions, the Court has received briefing from plaintiff and two amici curiae, Lawyers for Upholding International Law and the China Society of Private International Law, on issues with the classification of the defendants, service, and subject matter jurisdiction.  Based on these filings and the Court's review of the file, the Court concludes it must address the following questions before considering plaintiff's request to proceed with discovery and a scheduling order: (1) whether the Communist Party, CAS, and WIV fall under the FSIA definition of "foreign state," that is,

whether each is a "foreign state or political subdivision" or an "agency or instrumentality" under the statute; (2) whether plaintiff properly effected service on the Communist Party, CAS, and WIV; and (3) whether an exception to foreign sovereign immunity applies. Though extensive briefing has been filed on these issues already, the Court finds some additional briefing may be useful, as follows.

**1. The proper classification of the Communist Party, CAS, and WIV.**

Whether the Communist Party, CAS, and WIV fall under the FSIA definition of "foreign state" is problematic. The filings before the Court and plaintiff's own allegations cast some doubt on plaintiff's claim that they do not. This issue controls the method of service required for these defendants and whether they must be included in the Court's analysis of foreign sovereign immunity.

Plaintiff suggests that as these defendants have not appeared to argue they are part of the "foreign state," the Court may accept plaintiff's classification because the burden is on defendants to assert FSIA immunity as an affirmative defense. Plaintiff relies on *Adler v. Fed. Rep. of Nigeria*, 107 F.3d 720 (9th Cir. 1997), which applies a burden-shifting framework to FSIA immunity that first requires a defendant to make a prima facie showing that it is a foreign state. Other authorities have concluded this burden-shifting framework originates from an erroneous statement in FSIA legislative history, H.R. Rep. No. 94-1487 (1976), that is inconsistent with the text of the FSIA. *See, e.g.*, *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 443 (2d Cir. 2019) ("The United States argues as amicus that this statement in the legislative history was in error and is inconsistent with the text of the FSIA."); *Rubin v. The Islamic Rep. of Iran*, 637 F.3d 783, 799 n.15 (7th Cir. 2011)

(explaining *Verlinden* quoted the House Report's statement that "sovereign immunity is an affirmative defense that must be specially pleaded" and then "immediately after" said "quite clearly that the House Report got this point wrong").

The Supreme Court has said that under the FSIA, "subject matter jurisdiction turns on the existence of an exception to foreign sovereign immunity," meaning that "even if the foreign state does not enter an appearance to assert an immunity defense, a District Court still must determine that immunity is unavailable under the Act." *Verlinden*, 461 U.S. at 493-94 n.20; *see also Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented."); *Brewer v. Socialist People's Rep. of Iraq*, 890 F.2d 97, 100-01 (8th Cir. 1989) ("Generally, the party seeking to invoke immunity is allocated the burden of proof on that issue. Yet, even if a party fails to enter an appearance and assert its claim of immunity, a court must determine whether immunity is available pursuant to the FSIA." (citations omitted)). The proper classification of defendants goes to subject matter jurisdiction and is a question of law the Court must address *sua sponte*. *See, e.g.*, *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 198-99 (3d Cir. 2003).

**2. Service on the Communist Party, CAS, and WIV.**

The Court is also concerned that plaintiff has not properly served process on the Communist Party, CAS, or WIV. While plaintiff is correct that service is not jurisdictional and can be waived, the Court has an independent obligation under the default judgment rules to make sure service was proper. *See Patel v. Socialist People's Libyan Arab*

5

*Jamahiriya*, 2007 WL 9760177 at *2 (D.D.C. Apr. 19, 2007) (unreported) ("[T]his Court has the authority to review the Clerk's entry of default and the obligation to vacate it if it was entered on a legally or factually incorrect basis."). If plaintiff has not properly served defendants, "none of the defendants has failed to plead or defend as required by the rules of civil procedure, and neither entry of default nor entry of default judgment would be proper." *Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 684 (N.D. Iowa 1995).

If these defendants fall under the FSIA, they "must be served in accordance with 28 U.S.C. § 1608." Fed. R. Civ. P. 4(j). Plaintiff argues email service complied with § 1608(b) because the Court authorized it. *See* § 1608(b)(3)(C) (allowing service on an agency or instrumentality "as directed by order of the court consistent with the law of the place where service is to be made"). But plaintiff did not seek authorization to serve these defendants under § 1608(b)(3)(C), and the Court did not address that question, because plaintiff claimed they did not fall under the FSIA. The Court did not authorize plaintiffs to serve a foreign state or its agencies or instrumentalities by email under the FSIA.

Even if the Court determines that these three defendants are not part of the "foreign state," the Court is still concerned about whether plaintiff has properly effected service. Plaintiff did not strictly comply with the Court's order regarding email service. Plaintiff's notices of service show its attempts to effect service via email on the Communist Party and WIV resulted in rejection notices, so plaintiff purports to have served them via different email channels that the Court did not approve and that appear dubious. It is unclear, for example, why emailing a newspaper that is purportedly the "mouthpiece" of the Communist Party suffices as service on the Communist Party. The results of plaintiff's

efforts undermine the Court's prior confidence that this method of service provides the required notice here, even if otherwise appropriate under the FSIA.

**3.  FSIA exceptions to foreign sovereign immunity.**

Finally, the Court must address application of FSIA exceptions to foreign sovereign immunity.  *See Verlinden*, 461 U.S. at 493 n.20.  In addition to the issues discussed above, the briefing raises unresolved questions about whether additional factual information can be submitted for use in the Court's analysis and, if so, the extent to which such information may be submitted or judicially noticed.

Although plaintiff and amici have already filed lengthy briefing, now that this Court has identified what it deems the critical questions on subject matter jurisdiction, the Court will permit plaintiff and amici an additional 30 days to submit any additional points or authorities on these issues only.

The Court will stay default proceedings until these questions are resolved.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff and amici must file any additional briefing, in accordance with this Memorandum and Order, no later than February 7, 2022.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Authorization to Seek Discovery on its Claims Against Defaulting Defendants [Doc. #31] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Trial Date and Entry of Case Management and Scheduling Order [Doc. #45] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that amicus curiae Lawyers for Upholding International Law's motion for leave to file supplemental amicus curiae brief [Doc. #46] is **GRANTED**.

**IT IS FURTHER ORDERED** that default proceedings in this matter are **STAYED** until further order from the Court.


Dated this 6th day of January, 2022.


_____

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE