IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| THE STATE OF MISSOURI, ex rel. ERIC S. SCHMITT, in his official capacity as Missouri Attorney General, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:20-cv-00099-SNLJ ) |
| THE PEOPLE'S REPUBLIC OF CHINA, THE COMMUNIST PARTY OF CHINA, NATIONAL HEALTH COMMISSION OF THE PEOPLE'S REPUBLIC OF CHINA, MINISTRY OF EMERGENCY MANAGEMENT OF THE PEOPLE'S REPUBLIC OF CHINA, MINISTRY OF CIVIL AFFAIRS OF THE PEOPLE'S REPUBLIC OF CHINA, PEOPLE'S GOVERNMENT OF HUBEI PROVINCE, PEOPLE'S GOVERNMENT OF WUHAN CITY, WUHAN INSTITUTE OF VIROLOGY, and CHINESE ACADEMY OF SCIENCES, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S MOTION FOR LEAVE TO EXCEED THE PAGE LIMIT FOR ITS SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S JANUARY 6 ORDER**

Plaintiff State of Missouri ex rel. Eric S. Schmitt ("Missouri") respectfully requests leave to exceed the page limit for its supplemental brief in response to the Court's Order of January 6, 2022, Doc. 47.  Under Local Rule 4.01(D), the page limit for motions and memoranda is 15 pages. *See* E.D. Mo. Local Rule 4.01(D).  Here, Missouri seeks leave to file a memorandum of approximately 52 pages.  Good cause for the overlength brief exists for the following reasons.

The Court's Order directs the parties to file supplemental briefs addressing three issues: "(1) whether the Communist Party, CAS, and WIV fall under the FSIA definition of 'foreign state,' that is, whether each is a 'foreign state or political subdivision,' or an 'agency or instrumentality'

1

under the statute; (2) whether plaintiff properly effected service on the Communist Party, CAS, and WIV; and (3) whether an exception to foreign sovereign immunity applies." Doc. 47, at 3-4. In addition, the Court requested briefing on (4) "whether additional factual information can be submitted for use in the Court's analysis and, if so, the extent to which such information may be submitted or judicially noticed." *Id.* at 7.

These topics are significant and complex. To address these topics, Missouri has prepared a brief that has five major sections. *First*, Missouri has drafted a Statement of Facts that addresses the procedural history of the case, including the gamesmanship that Defendants have engaged in to block and evade service of process. This Statement of Facts includes a detailed discussion of Missouri's basis for concluding that the Communist Party of China, the Chinese Academy of Sciences, and the Wuhan Institute of Virology are not "foreign states" under the FSIA, including a detailed account of publicly available sources indicating that they are not foreign states.

*Second*, to address the Court's first question, Part I of Missouri's brief addresses the status of CPC, CAS, and WIV under the FSIA, and argues that they are not "foreign states" even if the Court considers and accepts at face value all the extraneous "facts" submitted by *amici curiae*. This Section analyzes the legal standards for at least at least statutory concepts—"political subdivision," "organ," and wholly-owned subsidiary, *see* 28 U.S.C. § 1603(a), (b)—and applies them to the three different entities.

*Third*, to address the Court's second question, Part II of Missouri's brief addresses the validity of service on CPC, CAS, WIV. This Section involves a discussion of the nature of Missouri's email service on each of these entities, the facts about each entity identified in the Statement of Facts, and the nature of the People's Daily as an organ or department within the

2

Communist Party of China.  It also involves an analysis of the standards for service of foreign entities adopted in the federal Courts of Appeals.

*Fourth*, to address the Court's query regarding what facts may be considered at this stage, when no Defendant has appeared or raised a factual attack on the Court's jurisdiction, Part III of Missouri's brief discusses the FSIA's burden-shifting framework adopted in the Courts of Appeals, the need for jurisdictional discovery, pleading requirements in FSIA cases, and related topics to argue that the Court should not consider facts outside the pleadings at this stage, or in the alternative, that the Court should not require more than a preliminary, *prima facie* showing that CPC, CAS, and WIV are not "foreign states."  Part IV also discusses the standards for judicial notice and argues that a far-reaching inquiry into foreign law should not be launched under Rule 44.1 at this stage, until the foreign-law issue is raised by a party.

*Fifth*, to address the Court's third question, Part IV of Missouri's brief discusses the applicability of FSIA exceptions to Missouri's claims, focusing on responding to the principal arguments raised in the most recent round of amicus briefs, Doc. 42, Doc. 46-1.

Missouri respectfully submits that these issues are complex and significant, and that there are many of them to address.  Further, the issues in this case—in which a sovereign State seeks truth and accountability about the commencement of the COVID-19 pandemic that has killed 5.82 million people, including over 18,000 in Missouri—are issues of great urgency and importance that warrant a thorough discussion.  Under these circumstances, Missouri respectfully submits that an overlength brief of 52 pages is warranted to provide the Court with a full discussion of the issues.

## CONCLUSION

For the reasons stated, Missouri respectfully requests that the Court grant Missouri leave to submit an overlength brief of approximately 52 pages in response to the Court's January 6, 2022 Order, Doc. 47.

Dated: February 14, 2022                                Respectfully submitted,

**ERIC S. SCHMITT**
**ATTORNEY GENERAL**

*/s/ D. John Sauer*
D. John Sauer, #58721MO
  Solicitor General
Missouri Attorney General's Office
Post Office Box 899
Jefferson City, MO 65102
Tel: (573) 751-8870
Fax: (573) 751-0774
John.Sauer@ago.mo.gov

## CERTIFICATE OF SERVICE

On February 14, 2022, I caused the foregoing to be filed through the Court's electronic filing system to be served by electronic notice on all counsel for parties and *amici* who have appeared in this case.

*/s/ D. John Sauer*