**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

THE STATE OF MISSOURI,                        )
ex rel. ERIC S. SCHMITT, in his official      )
capacity as Missouri Attorney General,        )
                                              )
      Plaintiff,                           )
                                              )
v.                                            )          Case No. 1:20-cv-00099-SNLJ
                                              )
THE PEOPLE'S REPUBLIC OF CHINA,               )
THE COMMUNIST PARTY OF CHINA,                 )
NATIONAL HEALTH COMMISSION                    )
OF THE PEOPLE'S REPUBLIC OF                    )
CHINA, MINISTRY OF EMERGENCY                  )
MANAGEMENT OF THE PEOPLE'S                     )
REPUBLIC OF CHINA, MINISTRY OF                )
CIVIL AFFAIRS OF THE PEOPLE'S                 )
REPUBLIC OF CHINA, PEOPLE'S                    )
GOVERNMENT OF HUBEI                            )
PROVINCE, PEOPLE'S GOVERNMENT                  )
OF WUHAN CITY, WUHAN INSTITUTE                 )
OF VIROLOGY, and CHINESE                       )
ACADEMY OF SCIENCES,                          )
                                              )
      Defendants.                          )

## <u>ORDER TO SHOW CAUSE</u>

This case is before the Court upon review of the record.  At this time the Court

directs plaintiff to show cause why these proceedings should not be transferred to the

United States District Court for the District of Columbia.  "The district court of a district

in which is filed a case laying venue in the wrong division or district shall dismiss, or if it

be in the interest of justice, transfer such case to any district or division of which it could

have been brought."  28 U.S.C. § 1406(a).  In this case, 28 U.S.C. § 1391(f) governs

"civil action[s] against a foreign state as defined in section 1603(a) of this title." Specifically, subsection (4), the relevant subsection of section 1391(f), provides that a civil action "may be brought . . . in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof." Indeed, under section 1603(a), the definition of "foreign state" includes not only a political subdivision of a foreign state, but also "an agency or instrumentality of a foreign state. . . ." Although sections 1391(b) and 1391(c) set out the general venue provisions, on which plaintiff relies, courts recognize that section 1391(f) is in effect a special venue provision. As one court recently stated, "The text and structure of § 1391 make clear that venue for suits against foreign states is governed by § 1391(f), to the exclusion of § 1391(b) and § 1391(c)." *Uni-Top Asia Inv. Ltd. v. Sinopec Int'l Petroleum Expl. & Prod. Corp.*, No. 20-CV-1770, 2022 WL 1202482, at *7 (D.D.C. Apr. 22, 2022); *see also Rodriguez v. Pan Am. Health Org.*, No. 18-CV-24995, 2020 WL 1666757, at *9 (S.D. Fla. Apr. 3, 2020) ("Section 1391(f) controls venue in every case where a foreign state is named as a defendant.").

To be sure, the language of subsection (f)(1) is identical to that of subsection (b)(2), the general venue statute on which plaintiff relies: both subsections allow venue in any "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. . . ." To the extent plaintiff relies on that language, however, circuit law indicates that plaintiff's reliance is unavailing. This is because "the court's *focus* must be on relevant activities of the defendant in the forum state, not on the effect of those activities on the plaintiff in the forum state." *Steen v. Murray,* 770 F.3d 698, 703

(8th Cir. 2014) (emphasis in original).  And tellingly, plaintiff's complaint is replete with allegations describing defendants' wrongful conduct in China, while that section of the complaint describing the involvement of Missouri citizens is preceded by the heading "The Effects of Defendants' Actions."  (Complaint at 29.)  Under these circumstances, subsection (f)(4) appears to be the appropriate venue provision, rather than subsection (f)(1).

Accordingly,

IT IS HEREBY ORDERED that plaintiff shall show cause no later than May 20, 2022, why this matter should not be transferred.

Dated this 10th day of May, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE