IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| THE STATE OF MISSOURI, ex rel. ERIC S. SCHMITT, in his official capacity as Missouri Attorney General, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:20-cv-00099-SNLJ |
| THE PEOPLE'S REPUBLIC OF CHINA, THE COMMUNIST PARTY OF CHINA, NATIONAL HEALTH COMMISSION OF THE PEOPLE'S REPUBLIC OF CHINA, MINISTRY OF EMERGENCY MANAGEMENT OF THE PEOPLE'S REPUBLIC OF CHINA, MINISTRY OF CIVIL AFFAIRS OF THE PEOPLE'S REPUBLIC OF CHINA, PEOPLE'S GOVERNMENT OF HUBEI PROVINCE, PEOPLE'S GOVERNMENT OF WUHAN CITY, WUHAN INSTITUTE OF VIROLOGY, and CHINESE ACADEMY OF SCIENCES, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO EXCEED THE PAGE LIMIT FOR ITS RESPONSE TO THE COURT'S SHOW CAUSE ORDER REGARDING VENUE**

Plaintiff State of Missouri respectfully requests the Court's leave to exceed the page limit of Local Rule 4.01(D) for its response to this Court's show-cause order of May 10, 2022, Doc. 57. Under Local Rule 4.01(D), the page limit for motions and memoranda is 15 pages. Here, Missouri seeks leave to file a memorandum of approximately 31 pages. Good cause for the overlength brief exists for the following reasons.

On May 10, 2022, the Court, acting *sua sponte*, ordered Missouri to show cause why this case should not be transferred to the U.S. District Court for the District of Columbia, which is the

"fallback" venue for cases against foreign states under 28 U.S.C. § 1391(f)(4).  Doc. 57, at 3.  Missouri has prepared a written response to this show-cause order that includes four major sections, each of which contains a detailed discussion of relevant issues, intended to be comprehensive and thorough to assist the Court.

*First*, Missouri discusses the factual basis for venue in this judicial district, reviewing both the allegations in the Complaint and publicly available information that confirms and provides additional detail to the Complaint's allegations.  Improper venue is a personal defense, and Missouri had no burden to allege facts establishing venue in the Complaint; thus, the Court may consider matters outside the pleadings in assessing the propriety of venue in this district.  Missouri's explication of the facts focuses on two classes of conduct: (1) personal injuries inflicted in the district, and (2) PPE-hoarding activities—such as purchasing high-quality PPE from Missouri, and shipping defective PPE into Missouri—that Defendants conducted and directed into the district.  Missouri's discussion includes significant detail from public reports regarding the PPE-hoarding scheme alleged in the Complaint and its connection to the district.

*Second*, Missouri contends that improper venue is waived when it is not timely raised, including by defaulting.  All Defendants have been properly served and are in default, and have thus waived any objection to venue.  Section 1406(b) of title 28 confirms that the Court should not attempt to cure this waiver by raising the issue *sua sponte* on Defendants' behalf: "Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue."  28 U.S.C. § 1406(b).

*Third*, Missouri argues that, in tort cases, venue is proper in a judicial district where the tortious conduct inflicted personal injuries, as those injuries are plainly "events … giving rise to the claim."  28 U.S.C. § 1391(f)(1).  At the time the statute was enacted and amended, it was well-

2

established that a tort claim arises in the forum where the injury was inflicted. Missouri reviews the U.S. Supreme Court's case law, common law sources, and other case law establishing this proposition, and notes the well-recognized venue exception for cases involving purely economic injuries. Missouri reviews Eighth Circuit case law and explains how the Eighth Circuit's decisions are fully consistent with these principles, because the Eighth Circuit cases—such as *Steen v. Murray*, 770 F.3d 698, 703 (8th Cir. 2014), cited in the Court's show-cause order—directing courts to focus on the defendants' activities are cases involving purely economic injuries. No Eighth Circuit case has held that venue is improper in a forum where the personal injuries were inflicted.

*Fourth*, in the alternative, Missouri discusses its PPE-hoarding claims and points out that these involve substantial acts of misconduct committed by Defendants that were performed in the forum and directed into the forum. Defendants' misconduct of buying up quality PPE from Missouri and shipping defective PPE into Missouri are activities of the Defendants "occurring" in the forum under § 1391(f)(1), and these provide an independent basis for venue in this district.

In order to provide a detailed and comprehensive explication of these points, Missouri respectfully requests leave to exceed the page limit. As noted in Missouri's prior motion to exceed the page limit, this case involves "issues of great urgency and importance that warrant a thorough discussion." Doc. 53, at 3.

## CONCLUSION

For the reasons stated, Missouri respectfully requests that the Court grant it leave to exceed the page limit for its Response to the Court's Show-Cause Order, Doc. 57, and to file a memorandum of approximately 31 pages.

3

Dated: May 20, 2022                     Respectfully submitted,

                                        **ERIC S. SCHMITT**
                                        **ATTORNEY GENERAL**

                                        */s/ D. John Sauer*
                                        D. John Sauer, #58721MO
                                          Solicitor General
                                        Missouri Attorney General's Office
                                        Post Office Box 899
                                        Jefferson City, MO 65102
                                        Tel: (573) 751-8870
                                        Fax: (573) 751-0774
                                        John.Sauer@ago.mo.gov

## CERTIFICATE OF SERVICE

On May 20, 2022, I caused the foregoing to be filed through the Court's electronic filing system to be served by electronic notice on all counsel for parties and *amici curiae* who have appeared in this case.

*/s/ D. John Sauer*