**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| THE STATE OF MISSOURI, | ) | |
| ex rel. ANDREW T. BAILEY, in his official | ) | |
| capacity as Missouri Attorney General, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:20-cv-00099-SNLJ |
| v. | ) | |
| | ) | |
| THE PEOPLE'S REPUBLIC OF CHINA, | ) | |
| THE COMMUNIST PARTY OF CHINA, | ) | |
| NATIONAL HEALTH COMMISSION | ) | |
| OF THE PEOPLE'S REPUBLIC OF | ) | |
| CHINA, MINISTRY OF EMERGENCY | ) | |
| MANAGEMENT OF THE PEOPLE'S | ) | |
| REUBLIC OF CHINA, MINISTRY OF | ) | |
| CIVIL AFFAIRS OF THE PEOPLE'S | ) | |
| REPUBLIC OF CHINA, PEOPLE'S | ) | |
| GOVERNMENT OF HUBEI | ) | |
| PROVINCE, PEOPLE'S GOVERNMENT | ) | |
| OF WUHAN CITY, WUHAN INSTITUTE | ) | |
| OF VIROLOGY, and CHINESE | ) | |
| ACADEMY OF SCIENCES, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RENEWED MOTION FOR ENTRY OF CASE MANAGEMENT AND
SCHEDULING ORDER**

The Eighth Circuit has ruled that Missouri's suit against the People's Republic of China,

et al., for certain conduct it undertook with respect to the COVID-19 pandemic may proceed. For

nearly four years, China has refused to appear or defend their conduct. In light of the Eighth

Circuit's decision and China's default, this Court may enter judgment as soon as Missouri presents

"evidence satisfactory to the Court" on liability and damages. 28 U.S.C. § 1608(e).

On January 10, 2024, the Eighth Circuit held that Missouri's hoarding claims "identify

classic anticompetitive behavior" and "allege[] enough to allow the claim to proceed beyond a

1

jurisdictional dismissal on the pleadings." *Missouri ex rel. Bailey v. People's Republic of China*, No. 22-2495, 2024 WL 106115, at *5–6 (8th Cir. Jan. 10, 2024) (slip copy). The Eighth Circuit has now issued its mandate and returned jurisdiction to this Court. Plaintiff State of Missouri ex rel. Andrew T. Bailey ("Missouri") respectfully requests that this Court set a tentative trial date and enter a case management and scheduling order in this case that will permit Missouri to seek discovery and present evidence of its claims at an evidentiary hearing held on or around December 9, 2024, or as soon thereafter as the Court's schedule permits.

## PROCEDURAL HISTORY

Missouri filed a Complaint on April 21, 2020, against the People's Republic of China, the Wuhan Institute of Virology, and seven other defendants for their role in unleashing and exacerbating the COVID-19 pandemic that has cost millions of lives and wreaked economic devastation across the world. ECF 1. After China spent considerable effort resisting service (including asserting meritless objections to service under the Hague Convention), this Court granted Missouri's motion for alternative method of service on all Defendants. ECF 22. The non-foreign-state Defendants—the Chinese Academy of Sciences (CAS) and the Wuhan Institute of Virology (WIV)—were served with process on May 18, 2021. ECF 23. Those Defendants have failed to ever appear or file a responsive pleading, and the Clerk of the Court entered defaults against them on August 17, 2021. ECF 29. Foreign-state Defendants—the People's Republic of China (PRC) and five of its political subdivisions—were served with process through diplomatic channels on October 7, 2021. ECF 36–41. These Defendants, likewise, have failed to ever appear or file a responsive pleading, and the Clerk of Court entered defaults against them on December 15, 2021. ECF 44.

On December 21, 2021, Missouri filed a motion asking this Court to enter a case management and scheduling order. ECF 45. On January 6, 2022, this Court entered an order denying Missouri's motion without prejudice and "stay[ing] default proceedings" until "threshold questions" were resolved. ECF 47. On July 8, 2022, this Court dismissed each count of Missouri's Complaint for lack of subject matter jurisdiction. ECF 61. Missouri filed its appeal on the same day. ECF 63.

On January 10, 2024, the Eighth Circuit affirmed in part and reversed in part this Court's July 8, 2022 Order. *Missouri*, 2024 WL 106115, at *6. Relevant here, the Eighth Circuit held that the parts of Missouri's complaint that allege hoarding of personal protective equipment satisfy the commercial-activity exception for foreign sovereign immunity found in 28 U.S.C. § 1605(a)(2). *Id*. at *4–6. As such, the court reversed dismissal of the hoarding claims. *Id*. at *6. The Eighth Circuit issued its mandate and returned jurisdiction to this Court on February 1, 2024. Missouri now respectfully seeks to demonstrate the merits of its claims.

