IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| THE STATE OF MISSOURI, ex rel. ANDREW T. BAILEY, in his official capacity as Missouri Attorney General,<br><br>          Plaintiff,<br><br>v.<br><br>THE PEOPLE'S REPUBLIC OF CHINA, THE COMMUNIST PARTY OF CHINA, NATIONAL HEALTH COMMISSION OF THE PEOPLE'S REPUBLIC OF CHINA, MINISTRY OF EMERGENCY MANAGEMENT OF THE PEOPLE'S REUBLIC OF CHINA, MINISTRY OF CIVIL AFFAIRS OF THE PEOPLE'S REPUBLIC OF CHINA, PEOPLE'S GOVERNMENT OF HUBEI PROVINCE, PEOPLE'S GOVERNMENT OF WUHAN CITY, WUHAN INSTITUTE OF VIROLOGY, and CHINESE ACADEMY OF SCIENCES,<br><br>          Defendants. | Case No. 1:20-cv-00099-SNLJ |

**MEMORANDUM AND ORDER**

This matter is on remand from the United States Court of Appeals for the Eighth Circuit. Plaintiff State of Missouri ex rel. Andrew T. Bailey ("Missouri") filed this lawsuit against nine different Chinese entities to hold them responsible for the effects of the Covid-19 pandemic in Missouri. Missouri ultimately served six entities through diplomatic channels, and entries of default have been entered by the Clerk of the Court. Three entities—the Communist Party of China ("CCP"), the Wuhan Institute of Virology ("WIV"), and the Chinese Academy of Sciences ("CAS")—were considered by Missouri to be non-foreign states, so Missouri sought and received permission to serve those three defendants through email addresses. The Clerk of the

1

Court also entered default against those three defendants.

This Court's July 2022 memorandum and order sought, inter alia, to address whether service had been effective on the three defendants served by e-mail. This Court determined that those three defendants were in fact foreign state entities, but, because no exception for foreign immunity applied, the case would be dismissed, and service issues were moot. Missouri appealed that order dismissing the claims against all defendants. The Eighth Circuit agreed that all nine entities are foreign states under the Foreign Sovereign Immunities Act, but it held that an exception applied to allow Missouri's claim regarding hoarding of personal protective materials to proceed [Doc 69 at 5, 12].

Because the CCP, WIV, and CAS are foreign states, it appears that e-mail service was ineffective. [*See* Doc. 22 at 3-6 (discussing the different forms of service required based on whether a defendant is a governmental entity).] Missouri's recent motion requesting a case management order and leave to conduct discovery [Doc. 73] does not address the matter of whether all nine defendants have been properly served in light of the Eighth Circuit's opinion.

Accordingly,

IT IS HEREBY ORDERED that plaintiff State of Missouri ex rel. Andrew T. Bailey shall file a memorandum addressing the matters raised in this memorandum and order and advising how it will cure any defective service of process on defendants. Such memorandum shall be filed no later than April 30, 2024.

IT IS FURTHER ORDERED that the motion requesting a case management order will be held in abeyance pending resolution of the service issue.

Dated this 10th day of April, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE