IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| THE STATE OF MISSOURI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:20-cv-00099-SNLJ |
| | ) |
| THE PEOPLE'S REPUBLIC OF CHINA, et al., | ) |
| | ) |
| Defendants. | ) |

## MOTION OF THE CHINA SOCIETY OF PRIVATE INTERNATIONAL LAW FOR LEAVE TO FILE SUPPLEMENTAL *AMICUS CURIAE* BRIEF

The China Society of Private International Law ("The Society"), by and through counsel, respectfully moves for leave to file the attached Supplemental *Amicus Curiae* Brief ("Supplemental Brief") in opposition to Plaintiff The State of Missouri's Complaint against Defendants The People's Republic of China, *et al.* As argued more fully in the Supplemental Brief, The Society respectfully requests that this Court dismiss Plaintiff's remaining hoarding claim *sua sponte*.

The Society is no stranger to this Court because it previously filed a Motion for Leave to file its initial *Amicus Curiae* Brief analyzing subject-matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA")  and a corresponding Memorandum of Law in Support of the motion on September 15, 2021. *See* Motion, ECF No. 32; Brief, ECF No. 34. As described in greater detail in the Memorandum [ECF No. 32-1], The Society is an academic organization dedicated to the theory and practice of private international law. The Society has been following this matter because it has significant implications for the theory and practice of private international law, the interpretation and application of the FSIA, and China-U.S. relations.

#32693812 v1

This Court granted The Society's Motion for Leave and accepted the *Amicus Curiae* Brief on October 15, 2021. *See* ECF No. 33. Thereafter, the Court dismissed this case for lack of subject matter jurisdiction. After Plaintiff's appeal, the Eighth Circuit partially affirmed and remanded the case to allow Plaintiff's claim regarding hoarding of personal protective materials ("PPE") to proceed. Thereafter, Plaintiff sought authorization from this Court to conduct discovery to support default judgment against Defendants. The Court conducted an evidentiary hearing on January 27, 2025 on Plaintiff's hoarding claim, and directed Plaintiff to provide supplemental briefing, which Plaintiff filed on February 26, 2025. Given these developments, The Society now seeks to supplement its initial *Amicus Curiae* Brief to provide the Court with analysis of issues of law in the default judgment proceedings.

The Society submits in the proposed Supplemental Brief that Plaintiff fails to meet the FSIA's requirement for entry of default judgment against foreign states that the claimant must "establish[] his claim or right to relief by evidence satisfactory to the court." 28 U.S.C. § 1608(e). The Supplemental Brief submits that instead, the Court should dismiss the remaining hoarding claim *sua sponte*. Specifically, the proposed Supplemental Brief addresses that: (1) Plaintiff cannot establish a claim under Missouri or federal antitrust laws because they do not apply to or impose any duty on Defendants; (2) Plaintiff fails to present with evidence satisfactory to this Court that there is an adequate legal and factual basis for any legal nexus between the alleged anticompetitive acts and the injury to establish its "claim or right to relief" due to numerous independent intervening causes; and (3) The alleged anticompetitive acts are sovereign acts and should be deemed valid under the act of state doctrine. The Supplemental Brief also submits that this Court should not apply the "lenient" evidentiary standard Plaintiff proposes because it derives from terrorism cases. Further, many trial exhibits set forth by Plaintiff are untrustworthy as inadmissible

#32693812 v1

hearsay, which fails to satisfy even a lenient evidentiary standard. Therefore, they should not be relied upon by this Court in rendering any judgment.

For these reasons, The China Society of Private International Law respectfully requests that this Court grant this Motion for leave to file the attached Supplemental *Amicus Curiae* Brief and all other relief the Court may deem appropriate.

Dated: February 27, 2025

Respectfully submitted,

**WATTERS WOLF BUB & HANSMANN**

*/s/ Jackie M. Kinder*
Jackie M. Kinder, #52810MO
600 Kellwood Pkwy, St. 120
Saint Louis, Missouri 63017
636-798-0639 – Phone
636-798-0693 – Fax
jkinder@wwbhlaw.com
*Local Counsel for The China Society of Private International Law*

**THE CHINA SOCIETY OF PRIVATE INTERNATIONAL LAW**
c/o International Law Institute of Wuhan University
Wuchang District
Wuhan, China 430072

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was electronically filed by using the Court's electronic filing system to be served on all counsel of record entered in the case this 27th day of February, 2025.

*/s/ Jackie M. Kinder*

3

#32693812 v1