RECEIVED BY MAIL
DEC 29 2025
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

**United States Department of State**

*Washington, D.C.   20520*

December 18, 2025

BY EMAIL & U.S. MAIL
*Samuel.Freedlund@ago.mo.gov*

The Honorable Samuel C. Freedlund
Deputy Solicitor General
Office of the Attorney General of Missouri
815 Olive St., Ste. 200
St. Louis, MO 63101

      **Re: *Missouri ex rel. Hanaway v. People's Republic of China, et al.*, 1:20-cv-0099-SNLJ**

Dear Mr. Freedlund:

I am writing in reference to your requests for transmittal of a Memorandum and Judgment (Doc. #95) and other documents through diplomatic channels to the People's Republic of China, National Health Commission of the People's Republic of China, Ministry of Emergency Management of the People's Republic of China, Ministry of Civil Affairs of the People's Republic of China, People's Government of Hubei Province, and People's Government of Wuhan City as defendants in the above referenced lawsuit in accordance with 28 U.S.C. §§ 1608(a)(4) and (e), the Foreign Sovereign Immunities Act (FSIA).

The Department of State will not accept a request for service under Section 1608(a)(4) if the hierarchical methods for service in Section 1608(a) have clearly not been followed, if the documents are incomplete and/or do not meet the requirements of the FSIA or Title 22 of the Code of Federal Regulations.

The Department has reviewed the documents submitted, and we are unable to comply with your request at this time because the documents submitted are incomplete and/or do not meet the requirements of the FSIA and 22 C.F.R. Part 93 and Section 22.1.  Specifically, please see the following issues:

- As required by 28 U.S.C. §§ 1608(a)(4) and (e) and 22 C.F.R. Part 93, two copies of the documents to be transmitted to the foreign state

must be provided along with appropriate translations thereof into the official language of the foreign state to be served. While the Department received two copies of the Memorandum and Judgment and the Foreign Sovereign Immunities Act with translations for each defendant, the documents received did not include a Notice of Default Judgment. A Notice of Default Judgment should conform to the requirements of 22 C.F.R. § 93.2 (the FSIA specifically refers to a notice of suit "in a form prescribed by the Secretary of State by regulation"). Therefore, please provide two copies with translations of a Notice of Default Judgment prepared in the form that appears in the Annex to Section 93.2. For reference, I am enclosing a copy of the Notice of Suit your office provided with the June 11, 2021 request for service of process.

- The documents provided did not include a cashier's check for each instance of service upon a defendant. Therefore, in accordance with Item 51 of the current Schedule of Fees for consular services, 22 C.F.R. § 22.1, please provide a cashier's check for each of the six defendants to be served ($2,275/per defendant) and made out to the "U.S. Department of State." Please note consular officers do not have authority to waive fees for services for which a fee is established and set forth on the Schedule of Fees, except as provided for in statute or regulation (e.g., exemptions specifically identified on the Schedule of Fees). There is no waiver or exemption in statute or regulation for fees for services performed under Item 51, FSIA judicial assistance cases.

Therefore, in order to proceed with service under Section 1608(a)(4), please resolve the issue(s) identified above.

Additionally, for your information, the following Department of State webpages provide information on the FSIA, including what documentation to provide for service under FSIA.
- FSIA Checklist: https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process/FSIA-Checklist.html
- Foreign Sovereign Immunities Act FAQs: https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process/Foreign-Sovereign-Immunities-Act.html

Should you have any questions in this regard, please do not hesitate to contact the judicial assistance team at FSIA-LR@state.gov.

