**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

THE STATE OF MISSOURI, ex rel. CATHERINE L. HANAWAY, in her official capacity as Missouri Attorney General,

Plaintiff,

v.

THE PEOPLE'S REPUBLIC OF CHINA, THE COMMUNIST PARTY OF CHINA, NATIONAL HEALTH COMMISSION OF THE PEOPLE'S REPUBLIC OF CHINA, MINISTRY OF EMERGENCY MANAGEMENT OF THE PEOPLE'S REPUBLIC OF CHINA, MINISTRY OF CIVIL AFFAIRS OF THE PEOPLE'S REPUBLIC OF CHINA, PEOPLE'S GOVERNMENT OF HUBEI PROVINCE, PEOPLE'S GOVERNMENT OF WUHAN CITY, WUHAN INSTITUTE OF VIROLOGY, and THE CHINESE ACADEMY OF SCIENCES,

Defendants.

Case No. 1:20-cv-00099-SNLJ

**MOTION BY THE PEOPLE'S GOVERNMENT OF HUBEI PROVINCE AND THE CHINESE ACADEMY OF SCIENCES TO VACATE DEFAULT JUDGMENT AND DISMISS THE ACTION; REQUEST FOR ORAL ARGUMENT**

Pursuant to Rules 60(b) and 55(c) of the Federal Rules of Civil Procedure, and Local Rule 4.01, Defendants the People's Government of Hubei Province ("Hubei Province") and the Chinese Academy of Sciences ("CAS"), by and through undersigned counsel, hereby make a limited appearance in this action and respectfully move this Court for an order (i) setting aside the Court's default judgment (ECF 95) and the Clerk's entry of default (ECF 29, 44) for lack of subject-matter jurisdiction under the Foreign Sovereign

Immunities Act ("FSIA") and (ii) dismissing this action in its entirety with prejudice. In the alternative, Hubei Province and CAS move this Court for an order vacating the default judgment and setting aside the entry of default due to a lack of personal jurisdiction and due to extraordinary circumstances justifying relief.

The grounds for this Motion are set forth in the accompanying Memorandum of Law, which complies with this Court's page limitations (Local Rule 4.01(D)). Hubei Province and CAS stand ready to provide supplemental briefing on the issues raised in the Memorandum of Law if helpful to the Court.

As the accompanying Memorandum reflects, China's government devoted substantial efforts and resources to supporting the global response to the COVID-19 pandemic and to protecting human life and health within China and worldwide. That sovereign activity should not be distorted or mischaracterized as "commercial activity" involving the purported "hoarding of PPE." Missouri's lawsuit constitutes an improper invocation of U.S. domestic courts against a foreign sovereign, contrary to fundamental principles of sovereign immunity under international law, as enshrined in the FSIA. Beyond that, Missouri's lawsuit is an affront to China's sovereignty and an irritant to China-U.S. bilateral relations. In short, this case seriously violates international principles of sovereign immunity and the FSIA, arbitrarily abuses jurisdiction toward a sovereign with no factual or legal basis, and seriously infringes upon the interests and public standing of China.

Given these momentous stakes, Hubei Province and CAS respectfully request oral argument on this Motion pursuant to Local Rule 4.02(B). Oral argument is warranted

because the Motion presents complex and consequential questions concerning subject-matter jurisdiction under the FSIA, lack of personal jurisdiction, and other serious threshold defenses. The extraordinary sum of the default judgment and the gravity of a case implicating the conduct of a foreign state and its agencies and instrumentalities during the COVID-19 global pandemic justify special attention and the benefit of oral presentation to the Court. Hubei Province and CAS submit that oral argument will materially assist the Court in reaching a just and well-reasoned disposition of the Motion.

In submitting this Motion, Hubei Province and CAS expressly reserve, and do not waive, all of their rights, privileges, immunities, and defenses, including those not asserted with this Motion, such as improper venue. For the avoidance of doubt, nothing in this Motion or the accompanying Memorandum may be considered an admission or acknowledgment of any facts alleged by Missouri.

Dated: August 31, 2026
Washington, DC

Respectfully submitted,

WHITE & CASE

/s/ *Christopher M. Curran*

Christopher M. Curran, 408561(DC)
Nicolle Kownacki, 1005627(DC)
Reuben J. Sequeira, 992307(DC)
Michael Mahaffey, 1617843 (DC)
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: +1 202 626 3600

ccurran@whitecase.com
nkownacki@whitecase.com
rsequeira@whitecase.com
michael.mahaffey@whitecase.com

*Counsel for the People's Government of Hubei Province and the Chinese Academy of Sciences*