## ARGUMENT

Pursuant to the requirements of 28 U.S.C. § 1608, Missouri respectfully requests that the Court exercise its discretion in the following manner to permit Missouri to conduct a limited period of discovery and to hold an evidentiary hearing on December 9, 2024, or as soon thereafter as the Court's schedule may permit.

**I.    This Court should authorize Missouri to begin pursuing discovery on its claims.**

**A.    Discovery against defaulting defendants and third parties is appropriate.**

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." The FSIA, in turn, states that "[n]o judgment by default shall be entered by a court of

3

the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the Court." 28 U.S.C. § 1608(e). The FSIA, therefore, requires Missouri to provide "evidence satisfactory to the court" on both liability and damages to establish its claims against Defendants. *Id*.

The FSIA's "'satisfactory to the court' standard is identical to the standard for entry of default judgments against the United States in Federal Rule of Civil Procedure 55([d])." *Owens v. Republic of Sudan*, 826 F.Supp.2d at 134; *see also* Fed. R. Civ. P. 55(d) ("A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court."). "In evaluating the plaintiffs' proof, the court may 'accept as true the plaintiffs' uncontroverted evidence.'" *Owens*, 826 F.Supp.2d at 135 (quoting *Elahi v. Islamic Republic of Iran*, 124 F.Supp.2d 97, 100 (D.D.C. 2000)). Here, because China has not shown up, all the evidence will be uncontroverted. Furthermore, in evaluating a plaintiff's FSIA case against a defaulting foreign state entity, the Court may "receive[] evidence in the form of live testimony, videotaped testimony, affidavit, and original documentary and videographic evidence." *Id*.; *see also Elahi*, 124 F.Supp.2d at 99–100 (noting that the court accepted testimony from seven live witnesses and received 105 documentary exhibits in a FSIA trial against defendants who were in default).

Missouri respectfully requests that this Court enter an order allowing Missouri to begin engaging in both direct discovery against defaulting defendants and third-party discovery, as necessary, to support its claims. Additionally, because Defendants remain in default, Missouri respectfully requests that this Court enter an order allowing Missouri to proceed without a Rule

26(f) conference and requests that the Court schedule a trial date at which Missouri could present written evidence and live testimony.

The requirement that a plaintiff prove his or her case on both liability and damages by "evidence satisfactory to the court" contemplates that a plaintiff may seek discovery in cases against defendants who are in default, because collecting and preparing such evidence often necessitates that the plaintiff engage in direct and third party discovery. *See, e.g. Hill v. Republic of Iraq*, 328 F.3d 680, 683 (D.C. Cir. 2003) (noting that, in enacting the FSIA, Congress "expected that courts will take into account the extent to which plaintiff's case depends on appropriate discovery against the foreign state.") (quoting H.R. REP. 94-1487, 26, 1976 U.S.C.C.A.N. 6604, 6621–22). In enacting FSIA, Congress opted to leave ordinary discovery rules intact, believing that "[e]xisting law appears to be adequate in this area." *Hill*, 328 F.3d at 683 (quoting H.R. REP. 94-1487, at 23 (1976)).

For this reason, courts regularly recognize the need for discovery (and, consequently, allow for discovery) in FSIA cases against foreign-state defendants in default. For example, in *Hutira v. Islamic Republic of Iran*, the plaintiff obtained a clerk's default against foreign-state Iranian defendants who allegedly participated in the extrajudicial killing of the plaintiff's father. 211 F.Supp.2d 115, 117 (D.D.C. 2002). The plaintiff sought discovery regarding the murder through subpoenas to third parties. "Notwithstanding indicia of the defendants' willful default" and the entry of a clerk's default against them, the federal court recognized that the FSIA plaintiff was required to seek discovery "[i]n order to obtain evidence establishing her claim or right to relief that is satisfactory to the Court." *Id*. The court cited Rule 26(b)(1) for the proposition that an FSIA plaintiff seeking evidence against a defaulting defendant is subject to the same discovery standards as all other civil plaintiffs, and "may obtain discovery regarding any matter, not privileged, which

5

is relevant to the subject matter involved in the pending action." *Id*. at 117–18 (quoting Fed. R. Civ. P. 26(b)(1));[1] *see also Calderon-Cardona v. Democratic People's Republic of Korea*, 723 F.Supp.2d 441, 461 (D.P.R. 2010) (allowing "live and affidavit testimony" and "affidavits and reports" to establish damages caused by a defaulting foreign-state defendant); *Saharkhiz v. Islamic Republic of Iran*, No. 19-cv-2938, 2023 WL 9196605, at *10–11 (D.D.C. Oct. 16, 2023) (slip copy) (observing that "[c]ourts deciding FSIA cases frequently rely on indirect evidence because of the nature of the issues presented" and ruling that the plaintiff carried his burden based on news articles, government reports, and judicial documents).