Sincerely,

Jared Hess
Attorney Adviser
Office of the Legal Adviser
L/CA/POG/GC

Cc:   Office of the Clerk
      United States District Court
      For the Eastern District of Missouri
      Rush Hudson Limbaugh Sr. U.S. Courthouse
      555 Independence Street
      Cape Girardeau, MO 63703

# ATTACHMENTS



# ATTORNEY GENERAL OF MISSOURI
## ERIC SCHMITT

June 11, 2021

Office of the Clerk of the Court
Attn: Cathy Gould
United States District Court
for the Eastern District of Missouri
Southeastern Division
555 Independence Street
Cape Girardeau, MO 63703
(573) 331-8800

    Re:    Request for Service of Process on Foreign Defendants in *Missouri ex rel. Schmitt v. People's Republic of China et al.* No: 1:12-cv-0099-SNLJ

Dear Ms. Gould,

In connection with the above-caption case, we are writing to request that you take all necessary steps, pursuant to 28 U.S.C. § 1608(a)(4), to effect service on the following Defendants:

- People's Republic of China
- National Health Commission of the People's Republic of China
- Ministry of Emergency Management of the People's Republic of China
- Ministry of Civil Affairs of the People Republic of China
- People's Government of Hubei Province
- People's Government of Wuhan City

As we noted in our Motion to Authorize Alternative Methods of Service Under 28 U.S.C. § 1608 and Federal Rule of Civil Procedure 4, ECF No. 19, service under § 1608(a)(1) and (a)(2) could not be made. Specifically, no "special arrangement" between Missouri and the Defendants exists, and the Defendants objected to service under the applicable international convention—the Hague Convention. *See id.* at 4, 11. Further, China has objected to service through postal channels, and so service per § 1608(a)(3) would have been futile. *See id.* at 12.

Supreme Court Building
207 W. High Street
P.O. Box 899
Jefferson City, MO 65102
Phone: (573) 751-3321
Fax: (573) 751-0774
www.ago.mo.gov

Thus, Plaintiff State of Missouri, through Attorney General Eric Schmitt, requests that the Clerk dispatch the alternative means of service provided for under 28 U.S.C. § 1608(a)(4), as the Court authorized and directed by its Order dated May 11, 2021. *See* ECF No. 22.

In these circumstances, pursuant to 28 U.S.C. § 1608(a)(4), the Clerk of Court shall send two copies of the summons and complaint, plus a notice of suit, together with a translation of each (in this case a Chinese translation), "by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services . . . ." The Secretary of State shall then take steps to effect service through diplomatic channels.

Pursuant to 28 U.S.C. § 1608(a)(4), I have enclosed: (1) two copies of the Complaint; (2) two copies of the summons; (3) two copies of the Notice of Suit (attached to each of which is a copy of the Foreign Sovereign Immunities Act); and (4) two copies of each document translated into Chinese, the official language of the People's Republic of China.

Please take the necessary steps to dispatch these materials to effect service on Defendants pursuant to 28 U.S.C. § 1608(a)(4). The State Department provides the following address to use when dispatching the above documents to the Department:

Secretary of State
Attn: Director of Special Consular Services
U.S. Department of State
L/CA/POG/GC, SA-17, 10th Floor
Washington, DC 20522-1710
Attn: FSIA

Sincerely,

*/s/ D. John Sauer*
D. John Sauer
Attorney for Plaintiff State of Missouri

cc:   Director of the Office of Special Consular Services, U.S. Department of State

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| THE STATE OF MISSOURI, ex rel. ERIC S. SCHMITT, in his official capacity as Missouri Attorney General,<br><br>Plaintiff,<br><br>v.<br><br>THE PEOPLE'S REPUBLIC OF CHINA, THE COMMUNIST PARTY OF CHINA, NATIONAL HEALTH COMMISSION OF THE PEOPLE'S REPUBLIC OF CHINA, MINISTRY OF EMERGENCY MANAGEMENT OF THE PEOPLE'S REPUBLIC OF CHINA, MINISTRY OF CIVIL AFFAIRS OF THE PEOPLE'S REPUBLIC OF CHINA, PEOPLE'S GOVERNMENT OF HUBEI PROVINCE, PEOPLE'S GOVERNMENT OF WUHAN CITY, WUHAN INSTITUTE OF VIROLOGY, and CHINESE ACADEMY OF SCIENCES,<br><br>Defendants. | Case No. 1:20-cv-00099-SNLJ |

## NOTICE OF SUIT

Pursuant to 28 U.S.C. § 1608(a)(4) and 22 C.F.R. § 93.2, Plaintiff Missouri, by and through its Attorney General, Eric S. Schmitt, provides this Notice of Suit:

\* \* \*

1

**1. Title of legal proceeding; full name of court; case or docket number:**

| Title: | THE STATE OF MISSOURI, ex rel. ERIC S. SCHMITT, in his official capacity as Missouri Attorney General, <br><br>Plaintiff, <br><br>v. <br><br>THE PEOPLE'S REPUBLIC OF CHINA, THE COMMUNIST PARTY OF CHINA, NATIONAL HEALTH COMMISSION OF THE PEOPLE'S REPUBLIC OF CHINA, MINISTRY OF EMERGENCY MANAGEMENT OF THE PEOPLE'S REPUBLIC OF CHINA, MINISTRY OF CIVIL AFFAIRS OF THE PEOPLE'S REPUBLIC OF CHINA, PEOPLE'S GOVERNMENT OF HUBEI PROVINCE, PEOPLE'S GOVERNMENT OF WUHAN CITY, WUHAN INSTITUTE OF VIROLOGY, and CHINESE ACADEMY OF SCIENCES, <br><br>Defendants. |
|---|---|
| Court: | United States District Court for the Eastern District of Missouri Southeastern Division |
| Case No. | Case No. 1:20-cv-00099-SNLJ |

**2. Name of foreign state or political subdivision concerned:** The People's Republic of China

**3. Identity of the other Parties:**

| Plaintiff | State of Missouri ex rel. Eric S. Schmitt. |
|---|---|

| Defendants | <ul><li>The People's Republic of China</li><li>The Communist Party of China</li><li>National Health Commission of the People's Republic of China</li><li>Ministry of Emergency Management of the People's Republic of China</li><li>Ministry of Civil Affairs of the People's Republic of China</li><li>People's Government of Hubei Province</li><li>People's Government of Wuhan City</li><li>Wuhan Institute of Virology</li><li>Chinese Academy of Sciences</li></ul> |
|---|---|

**4. Nature of documents served:** Summons and Complaint

**5. Nature and purpose of the proceedings; why the People's Republic of China has been named; relief requested**

   A. <u>Nature and purpose of proceedings</u>

   In this case, the State of Missouri seeks recovery for the enormous loss of life, human suffering, and economic turmoil the COVID-19 pandemic inflicted on all Missourians. The first known case of COVID-19 occurred in China, in Wuhan, no later than November 17, 2019. And a strong theory is that the virus escaped from the Wuhan Institute of Virology.

   Evidence shows that the virus spread rapidly, and that the cause for that rapid spread was human-to-human transmission. And many local medical experts either warned others about the risk of human-to-human transmission, or took steps to protect themselves and others from human-to-human transmission. However, Chinese authorities—including Defendants—engaged in an extensive cover-up of the virus, the disease it caused, as well as the risk of human-to-human transmission. For example, authorities censored social media sites, publicly arrested and shamed people who talked about the virus, and disappeared journalists who truthfully reported on the scope of the virus. In addition, Chinese authorities did not share important information with the world health community, including the genome of the COVID-19 virus; hindered investigations of the origin of the virus by excluding investigators from the United States' Centers for Disease Control;

and provided false information about whether human-to-human transmission of the virus was possible. That cover-up occurred despite the fact that Chinese authorities had a duty under Article 6.1 of the International Health Regulations to report "all events which may constitute a public health emergency of international concern within its territory" within 24 hours. Defendants were some of the authorities who engaged in those acts.

Those actions helped spread the virus and cause the pandemic. For example, Chinese authorities proceeded with a public celebration of the Lunar New Year while COVID-19 was spreading in Wuhan, thus leading to millions of people traveling throughout China and the world. The cover-up also delayed responses that could have mitigated the scope of the pandemic. For example, the failure of Chinese authorities, including Defendants, to publish the COVID-19 gene sequence delayed scientific understanding and treatment of the virus. As a result, Plaintiff State of Missouri has suffered harm, including thousands of dead Missourians and enormous economic disruption that cost tens of billions of dollars and resulted in Missouri's government losing significant revenue.