Likewise, in *Hake v. Citibank, N.A.*, FSIA plaintiffs sought discovery by third-party subpoena to procure evidence to prove liability against defendants who were in default. No. 19-mc-00125, 2020 WL 1467132, at *1 (S.D.N.Y. Mar. 26, 2020). The court observed that the defendants had defaulted and that the plaintiffs "must establish their claims and right to relief through sufficient evidence." *Id*. (citing 28 U.S.C. § 1608(e)); *see also id*. (noting that plaintiffs "had good reason to serve [the third party] with subpoenas."). The court in *Hake* held that the usual standards of Rule 26(b) apply to such requests, including subpoenas to third parties: "Federal Rule of Civil Procedure 26(b) states that 'parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.' This includes discovery from non-parties." *Id*. at *4 (citation omitted) (quoting Fed. R. Civ. P. 26(b)(1)).

The approach taken by the district courts in each of these instances recognizes that "a FSIA default winner must prove damages 'in the same manner and to the same extent' as *any other*

---

[1] The court in *Hutira* ultimately determined that information sought by the particular subpoena at issue was barred by privilege. Nevertheless, it upheld the plaintiff's underlying right to seek such discovery to provide "evidence satisfactory to the court." *Id*.

*default winner.*" *Hill*, 328 F.3d at 683–84 (quoting 28 U.S.C. § 1606) (emphasis added). "Any other" default winner, in turn, is authorized to pursue discovery to establish the elements on which that default winner has a burden to prove. *See, e.g. Nutrition Distrib. LLC v. Musclegen Research Inc.*, 2017 WL 4391711, at *2 (S.D. Cal. Oct. 3, 2017) (allowing discovery and noting that "[o]ther courts have allowed discovery on the issue of damages after the entry of default") (collecting cases); *Alstom Power, Inc. v. Graham*, No. 3:15-cv-174, 2016 WL 354754, at *2–3 (E.D. Va. Jan. 27, 2016) ("Courts have allowed . . . discovery following entry of default but prior to entry of default judgment."). Because FSIA plaintiffs have the additional burden of establishing liability (in addition to damages) through "evidence satisfactory to the court," discovery extends to questions of liability as well. 28 U.S.C. § 1608(e).

Accordingly, discovery is appropriate in this case as to both parties and non-parties to allow Missouri a full and fair opportunity to prove the merits of its claim.

### 1.    Discovery from defaulting Defendants relating to Missouri's claim.

First, Missouri is entitled to seek discovery relating to its claims directly from the Defendants in default. To be sure, Missouri reasonably anticipates that those Defendants will not cooperate in discovery, since they have stonewalled Missouri's attempts to serve them and have now ignored valid service of process for several years. But the FSIA and the rules of discovery provide for such an outcome. In enacting the FSIA, Congress "expected that courts will take into account the extent to which the plaintiff's case depends on appropriate discovery against the foreign state," and thus allowed for "the possibility of a relaxed evidentiary burden on the FSIA plaintiff" in the case of a defendant in default. *Hill*, 328 F.3d at 683, 684 (quoting H.R.REP. 94–1487, at 26 (1976)). Anticipating the non-cooperation of defaulting defendants, Congress explicitly noted that "appropriate remedies would be available under Rule 37, F.R. Civ. P., for an

unjustifiable failure to make discovery." H.R. REP. 94–1487, at 46 n. 14 (1976). For example, a defendant who refuses to cooperate in discovery may face "a panoply of sanctions," *Jiang v. Porter*, No. 4:15-CV-1008, 2016 WL 4430188, at *2 (E.D. Mo. Aug. 22, 2016), such as directing that certain facts "be taken as established for purposes of the action." Fed. R. Civ. P. 37(b)(2)(A)(i); *see also Jiang*, 2016 WL 4430188, at *3–4.