Defendants exacerbated that harm by hoarding Personal Protective Equipment (PPE). At the same time Chinese authorities, including Defendants, were concealing COVID-19 from the world, they were purchasing PPE, such as masks, which were necessary to protect themselves from the virus. Those authorities then turned around and sold defective PPE at a profit.

To remedy that harm, Missouri has sued all defendants, claiming:

- Count 1: Defendants' actions constituted a public nuisance. As detailed above and in the Complaint, the defendants owed a duty to Missouri's residents not to interfere with, or damage, their rights through fraudulent, reckless, and negligent actions or

4

omissions. All Defendants breached that duty through their acts detailed above and in the complaint.

- Count 2: Defendants engaged in an abnormally dangerous activity by conducting coronavirus research in Wuhan. That activity harmed Missouri and its citizens.

- Count 3: Defendants negligently, and in violation of their duty under International Law to report the existence of a public health emergency in Wuhan, allowed COVID-19 to spread throughout the world, including Missouri.

- Count 4: Defendants owed a duty to Missouri not to hoard PPE and not to sell defective PPE—both of which are commercial activities. By doing so, Defendants injured Missouri.

B. Why the People's Republic of China was named

Like the other Defendants, the People's Republic of China participated in the acts described above and in the complaint. As such, it is liable to the State of Missouri for those acts.

C. Relief

As a remedy for engaging in a public nuisance, Missouri requests that the Court order Defendants to abate the nuisance, to pay restitution and punitive damages, and to declare that all Defendants created a public nuisance. An award of damages could be in the tens of billions dollars, representing the economic and non-economic harm to Missouri from the COVID-19 pandemic.

As a remedy for engaging in an abnormally dangerous activity, Missouri requests that the Court declare that the Defendants engaged in an abnormally dangerous activity; order Defendants to pay all damages and restitution; and enjoin Defendants from continuing the abnormally dangerous activity. An award of damages could be in the tens of billions dollars, representing the economic and non-economic harm to Missouri from the COVID-19 pandemic.

As a remedy for allowing the transmission of COVID-19, Missouri requests the Court declare that Defendants breached their duty to Missouri and its residents; order Defendants to pay damages; and order Defendants to cease their negligent acts. An award of damages could be in the tens of billions dollars, representing the economic and non-economic harm to Missouri from the COVID-19 pandemic.

As a remedy for hoarding and selling defective PPE, Missouri requests the Court declare that Defendants breached their duty to Missouri and its residents; order Defendants to pay damages; and order Defendants to cease their negligent acts. An award of damages could be in the tens of billions dollars, representing the economic and non-economic harm to Missouri from the COVID-19 pandemic.

**6. Date of default judgment:** Not applicable. There has been no default judgment in this case.

**7. A response to a "Summons" and "Complaint" is required to be submitted to the court not later than 60 days after these documents are received. The response may present jurisdictional defenses (including defenses relating to state immunity).**

**8. The failure to submit a timely response with the court can result in a Default Judgment and a request for execution to satisfy the judgment. If a default judgment has been entered, a procedure may be available to vacate or open that judgment.**

**9. Questions relating to state immunities and to the jurisdiction of United States courts over foreign states are governed by the Foreign Sovereign Immunities Act of 1976, which appears in section 1330, 1391(f), 1441(d), and 1602 through 1611 of Title 28, United States Code (Pub. L. 94-583; 90 Stat. 2891).**

/s/ D. John Sauer

Solicitor General
Missouri Attorney General's Office
Post Office Box 899
Jefferson City, MO 65102
Tel: (573) 751-8870
Fax: (573) 751-0774
John.Sauer@ago.mo.gov

U.S. DEPARTMENT OF STATE
L/CA/POG
SA-17, 10TH FLOOR
WASHINGTON, DC 20522-1710

3)

RECEIVED BY MAIL
DEC 29 2025
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

US OFFICIAL MAIL PENALTY FOR PRIVATE USE $300
US POSTAGE — PITNEY BOWES
ZIP 20006  $ 014.74
02 4W
0001131897 DEC 18 2025

Office of the Clerk
United States District Court
For the Eastern District of Missouri
Rush Hudson Limbaugh Sr. U.S. Courthouse
555 Independence Street
Cape Girardeau, MO 63703