### 2.    Discovery from third parties relating to Missouri's claim.

Missouri also respectfully suggests that third party discovery is highly appropriate in this case. Given Defendants' refusal to engage in this lawsuit over the last several years, it is highly likely that they will similarly disregard discovery requests served on them and any court order seeking to compel the same. As such, third party discovery may be necessary to support Missouri's claim in the face of Defendants' intransigence. Indeed, a great deal of information held by third parties relevant to Count IV of Missouri's Complaint may be within the reach of civil process. *See, e.g.*, House Foreign Affairs Committee Report, Minority Staff, The Origins of COVID-19: An Investigation of the Wuhan Institute of Virology (117th Cong. Aug. 2021), at http://gop-foreignaffairs.house.gov/wp-content/uploads/2021/08/ORIGINS-OF-COVID-19-REPORT.pdf; Will Weissert, *DHS report: China hid virus' severity to hoard supplies* (May 4, 2020), https://apnews.com/article/us-news-ap-top-news-international-news-global-trade-virus-outbreak-bf685dcf52125be54e030834ab7062a8. These are just a few of the multitude of possible examples. Missouri is entitled to pursue such third-party discovery to prove the allegations in Count IV of its Complaint with "evidence satisfactory to the Court." 28 U.S.C. § 1608(e); Fed R. Civ. P. 26(b)(1).

### B.    The Court should issue an order authorizing Missouri to commence discovery.

Rule 26(f) requires that, unless "the court orders otherwise, the parties must confer as soon as practicable" to establish a discovery plan. Fed. R. Civ. P. 26(f)(1). Missouri "may not seek

discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by . . . court order." Fed. R. Civ. P. 26(d)(1).

This Court should enter a scheduling order explicitly dispensing with the requirement of a Rule 26(f) conference and authorizing Missouri to begin seeking discovery by "court order" under Rule 26(d). As the last four years have demonstrated, requiring the parties to attempt to hold a Rule 26(f) conference would be futile and, indeed, almost certainly impossible. Defendants are in default, and have demonstrated a continued refusal to acknowledge this lawsuit or participate in any way. In such situations, a court order to proceed with discovery is appropriate. *See, e.g., Monsanto Co. v. Woods*, 250 F.R.D. 411, 413–14 (E.D. Mo. 2008) (authorizing expedited discovery against a defendant in default without a Rule 26(f) conference); *Kraho GmbH v. Overlord Ltd.*, CV 19-04050-AB (KSX), 2019 WL 8064249, at *2 (C.D. Cal. Dec. 20, 2019) (entering a court order authorizing the plaintiff to proceed with discovery after the defendant defaulted and no Rule 26(f) conference had occurred).

As the court in *Kraho* observed, "[c]ourts have . . . found good cause to authorize expedited discovery when a defendant defaults and the plaintiff seeks discovery to establish liability and/or damages in pursuit of default judgment." *Kraho*, 2019 WL 8064249, at *2 (citing *Twitch Interactive, Inc. v. Johnston*, No. 5:16-cv-03404-BLF, 2017 WL 1133520, at *4 (N.D. Cal. Mar. 27, 2017) (authorizing discovery in aid of forthcoming motion for default judgment from payment processors, financial institutions, and co-defendant); *Adobe Sys. Inc. v. Bunhey*, No. 5:13-cv-01365-VAPOP, 2013 WL 12140304, at *2 (C.D. Cal. Oct. 29, 2013); *Texas Guaranteed Student Loan Corp. v. Dhindsa*, No. 1:10-cv-00335-LJO-SKO, 2010 WL 2353520, at *3 (E.D. Cal. June 9, 2010)). The Court in *Kraho* therefore held that the "[p]laintiff ha[d] demonstrated good cause for expedited discovery," because "Defendant has failed to respond to Plaintiff's complaint, so

Plaintiff has been prevented from participating in a Rule 26(f) conference and from obtaining discovery from Defendant . . . ." *Id.* The court noted that the "[p]laintiff [was] in the process of drafting a motion for default judgment against Defendants in which it intend[ed] to request an award of damages" and other relief, and it held that, "without discovery, [the] [p]laintiff cannot make an informed determination of the type of relief and the scope of relief that is warranted." *Id.* To allow the plaintiff to "make an informed determination of the type of relief and the scope of relief that is warranted," the court allowed the plaintiff to proceed with discovery, including discovery against both the parties and third-parties, to prove its case against the defaulting defendant. *Id.* at *3; *see also, e.g., Richardson v. Virtuoso Sourcing Grp., LLC*, No. 8:15-CV-2198-T-17JSS, 2015 WL 12862517, at *2 (M.D. Fla. Oct. 27, 2015) (authorizing a plaintiff seeking a default judgment against a defendant who had defaulted to proceed with third-party discovery without a Rule 26(f) conference, because "[t]o date, Defendant has not appeared in this action," and "[a]s such, it is unclear when and if the parties will conduct a Rule 26(f) conference.").

## II.     This Court should schedule a two-day evidentiary hearing on December 9, 2024, or as soon thereafter as the Court's schedule permits.

Missouri, consistent with its December 21, 2021 motion and the approach taken by other district courts handling claims against defaulting defendants under FSIA, proposes to submit a combination of written affidavits and exhibits, deposition transcripts, and live testimony with exhibits to prove both liability and damages on Count IV of its Complaint. The FSIA permits proof by affidavits and documentary exhibits, and the Court may additionally "receive[] evidence in the form of live testimony, videotaped testimony, affidavit[s], and original documentary and videographic evidence." *Owens*, 826 F. Supp. 2d at 135; *see also Elahi*, 124 F. Supp. 2d at 99–100 (noting that the court accepted testimony from seven live witnesses and received 105 documentary exhibits in a FSIA trial against defaulting defendants). Missouri currently anticipates submitting

both forms of evidence to prove its claims on liability and damages. Missouri proposes filing its written evidentiary submissions on or before the first day of the evidentiary hearing, and currently anticipates taking approximately two business days to submit live testimony at the hearing. Reasonably anticipating that discovery, pursued diligently, may take at least six months to complete, and given that counsel has a two-week trial scheduled to finish in October, Missouri requests a tentative trial date on December 9, 2024, or as soon thereafter as the Court's schedule may accommodate.

## CONCLUSION

For the reasons stated, Missouri respectfully requests that this Court enter an order stating the following:

(1)    As Defendants have refused to answer the Complaint and are in default, no Rule 26(f) discovery conference is required;

(2)    As Defendants have refused to answer the Complaint and are in default, Missouri is not required to provide initial disclosures under Rule 26(a);

(3)    As Defendants have refused to answer the Complaint and are in default, Missouri is not required to make any expert disclosures to Defendants; provided, however, that Missouri shall file with the Court the credentials and any report(s) of any expert witnesses who will testify at trial seven days before the start of the trial;

(4)    Pursuant to Rule 26(d)(1), the Court orders that Missouri may immediately pursue discovery from parties and third parties relevant to its remaining claim against all Defendants;

(5)    Missouri shall file a pre-trial brief outlining the evidence it plans to submit at trial for the Court's benefit seven days before the start of the trial;

11

(6)   As Defendants have refused to answer the Complaint and are in default, Missouri is not required to make any pretrial disclosures to Defendants; provided, however, that Missouri shall file a list of witnesses it intends to call at trial seven days before the start of the trial;

(7)   The deadline for amendments to the pleadings, if any, shall be 14 days before trial;

(8)   Missouri shall file deposition designations and excerpts for any witnesses testifying by deposition seven days before the start of the trial;

(9)   Missouri is authorized to submit evidence both in written form and by live testimony, and Missouri shall file other written forms of evidence, including affidavits and documentary exhibits (other than exhibits to be presented during live testimony), by the Friday before trial;

(10)   Missouri shall file its list of trial exhibits on the first day of trial;

(11)   Trial shall be set for two days beginning on December 9, 2024, or as soon thereafter as the Court's schedule permits.

A proposed order reflecting Missouri's requests is attached hereto as Exhibit 1.

Date: April 5, 2024                    Respectfully submitted,


                                       ANDREW T. BAILEY
                                       Attorney General

                                       */s/ Samuel C. Freedlund*
                                       Joshua M. Divine, 69875MO
                                       *Solicitor General*
                                       Samuel C. Freedlund, 73707MO
                                       *Deputy Solicitor General*
                                       Office of the Attorney General
                                       815 Olive St.
                                       Suite 200
                                       St. Louis, Missouri 63101
                                       Phone: (314) 340-4869
                                       Fax (573) 751-1774
                                       Samuel.Freedlund@ago.mo.gov

                                       *Attorneys for Petitioner.*




## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2024, a true and accurate copy of the foregoing Entry of Appearance was electronically filed by using the Court's CM/ECF system to be served on all counsel of record entered in the case.

                                       /s/ Samuel C. Freedlund