# 警告
## WARNING
## *AVERTISSEMENT*

**收件人身份和地址**
Identity and address of the addressee
*Identité et adresse du destinataire*
Catherine L. Hanaway, Famale. Citizen of the United States of America. Missouri Attorney General of the United States. Domicile: Missouri Attorney General's Office, Supreme Court Building, 207 W. High St., US.

**重要**

**所附文书具有法律性质，可能会影响与您相关的权利和义务。“被送达文书概要”会让您了解文书的性质和目的。您应当仔细阅读此文书。必要时需要寻求法律咨询。**

**若您的资金不足，应当在您的居住国或文书发出国寻求获得法律援助或咨询的可能性的信息。**

**在文书发出国询问获得法律援助或咨询应当指向：**

IMPORTANT

THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS. THE 'SUMMARY OF THE DOCUMENT TO BE SERVED' WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE. YOU SHOULD HOWEVER READ THE DOCUMENT ITSELF CAREFULLY. IT MAY BE NECESSARY TO SEEK LEGAL ADVICE.

IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.

ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:

*TRÈS IMPORTANT*

*LE DOCUMENT CI-JOINT EST DE NATURE JURIDIQUE ET PEUT AFFECTER VOS DROITS ET OBLIGATIONS. LES « ÉLÉMENTS ESSENTIELS DE L'ACTE » VOUS DONNENT QUELQUES INFORMATIONS SUR SA NATURE ET SON OBJET. IL EST TOUTEFOIS INDISPENSABLE DE LIRE ATTENTIVEMENT LE TEXTE MÊME DU DOCUMENT. IL PEUT ÊTRE NÉCESSAIRE DE DEMANDER UN AVIS JURIDIQUE.*

*SI VOS RESSOURCES SONT INSUFFISANTES, RENSEIGNEZ-VOUS SUR LA POSSIBILITÉ D'OBTENIR L'ASSISTANCE JUDICIAIRE ET LA CONSULTATION JURIDIQUE SOIT DANS VOTRE PAYS SOIT DANS LE PAYS D'ORIGINE DU DOCUMENT.*

*LES DEMANDES DE RENSEIGNEMENTS SUR LES POSSIBILITÉS D'OBTENIR L'ASSISTANCE JUDICIAIRE OU LA CONSULTATION JURIDIQUE DANS LE PAYS D'ORIGINE DU DOCUMENT PEUVENT ÊTRE ADRESSÉES À :*

**建议所附范本的标注栏目均应用英文和法文书写，在适当情况下亦可用文书发出国的官方文字或其中之一书写。空白处应用文书发往国文字或英文或法文填写。**

It is recommended that the standard terms in the notice be written in English and French and where appropriate also in the official language, or in one of the official languages of the State in which the document originated. The blanks could be completed either in the language of the State to which the document is to be sent, or in English or French.

*Il est recommandé que les mentions imprimées dans cette note soient rédigées en langue française et en langue anglaise et le cas échéant, en outre, dans la langue ou l'une des langues officielles de l'État d'origine de l'acte. Les blancs pourraient être remplis soit dans la langue de l'État où le document doit être adressé, soit en langue française, soit en langue anglaise.*

# 被送达文书概要

SUMMARY OF THE DOCUMENT TO BE SERVED

*ÉLÉMENTS ESSENTIELS DE L'ACTE*

**关于向国外送达民事或商事司法文书和司法外文书公约**
**一九六五年十一月十五日订于海牙（第五条第四款）**

Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, signed at The Hague, the 15th of November 1965 (Article 5, fourth paragraph).

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye le 15 novembre 1965 (article 5, alinéa 4).*

| | |
|---|---|
| **请求机关的名称和地址:**<br>Name and address of the requesting authority:<br>*Nom et adresse de l'autorité requérante :* | Transn United Company<br><br>Room 2901-05, Building 5A, Yard No. 5, Huiji East Road, Tongzhou District, Beijing 101101, China<br>Attn: Ms. Luo Fanglin<br>Email: rara.luo@transn.com<br>Tel: +86 10 58789000 |

| | |
|---|---|
| **当事人详情:***<br>Particulars of the parties*:<br>*Identité des parties* :* | Plaintiff 1: People's Government of Wuhan Municipality, Hubei Province, People's Republic of China. Domicile: No. 188 Yanjiang Avenue, Jiangan District, Wuhan, Hubei Province, People's Republic of China.<br>Legal Representative: Sheng Yuechun, Mayor.<br><br>Plaintiff 2: Chinese Academy of Sciences. Domicile: No. 52 Sanlihe Road, Xicheng District, Beijing, People's Republic of China.Unified Social Credit Code: 121000000000001471XN.<br>Legal Representative: Hou Jianguo, President.<br><br>Plaintiff 3: Wuhan Institute of Virology of the Chinese Academy of Sciences. Domicile: No. 44 Xiaohongshanzhongqu, Shuiguohu Road, Wuchang District, Wuhan, Hubei Province, People's Republic of China.<br>Legal Representative: Wang Yanyi, Director General.<br><br>Defendant 1: The State of Missouri, the United States of America. Domicile: State Capital, Room 216, Jefferson City, MO 65102, US.<br>Representative: Mike Kehoe, Governor<br><br>Defendant 2: Eric S. Schmitt. Male. Citizen of the United States of America. Former Missouri Attorney General of the United States of America, current Senator of Missouri of the United States of America.Domicile: 260 Russell Senate Office Building, Washington D.C. 20510, US.<br><br>Defendant 3: Andrew T. Bailey. Male. Citizen of the United States of America. Current Missouri Attorney General of the United States of America. Domicile: Missouri Attorney General's Office, Supreme Court Building, 207 W. High St., US.<br><br>Defendant 4: Catherine L. Hanaway, Famale. Citizen of the United States of America. Missouri Attorney General of the United States. Domicile: Missouri Attorney General's Office, Supreme Court Building, 207 W. High St., US. |

* 适当时，应填写与递送文书有利害关系的人的身份和地址
If appropriate, identity and address of the person interested in the transmission of the document
*s'il y a lieu, identité et adresse de la personne intéressée à la transmission de l'acte*

☒ **司法文书****
JUDICIAL DOCUMENT**
*ACTE JUDICIAIRE***

| | |
|---|---|
| **文书的性质和目的:**<br>Nature and purpose of the document:<br>*Nature et objet de l'acte :* | Notice to Response to Action<br>Notice to Produce Evidence |
| **诉讼的性质和目的，适当时，争讼金额:**<br>Nature and purpose of the proceedings and, when appropriate, the amount in dispute:<br>*Nature et objet de l'instance, le cas échéant, le montant du litige:* | Reputation Rights Infringement<br>Totaling 356.437 billion Chinese Yuan |
| **出庭的日期和地点:****<br>Date and Place for entering appearance**:<br>*Date et lieu de la comparution** :* | Intermediate People's Court of Wuhan Municipality of Hubei Province, No. 156 Changqing Avenue, Jianghan District, Wuhan Municipality, Hubei Province, People's Republic of China |
| **作出判决的法院:****<br>Court which has given judgment**:<br>*Juridiction qui a rendu la décision** :* | N/A |
| **判决日期:****<br>Date of judgment**:<br>*Date de la décision** :* | N/A |
| **文书中所指明的期限:****<br>Time limits stated in the document**:<br>*Indication des délais figurant dans l'acte** :* | Three Months |

** 适当时
*if appropriate / s'il y a lieu*

☐ **司法外文书****
EXTRAJUDICIAL DOCUMENT**
*ACTE EXTRAJUDICIAIRE***

| | |
|---|---|
| **文书的性质和目的:**<br>Nature and purpose of the document :<br>*Nature et objet de l'acte :* | —— |
| **文书中所指明的期限:****<br>Time-limits stated in the document**:<br>*Indication des délais figurant dans l'acte**:* | —— |

** 适当时
*if appropriate / s'il y a lieu*

# 民事起诉状

原告一：中华人民共和国湖北省武汉市人民政府，住所地：中华人民共和国湖北省武汉市江岸区沿江大道188号。

法定代表人：盛阅春，该市市长。

原告二：中国科学院，住所地：中华人民共和国北京市西城区三里河路52号，统一社会信用代码：121000000001471XN。

法定代表人：侯建国，该院院长。

原告三：中国科学院武汉病毒研究所，住所地：中华人民共和国湖北省武汉市武昌区水果湖街小洪山中区44号。

法定代表人：王延轶，该所所长。

被告一：美利坚合众国密苏里州（The State of Missouri, The United States of America），住所地：美利坚合众国密苏里州杰弗逊市州政府216室（State Capital, Room 216, Jefferson City, MO65102, US）。

代表人：迈克·基霍（Mike Kehoe），该州州长。

被告二：埃里克·施密特（Eric S. Schmitt），男，美利坚合众国国籍，原美利坚合众国密苏里州总检察长、现美利坚合众国密苏里州参议员，住所地：美利坚合众国华盛顿

特区罗赛尔参议院办公楼 260 号（260 Russell Senate Office Building, Washington D.C. 20510, US）。

被告三：安德鲁·贝利 （Andrew T. Bailey），男，美利坚合众国国籍，美利坚合众国密苏里州总检察长，住所地：美利坚合众国密苏里州杰弗逊市西高街 207 号最高法院大楼总检察长办公室（Missouri Attorney General's Office, Supreme Court Building 207W, High St. US）。

**诉讼请求：**

1.判令三被告立即停止对原告名誉权的侵害行为；

2.判令三被告在纽约时报、美国有线电视新闻网（CNN）、华尔街日报、华盛顿邮报、油管（Youtube）等美国媒体及网络平台，人民日报、新华网等中国媒体及网络平台进行公开赔礼道歉，并承担消除不利影响、恢复原告名誉的民事责任；

3.判令三被告连带向原告赔偿因名誉权遭受侵害产生的各项经济损失人民币 3564.37 亿元；

4.判令三被告承担本案案件受理费、鉴定费、评估费、翻译费、律师费等因本案所产生的合理维权费用。

**事实与理由：**

2020 年 4 月 21 日，美利坚合众国（以下简称"美国"）密苏里州向美国密苏里州东区联邦地区法院东南分院（以下简称"密州法院"）提交起诉书，就新型冠状病毒疫情的传播以及我国国家行为针对中华人民共和国、中国共产党、中

华人民共和国国家卫生健康委员会、中华人民共和国应急管理部、中华人民共和国民政部、湖北省人民政府、武汉市人民政府、中国科学院武汉病毒研究所、中国科学院提起恶意滥诉。埃里克·施密特作为密苏里州时任总检察长在推动、实施滥诉行为过程中编造大量不实信息，虚构损失构成的证据，肆意捏造我国阻挠新型冠状病毒起源调查、隐瞒疫情信息、囤积和垄断个人防护用品等一系列虚假事实。2023年1月，埃里克·施密特担任密苏里州参议员后，由安德鲁·贝利继任密苏里州总检察长。安德鲁·贝利继续不遗余力推进滥诉，在参加听证程序中补充提交肆意编造的证据材料，通过密苏里州总检察长办公室发布消息，称其获得了240亿美元的“历史性判决”，将扣押我国在密苏里州的资产。

2025年3月7日，密州法院就该案（案号：1:20-cv-00099-SNLJ）作出一审判决，要求我国有关方赔偿损失24,488,825,457.00美元及利息。密苏里州通过实施滥诉的手段，捏造、散布不实信息，败坏三原告的名誉并导致巨大经济损失，严重危害我国主权、安全和发展利益。埃里克·施密特和安德鲁·贝利是该案主要的策划者、推动者和实施者。上述组织和个人的恶意滥诉行为构成《实施<中华人民共和国反外国制裁法>的规定》第十九条规定的“通过推动、实施诉讼等手段危害我国主权、安全、发展利益”，属于《中华人民共和国外国国家豁免法》第九条规定的豁免

例外情形。中华人民共和国湖北省武汉市人民政府、中国科学院、中国科学院武汉病毒研究所作为被滥诉的被告之一，名誉权受到严重侵害并导致巨大经济损失，为维护自身合法权益，现依法提起诉讼。

**一、三被告对原告实施恶意滥诉，编造大量不实信息，发布污名化、歧视性言论，侵害了原告的名誉权。**

新冠疫情是近百年来人类遭遇传播速度最快、影响范围最广的全球大流行病，也是1918年大流感以来防控难度最大的一次重大突发公共卫生事件。中国是病毒的受害国，也是全球抗疫贡献国。湖北省武汉市监测发现不明原因肺炎病例，中国第一时间报告疫情，迅速采取行动，开展调查并阻断疫情蔓延。中国始终坚持公开、透明、负责任原则，第一时间向国际社会通报疫情信息，呼吁国际社会团结合作，战胜疫情。中国的疫情防控阻击战的重大战略成果，维护了人民生命安全和身体健康，为维护地区和世界公共卫生安全作出重要贡献。包括美国在内的国际社会对中国包括疫情最严重的武汉应对疫情的举措均给予积极评价。中国政府竭尽所能支援全球抗疫，包含原告一在内的中国政府2020年向34个国家组建派出38批次抗疫专家组协助抗疫，2020年以来，中国向57个国家派遣176批次3000余名援外医疗队员，2020年1月至2022年5月，中国累计向包括美国在内的153个国家、15个国际组织提供了抗疫物资。而三被告试图把疫情政

治化、病毒污名化、溯源工具化，无端诽谤中国包括原告隐瞒疫情信息、囤积个人防护用品，无视中国为抗击疫情作出的巨大贡献，通过捏造事实、虚构损失，共同推动、实施滥诉并进行炒作散播，转嫁责任掩盖其自身抗疫不力的问题。大量公开信息足以证明三被告对原告的恶意滥诉纯属诋毁和诽谤。三被告对原告的滥诉行为严重侵害了原告的名誉权，给原告造成深远且极其巨大的损失。

**二、三被告的滥诉行为给原告造成了严重的名誉损害和巨大的经济损失，应依法承担相应的法律责任。**

三被告的滥诉行为通过网络平台和各国媒体在全世界广泛传播，严重损害了原告一作为一国政府机构在国际社会应有的声誉和安全发展利益，对原告一的城市形象、营商环境、产业链、供应链、产品进出口、人才引进、技术合作、企业经营发展等整体软实力造成全方位的负面影响，导致财政收入降低、支出增加等巨大经济损失。原告二是中国自然科学领域最高学术机构，原告三是原告二下属科研机构，原告二和原告三在国内外具有广泛的影响力，一直享有崇高的声望和信誉。被告的行为严重贬损原告二、原告三的社会评价、行业地位及学术影响力，影响其国际交流合作，科研成果产出和转化受阻，品牌价值和学术声望遭受严重贬损。三被告共同实施侵害原告名誉权的行为，经评估造成原告经济损失超过人民币 3564.37 亿元。三被告应当停止侵害、消除

影响、恢复名誉、赔礼道歉，并连带承担损失赔偿责任。

贵院系《最高人民法院关于涉外国国家豁免民事案件相关程序事项的通知》第二条规定的具有管辖权的人民法院。为维护自身合法权益，依据《中华人民共和国外国国家豁免法》第九条，《中华人民共和国民法典》第一百一十条、第一百二十条、第九百九十五条、第一千零二十四条、第一千一百六十五条、第一千一百六十八条、第一千一百六十九条的规定，原告提起本案诉讼，请求贵院依法支持原告的全部诉讼请求。

需要声明的是，三被告的共同侵权行为对原告的影响严重且长期持续，原告保留继续索赔的权利。

此致

中华人民共和国湖北省武汉市中级人民法院

具状人：中华人民共和国湖北省武汉市人民政府

中国科学院

中国科学院武汉病毒研究所

二〇二五年四月三十日

# COMPLAINT

Plaintiff 1: People's Government of Wuhan Municipality, Hubei Province, People's Republic of China. Domicile: No. 188 Yanjiang Avenue, Jiangan District, Wuhan, Hubei Province, People's Republic of China.

Legal Representative: Sheng Yuechun, Mayor.

Plaintiff 2: Chinese Academy of Sciences. Domicile: No. 52 Sanlihe Road, Xicheng District, Beijing, People's Republic of China.Unified Social Credit Code: 12100000000001471XN.

Legal Representative: Hou Jianguo, President.

Plaintiff 3: Wuhan Institute of Virology of the Chinese Academy of Sciences. Domicile: No. 44 Xiaohongshanzhongqu, Shuiguohu Road, Wuchang District, Wuhan, Hubei Province, People's Republic of China.

Legal Representative: Wang Yanyi, Director General.

Defendant 1: The State of Missouri, the United States of America. Domicile: State Capital, Room 216, Jefferson City, MO 65102, US.

Representative: Mike Kehoe, Governor.

Defendant 2: Eric S. Schmitt. Male. Citizen of the United States of America. Former Missouri Attorney General of the United States of America, current Senator of Missouri of the United States of America.

Domicile: 260 Russell Senate Office Building, Washington D.C. 20510, US.

Defendant 3: Andrew T. Bailey. Male. Citizen of the United States of America. Current Missouri Attorney General of the United States of America. Domicile: Missouri Attorney General's Office, Supreme Court Building, 207 W. High St., US.

**Claims:**

1. To rule three Defendants to cease the infringement upon Plaintiffs' reputation rights.

2. To rule three Defendants to issue public apologies on New York Times, CNN, Wall Street Journal, Washington Post, YouTube and other American media or internet platforms, and People's Daily, Xinhuanet and other Chinese media or internet platforms, and to bear civil liabilities of eliminating adverse effects and rehabilitating the reputation of Plaintiffs.

3. To rule three Defendants to compensate jointly and severally the economic losses of Plaintiffs caused by the Defendants' infringement upon reputation rights , totaling 356.437 billion Chinese Yuan.

4. To rule three Defendants to bear the case acceptance fee, expert appraisal fee, assessment fee, translation fee, attorney's fee, and other reasonable fees incurred from this case.

**Statement of Facts and Legal Basis:**

On April 21, 2020, the State of Missouri of the United States of America (hereinafter referred to as "US") filed a vexatious lawsuit about COVID-19 spread and Chinese state acts to the United States District Court for the Eastern District of Missouri Southeastern Division (hereinafter referred to as "Missouri Court") against the People's Republic of China, the Communist Party of China, National Health Commission of the People's Republic of China, Ministry of Emergency Management of the People's Republic of China, Ministry of Civil Affairs of the People's Republic of China, People's Government of Hubei Province, People's Government of Wuhan Municipality, Wuhan Institute of Virology of the Chinese Academy of Sciences, and Chinese Academy of Sciences. During the process of promoting and implementing such vexatious litigation, Eric S. Schmitt, as then Missouri Attorney General, fabricated numerous disinformation, provided fictional evidences of the losses and slandered various disinformation of China, including obstructing COVID-19 origin investigation, covering up the COVID-19 information, and hoarding and monopolizing personal protective equipment and so on. After Eric S. Schmitt became the Senator of Missouri in January of 2023, Andrew T. Bailey as the Missouri Attorney General has spared no efforts to persistently promote the vexatious litigation and wantonly present fake trial exhibits during the hearing of

the litigation. Andrew T. Bailey have released the news from the Office of the Missouri Attorney General, claiming that they "secured a historic $ 24 billion judgment" and "intend to collect every penny by seizing Chinese-owned assets" in Missouri.

On March 7, 2025, the Missouri Court made the judgment (Case No.: 1:20-cv-00099-SNLJ), ruling Chinese parties to pay compensatory damages in an amount of 24,488,825,457.00 US Dollars and post-judgment interest. The State of Missouri fabricates and disseminates disinformation by means of implementing such vexatious litigation, which have defamed Plaintiffs' reputation, resulting in huge economic losses of the Plaintiffs, and deeply endangering sovereignty, security and development interests of China. Eric S. Schmitt is the major contriver, promoter, and implementer, so is Andrew T. Bailey. The promotion and implementation of such vexatious litigation by the State of Missouri, Eric S. Schmitt and Andrew T. Bailey constitutes "endangering the sovereignty, security and development interests of China by means of promoting and implementing litigation" prescribed in Article 19 of the *Provisions on Implementation of the Anti-foreign Sanctions Law of the People's Republic of China*, which is an exception to immunity as provided in Article 9 of the *Foreign State Immunity Law of the People's Republic of China*. People's Government of Wuhan Municipality, Chinese Academy of Sciences, and Wuhan Institute of Virology of the

Chinese Academy of Sciences, as the defendants of the vexatious litigation, have suffered serious damages to their reputation rights resulting in significant economic losses. In order to protect legitimate rights and interests, Plaintiffs now file this lawsuit in accordance with the laws.

**1. Three Defendants, through implementing the malicious vexatious litigation, fabricating enormous disinformation, and spreading stigmatizing and discriminating slanders, have infringed Plaintiffs' reputation rights .**

The COVID-19 pandemic stands as the fastest-spreading and most extensive global health crisis that humanity has faced in a century. It is also the most challenging public health emergency to contain and manage since the 1918 flu pandemic.. China has suffered tremendously but has contributed generously to the global efforts to combat COVID-19. As soon as cases of pneumonia of unknown cause were identified in Wuhan City, Hubei Province, China promptly reported the situation, acted immediately to conduct investigations and to stop the spread of the disease. China has always acted with openness, transparency and responsibility. China has sent updates on the pandemic to the international community at the earliest time possible, and called for fighting COVID-19 through solidarity and cooperation with the international community. With these strategic achievements, China has

protected its people's lives, safety and health, and made a significant contribution to safeguarding regional and global public health. The international society, including the US, has made positive comments on efforts to combat COVID-19 taken by China, including Wuhan which suffered the most from the COVID-19. China has assisted in the global fight against COVID-19 with all resources available. In 2020, Chinese government, including Plaintiff 1, organized 38 medical expert teams and sent them to 34 countries to assist in pandemic control. Since 2020, China has sent more than 3,000 medical workers in 176 teams on foreign aid missions to 57 countries. From January 2020 to May 2022, China donated COVID-19 response supplies to 15 international organizations and 153 countries, including the US. However, three Defendants have attempted to politicize and stigmatize the COVID-19, manipulate origin-tracing as a tool, slander groundlessly of China (including Plaintiffs) covering up the pandemic information and hoarding personal protective equipment, and ignore Chinese tremendous contribution to fight COVID-19. Three Defendants, through fabricating disinformation and faking losses, have promoted, implemented, hyped up and spread the vexatious litigation, and shifted responsibility to cover up their own botched anti-pandemic measures. Numerous openly-available information have proved that three Defendants' acts through malicious and vexatious litigation are totally defamation and libel, and have seriously infringed Plaintiffs' reputation

rights , causing profound and extremely enormous losses to Plaintiffs.

**2. Three Defendants' acts through the vexatious litigation have caused severe damages to reputation and huge economic losses to Plaintiffs, and three Defendants shall bear relevant legal liability according to laws.**

Three Defendants' acts through the vexatious litigation have spread globally through Internet platforms and media from various nations, deeply harmed the reputation in international society as well as security and development benefits of Plaintiff 1 as a government of a nation, causing all-round negative effects on soft power of Plaintiff 1 such as city image, business environment, industrial and supply chains, product imports and exports, talent introduction, technology cooperation, enterprises development, etc., and resulting in huge economic losses including fiscal revenue decrease and fiscal expenditure increase. Plaintiff 2 is a leading research institution of China in natural science area and Plaintiff 3 is an academic subdivision of Plaintiff 2. Both Plaintiff 2 and Plaintiff 3 enjoy broad influence and high reputation and recognition across and abroad China. The acts of three Defendants have belittled the social evaluation, status in profession and academic influence of Plaintiff 2 and Plaintiff 3, adversely affected their international cooperation,

blocked productivity and commercialization of scientific and technological achievements, causing serious denigration to brand value and academic reputation. Three Defendants' joint acts of damaging reputation rights cause economic losses of Plaintiffs for over 356.437 billion Chinese Yuan as per the assessment. Three Defendants shall bear the liability of ceasing the infringement, eliminating adverse effects, rehabilitating reputation, extending apologies and compensating losses jointly and severally.

In accordance with Article 2 of the *Notice of the Supreme People's Court on Procedural Matters Relating to Civil Cases Involving Foreign State Immunity*, Wuhan Intermediate People's Court of Hubei Province shall have the jurisdiction of this case. For securing legal benefits, in accordance with Article 9 of the *Foreign State Immunity Law of the People's Republic of China* and Article 110, 120, 995, 1024, 1165, 1168 and 1169 of the *Civil Code of the People's Republic of China*, Plaintiffs file this lawsuit and plead to uphold all claims of Plaintiffs.

To be clear, three Defendants' joint tortious acts have caused severe and enduring impacts on Plaintiffs, Plaintiffs reserve the right to claim further compensation.

Respectfully submitted to

Wuhan Intermediate People's Court of Hubei Province, People's Republic of China

Plaintiff 1: People's Government of Wuhan Municipality, Hubei Province, People's Republic of China

Plaintiff 2: Chinese Academy of Sciences

Plaintiff 3: Wuhan Institute of Virology of Chinese Academy of Sciences

April 30, 2025

translator [illegible] 译
2025.4.30

# 初步证据种类清单

**提交人**：中华人民共和国湖北省武汉市人民政府、中国科学院、中国科学院武汉病毒研究所 （以下简称“原告”）

**提交时间**：二零二五年四月三十日

| 编号 | 证据名称 | 证据内容 |
|---|---|---|
| **第一部分证据**<br>**证明目的：三被告对原告实施恶意滥诉，就新型冠状病毒疫情的传播及原告行为，编造大量不实信息，发布污名化、歧视性言论，共同侵害了原告的名誉权** | | |
| **第一组证据：三被告的滥诉及炒作行为相关证据** | | |
| **第二组证据：三被告污名化、歧视性言论相关证据** | | |
| **第二部分证据**<br>**证明目的：原告及时公开疫情信息，积极抗疫，并竭尽所能对外开展医疗援助** | | |
| **第三组：反驳三被告主张原告“阻挠新冠疫情起源调查”的证据** | | |



代理人：[illegible]

2025.4.30

| 编号 | 证据名称 | 证据内容 |
|---|---|---|
| 第四组：反驳三被告主张原告“压制有关新冠病毒存在、范围及人际传播性”的证据 | | |
| 第五组：反驳三被告主张原告“囤积和垄断个人防护设备”的证据 | | |
| 第六组：反驳三被告主张新冠病毒来自武汉的证据 | | |
| 第三部分证据<br>证明目的：三被告的侵权行为给原告造成了名誉权损害和巨额经济损失 | | |
| 第七组证据：原告遭受名誉权损害的证据 | | |
| 第八组证据：原告遭受经济损失的证据 | | |
| 第四部分证据<br>证明目的：原告为制止三被告侵权行为而支出合理费用 | | |
| 第九组证据：支出合理费用证据 | | |



代理人：[illegible]
2021.4.30.

# LIST OF PRELIMINARY EVIDENCE CATEGORIES

Submission Parties:

People's Government of Wuhan Municipality, Hubei Province, People's Republic of China, Chinese Academy of Sciences and Wuhan Institute of Virology of the Chinese Academy of Sciences (the Plaintiffs)

SUBMISSION DATE: April 30, 2025

| NO. | Name | Content |
|---|---|---|
| **PART I**<br>Purpose of proof: The three Defendants, through implementing the vexatious litigation, fabricating enormous disinformation, and spreading stigmatizing and discriminating slanders concerning the transmission of COVID-19 and the Plaintiffs' involvements, have jointly infringed the Plaintiffs' reputation rights. | | |
| First set of evidence: The evidence relating to the three Defendants' involvements of vexatious litigation and hyping-up of the case | | |
| Second set of evidence: The evidence relating to the Defendants' stigmatizing and discriminating slanders | | |
| **PART II**<br>Purpose of proof: The Plaintiffs disclosed pandemic information in a timely manner while taking proactive measures to combat the pandemic and made every effort to provide the medical aid to other countries. | | |

<table>
<tr><th>NO.</th><th>Name</th><th>Content</th></tr>
<tr><td colspan="3">Third set of evidence: The evidence of rebutting the three Defendants’ allegation that the Plaintiffs “hindered the investigation of the COVID-19 pandemic’s origin”</td></tr>
<tr><td colspan="3">Fourth set of evidence: The evidence of rebutting the three Defendants’ allegation that the Plaintiffs “suppressed information about the existence, scope and human-to-human transmissibility of COVID-19”</td></tr>
<tr><td colspan="3">Fifth set of evidence: The evidence of rebutting the three Defendants’ allegation that the Plaintiffs “hoarded and monopolized personal protective equipment”</td></tr>
<tr><td colspan="3">Sixth set of evidence: The evidence of rebutting the three Defendants’ allegation that the COVID-19 was from Wuhan</td></tr>
<tr><td colspan="3">PART III<br>Purpose of proof: The three Defendants’ tortious acts have caused damages to the Plaintiffs’ reputation rights and substantial economic losses to the Plaintiffs.</td></tr>
<tr><td colspan="3">Seventh set of evidence: The damages to the Plaintiffs’ reputation rights</td></tr>
<tr><td colspan="3">Eighth set of evidence: The economic losses suffered by the Plaintiffs</td></tr>
<tr><td colspan="3">PART IV<br>Purpose of proof: The Plaintiffs incurred reasonable expenses for the purpose of preventing the Defendants’ tortious acts.</td></tr>
<tr><td colspan="3">Ninth set of evidence: The reasonable expenses incurred</td></tr>
</table>

本翻译件共2页

translator 翻译人：叶楚雯

2025.4.30

# 补充证据种类清单

**提交人：**中华人民共和国湖北省武汉市人民政府、中国科学院、中国科学院武汉病毒所（以下简称“原告”）

**提交时间：**二零二五年十二月十二日

| 编号 | 证据名称 | 证据内容 |
| --- | --- | --- |
| **第十组证据：凯瑟琳·哈纳威的滥诉及炒作行为及污名化、歧视性言论相关证据** | | |

胡进泛

# LIST OF SUPPLEMENTARY EVIDENCE CATEGORIES

Submission Parties:

People's Government of Wuhan Municipality, Hubei Province, People's Republic of China, Chinese Academy of Sciences and Wuhan Institute of Virology of the Chinese Academy of Sciences (the Plaintiffs)

SUBMISSION DATE: December 12, 2025

<table>
<tr><th>NO.</th><th>Name</th><th>Content</th></tr>
<tr><td colspan="3">Tenth set of evidence: The evidence relating to the Catherine L. Hanaway's involvements of vexatious litigation, hyping-up of the case, stigmatizing and discriminating slanders</td></tr>
</table>

本翻译文件共1页
Translator: 翻译人:徐秀丽
2025.12.12

# 申请书

申请人一（原告一）：中华人民共和国湖北省武汉市人民政府，住所地：中华人民共和国湖北省武汉市江岸区沿江大道 188 号。

法定代表人：熊征宇，该市副市长、代市长。

申请人二（原告二）：中国科学院，住所地：中华人民共和国北京市西城区三里河路 52 号。

法定代表人：侯建国，该院院长。

申请人三（原告三）：中国科学院武汉病毒研究所，住所地：中华人民共和国湖北省武汉市武昌区水果湖街小洪山中区 44 号。

法定代表人：王延轶，该所所长。

被申请人：凯瑟琳·哈纳威（Catherine L. Hanaway），女，美利坚合众国国籍，美利坚合众国密苏里州总检察长，住所地：美利坚合众国密苏里州杰弗逊市西高街 207 号最高法院大楼总检察长办公室（Missouri Attorney General's Office, Supreme Court Building, 207 W High St., US）。

在原告中华人民共和国湖北省武汉市人民政府、中国科学院、中国科学院武汉病毒研究所诉被告美利坚合众国密苏里州（The State of Missouri，The United States of America）、埃里克·施密特（Eric S. Schmitt）、安德鲁·贝利（Andrew T.

Bailey）名誉权纠纷一案[案号：（2025）鄂 01 民初 173 号]中，申请人提出依法追加被告的申请。

**申请事项：**

1. 依法追加密苏里州现任总检察长凯瑟琳·哈纳威为（2025）鄂 01 民初 173 号案的共同被告参加诉讼；

2. 判令凯瑟琳·哈纳威立即停止对原告名誉权的侵害行为；

3. 判令凯瑟琳·哈纳威在纽约时报、美国有线电视新闻网（CNN）、华尔街日报、华盛顿邮报、油管（Youtube）等美国媒体及网络平台，人民日报、新华网等中国媒体及网络平台进行公开赔礼道歉，并承担消除不利影响、恢复原告名誉的民事责任；

4. 判令凯瑟琳·哈纳威与三被告连带向原告赔偿因名誉权遭受侵害产生的各项经济损失人民币 3564.37 亿元；

5. 判令凯瑟琳·哈纳威与三被告承担本案案件受理费、鉴定费、评估费、翻译费、律师费等因本案所产生的合理维权费用。

**事实与理由：**

在原告中华人民共和国湖北省武汉市人民政府、中国科学院、中国科学院武汉病毒研究所诉被告美利坚合众国密苏里州（The State of Missouri，The United States of America）、埃里克·施密特（Eric S. Schmitt）、安德鲁·贝利（Andrew T.

Bailey）名誉权纠纷一案[案号：（2025）鄂01民初173号]中，三被告通过实施恶意滥诉，捏造、散布不实信息，败坏三原告的名誉并导致巨大经济损失，严重危害我国主权、安全和发展利益。

被申请人凯瑟琳·哈纳威在就任密苏里州总检察长后，于2025年11月19日向美国密苏里州东区联邦地区法院（以下简称“密州法院”）提交“送达判决申请”，并推动滥诉案件的执行程序。同日，被申请人凯瑟琳·哈纳威通过密苏里州政府总检察长办公室官网宣布：针对中国政府及其相关部门因新冠疫情责任被判支付240亿美元赔偿一案，已正式启动通过美国国务院外交渠道向中方送达判决的程序，下一步将依据法律推进对中国在美资产的扣押。被申请人凯瑟琳·哈纳威表示：“中国对本州公民和经济造成了巨大损害。我们将追究其责任，追回每一分损失，首先从中国持有的资产——包括农田——着手。”

被申请人明知密州涉疫滥诉案件是密州政府出于政治私利恶意提起、突破法律底线的闹剧，且严重违反主权豁免原则，但被申请人仍不遗余力推进滥诉案件的执行程序，与三被告共同推动、实施滥诉并进行炒作散播；此外，被申请人推动滥诉案件执行程序被各国多家媒体进行报道。被申请人的行为严重损害了原告一作为一国政府机构在国际社会应有的声誉和安全发展利益，对原告一的城市形象、营商环

境、产业链、供应链、产品进出口、人才引进、技术合作、企业经营发展等整体软实力造成全方位的负面影响，导致财政收入降低、支出增加等巨大经济损失；严重贬损原告二、原告三的社会评价、行业地位及学术影响力，影响其国际交流合作，科研成果产出和转化受阻，品牌价值和学术声望遭受严重贬损。被申请人推进滥诉案件执行程序等行为与三被告的滥诉行为构成共同侵权。

根据《中华人民共和国民事诉讼法》第一百三十五条、《最高人民法院关于适用<中华人民共和国民事诉讼法>若干问题的规定》第七十三条等有关规定，请贵院依法将被申请人凯瑟琳·哈纳威追加为（2025）鄂01民初173号案的共同被告参加诉讼。

此致

中华人民共和国湖北省武汉市中级人民法院

申请人：中华人民共和国湖北省武汉市人民政府

中国科学院　　　　中国科学院武汉病毒研究所

二〇二五年十二月十二日

# Application

Applicant 1 (Plaintiff 1): People's Government of Wuhan Municipality, Hubei Province, People's Republic of China. Domicile: No. 188 Yanjiang Avenue, Jiangan District, Wuhan, Hubei Province, People's Republic of China.

Legal Representative： Xiong Zhengyu, Deputy Mayor and Acting Mayor.

Applicant 2 (Plaintiff 2): Chinese Academy of Sciences. Domicile: No. 52 Sanlihe Road, Xicheng District, Beijing, People's Republic of China.

Legal Representative： Hou Jianguo, President.

Applicant 3 (Plaintiff 3): Wuhan Institute of Virology of the Chinese Academy of Sciences. Domicile: No. 44 Xiaohongshanzhongqu, Shuiguohu Road, Wuchang District, Wuhan, Hubei Province, People's Republic of China.

Legal Representative： Wang Yanyi, Director General.

Respondent: Catherine L. Hanaway, Female, Citizen of the United States of America, Missouri Attorney General of United States. Domicile: Missouri Attorney General's Office, Supreme Court Building, 207 W High St., US.

In the case of the Plaintiffs including People's Government of Wuhan Municipality of Hubei Province of People's Republic

of China, Chinese Academy of Sciences and Wuhan Institute of Virology of Chinese Academy of Sciences versus the Defendants including the State of Missouri of the United States of America, Eric S. Schmitt and Andrew T. Bailey on matters of reputation rights [Case number : (2025) E 01 Minchu No. 173], the applicants filed an application to add an defendant in accordance with the law.

**Application terms:**

1. Adding Missouri Attorney General Catherine L. Hanaway from The State of Missouri as co-defendant to participate in the litigation of the (2025) E 01 Minchu No.173 case.

2. To rule Catherine L. Hanaway to cease the infringement upon Plaintiffs' reputation rights.

3. To rule Catherine L. Hanaway to issue public apologies on New York Times, CNN, Wall Street Journal, Washington Post, YouTube and other American media or internet platforms, and People's Daily, Xinhuanet and other Chinese media or internet platforms, and to bear the civil liabilities of eliminating adverse effects and rehabilitating the reputation of Plaintiffs.

4. To rule Catherine L. Hanaway and three Defendants to

compensate jointly and severally the economic losses of Plaintiffs caused by the Defendants' infringement upon reputation rights, totaling 356.437 billion Chinese Yuan.

5. To rule Catherine L. Hanaway and three Defendants to bear the case acceptance fee, expert appraisal fee, assessment fee, translation fee, attorney's fee, and other reasonable fees incurred from this case.

**Statement of Facts and Legal Basis:**

In the case of the Plaintiffs including People's Government of Wuhan Municipality of Hubei Province of People's Republic of China, Chinese Academy of Sciences and Wuhan Institute of Virology of Chinese Academy of Sciences versus the Defendants including the State of Missouri of the United States of America, Eric S. Schmitt and Andrew T. Bailey on matters of reputation rights [Case number：（2025）E 01 Minchu No.173], three Defendants have implemented the vexatious litigation, fabricated and spread disinformation, infringed three Plaintiffs' reputation rights and caused huge economic loss, severely damaged Chinese sovereignty, security and development interests.

After the Respondent Catherine L. Hanaway became Missouri Attorney General, she sent "Request for Service of

Final Judgement" to US District Court for Eastern District of Missouri (hereinafter refers to as "Missouri Court") and promoted the enforcement process of the vexatious litigation on November 19, 2025. On the same day, the Respondent Catherine L. Hanaway announced on Missouri Attorney General's Office website: for the case of Chinese government and relevant departments incurred 24 billion dollars damage resulting from COVID-19 responsibility, we launched the service of judgement procedure to China through US State Department for diplomatic service and would impose seizure on Chinese-owned assets in US in accordance with the law. The Respondent Catherine L. Hanaway claimed: China has caused huge loss to Missouri civilian and economy. We will allow it bear its responsibility and every loss, and we will embark on Chinese assets firstly——including farmlands.

Respondent clearly recognized vexatious litigation was a politically motivated farce of Plaintiff 1 that violates basic legal principles, and severely infringing principle of sovereignty immunity, but she still promoted enforcement procedure with every efforts, promoting and implementing the vexatious litigation and spreading its influence together with the three Defendants; Moreover, numerous media from large number of countries

reported that the Respondent's behavior of promoting enforcement procedure of the vexatious litigation. The Respondent's behaviors have severely infringed the reputation in international society as well as security and development benefits of Plaintiff 1 as a government of a nation, causing all-round negative effects on soft power of Plaintiff 1 such as city image, business environment, industrial and supply chains, product imports and exports, talents introduction, technology cooperation, enterprise development, etc., and resulting in huge economic losses including fiscal revenue decrease and fiscal expenditure increase and so on; have belittled the social evaluation, status in profession and academic influence of Plaintiff 2 and Plaintiff 3, adversely affected their international cooperation, blocked productivity and commercialization of scientific and technological achievements, causing serious denigration to brand value and academic reputation. The Respondent's acts of promoting enforcement procedure of the vexatious litigation of the three Plaintiffs consisted joint infringement.

In accordance with Article 135 of the Civil Procedure Law of the People's Republic of China and Article 73 of the Interpretation of the Supreme People's Court on the Application of the Civil Procedure Law of the People's Republic of China,

please add the Respondent Catherine L. Hanaway as co-defendant to participate in the litigation of the (2025) E 01 Minchu No.173 case.

Respectfully submitted to

Wuhan Intermediate People's Court of Hubei Province, People's Republic of China.

Applicant: People's Government of Wuhan Municipality, Hubei Province, People's Republic of China

Chinese Academy of Sciences

Wuhan Institute of Virology of Chinese Academy of Sciences

December 12, 2025

本翻译文件共6页

Translator:翻译人：涂秀丽

2025.12.12

# 中华人民共和国
# 湖北省武汉市中级人民法院
# 应诉通知书

(2025)鄂01民初173号

凯瑟琳·哈纳威:

本院已经于2025年5月7日立案受理中华人民共和国湖北省武汉市人民政府、中国科学院、中国科学院武汉病毒研究所诉美利坚合众国密苏里州、埃里克·施密特、安德鲁·贝利名誉权纠纷一案，案号为(2025)鄂01民初173号。因案件审理需要，依照《中华人民共和国民事诉讼法》的相关规定，通知你作为共同被告参加诉讼，现将参加诉讼的有关事项通知如下:

一、在诉讼过程中，当事人必须依法行使诉讼权利，遵守诉讼秩序，履行诉讼义务。

二、在收到起诉状副本后三个月内向本院提出答辩状，并按对方当事人的人数提出副本。

三、当事人是自然人的，应当提交身份证、护照复印件;当事人是法人或者其他组织的，应当提交能证明其合法成立的相关资料，代表人或主要负责人身份证明书。

四、当事人可以委托一至二人作为诉讼代理人。外国当事人需要委托律师代理诉讼的，必须委托中华人民共和国的

律师。

委托他人代为诉讼，必须向人民法院提交由委托人签名或者盖章的授权委托书。委托书必须记明委托事项和权限。诉讼代理人代为承认、放弃、变更诉讼请求，进行和解、提起反诉或者上诉，必须有委托人的特别授权。

联 系 人：李少杰

联系电话：0086-027-65686717

联系地址：中华人民共和国湖北省武汉市江汉区常青路156号湖北省武汉市中级人民法院

特此通知。

二〇二五年十二月十二日



**The People's Republic of China**

**Intermediate People's Court**

**Wuhan Municipality, Hubei Province**

**NOTICE TO RESPONSE TO ACTION**

(2025) E 01 Min Chu No. 173

Catherine L. Hanaway:

This Court has accepted and filed the case on the disputes over reputation rights infringement between the Plaintiffs, People's Government of Wuhan Municipality, Hubei Province, People's Republic of China, Chinese Academy of Sciences and Wuhan Institute of Virology of the Chinese Academy of Sciences v. the Defendants, The State of Missouri, the United States of America, Eric S. Schmitt, Andrew T. Bailey on May 7, 2025. The case number is (2025) E 01 Min Chu No. 173. For the purpose of the trial of this case, in accordance with the relevant provisions of *the Civil Procedure Law of the People's Republic of China* , you are hereby notified to participate in the litigation as a joint defendant, the relevant matters are noticed as follows:

I. During the litigation process, the parties must exercise their litigation rights in accordance with the law, comply with the litigation order, and fulfill their litigation obligations.

II. The defendant shall submit a defense statement to this Court within three months after receiving the copy of the complaint, and provide copies according to the number of the opposing parties.

III. If the party is a natural person, he/she shall submit copies of identity card or passport; if the party is a legal person or other organization, he/she shall submit relevant materials that can prove its lawful establishment, as well as the identity proof of the representative or the principal person in charge.

IV. The parties may entrust one to two persons as litigation agents. Foreign parties who need a lawyer to represent them in litigation must entrust a lawyer of the People's Republic of China.

When entrusting others to conduct litigation on one's behalf, a power of attorney signed or stamped by the entruster must be submitted to the People's Court. The power of attorney must specify the matters entrusted and the scope of authority. For a litigation agent to admit, waive, or change the litigation claims on behalf of the client, to reach a settlement, to file a counterclaim, or to appeal, special authorization from the entruster is required.

Contact person:Li Shaojie

Tel:0086-027-65686717

Address:Intermediate People's Court of Wuhan Municipality of Hubei Province, No. 156 Changqing Avenue, Jianghan District, Wuhan Municipality, Hubei Province, People's Republic of China

Notice is hereby given.

Date:2025.12.12

Translator: 谢思思 译

# 中华人民共和国
# 湖北省武汉市中级人民法院
# 举证通知书

凯瑟琳·哈纳威:

我院受理中华人民共和国湖北省武汉市人民政府、中国科学院、中国科学院武汉病毒研究所诉美利坚合众国密苏里州、埃里克·施密特、安德鲁·贝利、凯瑟琳·哈纳威名誉权纠纷一案，根据《中华人民共和国民事诉讼法》和《最高人民法院关于民事诉讼证据的若干规定》之规定，你方应于收到本通知起**三个月内**提供证据材料，如逾期举证将承担不利法律后果。现将诉讼中的有关举证事项通知如下:

一、当事人对自己提出的诉讼请求所依据的事实或者反驳对方诉讼请求所依据的事实有责任提供证据加以证明。没有证据或者证据不足以证明当事人的事实主张的，由负有举证责任的当事人承担不利后果。

二、当事人向人民法院提供证据应当提供原件或者原物。如需自己保存证据原件、原物或者提供原件、原物确有困难的，可以提供经人民法院核对无异的复制件或者复制品。

三、当事人向人民法院提供的公文书证及涉及身份关系的证明系在中华人民共和国领域外形成的，该证据应当经所在国公证机关予以证明，并经中华人民共和国驻该国使领馆予以认证，或者履行中华人民共和国与该所在国订立的有关条约中规定的证明手续（在加入《取消外国公文书认证要求

的公约》的国家形成的公文书证，仅需提交符合该公约要求的附加证明书，无需认证）。当事人向人民法院提供外文书证或者外文说明资料应当附有中文译本。

四、当事人应当对其提交的证据材料逐一分类编号，对证据材料的来源、证明对象和内容作简要说明，签名盖章，注明提交日期，除提交法院外，还应按对方当事人人数提供内容一致的证据材料复印件。当事人在提交证据材料后，有权要求审判人员在当事人举证登记表上签字，予以确认。庭审中当事人使用的诉讼文件须与开庭前提交法庭的诉讼文件的内容一致，否则将不予使用。

五、当事人应当在本通知规定的举证期限内向人民法院提交证据材料，当事人在举证期限内不提交的，视为放弃举证权利。当事人在举证期限内提交证据材料确有困难的，应当在举证期限内向人民法院申请延期举证，是否准许由人民法院依法决定。

六、当事人申请证人出庭作证，应当在本通知规定的举证期限届满十日前提出，并经人民法院许可。证人应当出庭作证，接受当事人的质询。

湖北省武汉市中级人民法院

二〇二五年十二月十二日

# The People's Republic of China
# Intermediate People's Court
# Wuhan Municipality, Hubei Province
# NOTICE TO PRODUCE EVIDENCE

Catherine L. Hanaway:

This court has accepted and filed the case on the disputes over reputation rights infringement between the Plaintiffs, People's Government of Wuhan Municipality, Hubei Province, People's Republic of China, Chinese Academy of Sciences and Wuhan Institute of Virology of the Chinese Academy of Sciences v. the Defendants, The State of Missouri, the United States of America, Eric S. Schmitt, Andrew T. Bailey, Catherine L. Hanaway. This Court, in accordance with the provisions of *the Civil Procedure Law of the People's Republic of China* and *Several Provisions of the Supreme People's Court on Evidence in Civil Procedures of the People's Republic of China*, stipulates that you shall produce evidence to this Court within **3 months** from the day this notice is recieved, and will assume relevant adverse consequence in case of late submission. The relevant matters concerning evidence submission in the litigation are hereby notified as follows:

Ⅰ.Parties must provide evidence to support any facts related to their claims or to refute the opposing party's claims. If there is insufficient or no evidence to prove the claims, the party with the burden of proof will face adverse consequences.

Ⅱ. When providing evidence to the People's Court, parties should provide the original or the physical object. If they need to keep the original or the physical object or have difficulties in providing them, they can provide copies or reproductions verified by the People's Court.

Ⅲ.Where the documentary evidence, certificates and evidence regarding identity relations provided by the parties to the People's Court are formed outside the territory of the People's Republic of China, they shall be notarized by a notary organ of the country where they are located and authenticated by the Chinese Embassy or Consulate in that country, or the procedures for proof as stipulated in the relevant treaties concluded between China and the country concerned shall be fulfilled (Notarized documents are created in countries which have joined *the Convention Abolishing the Requirement of Legalisation for Foreign Public Documents* need only be accompanied by an attachment certificate as per the Convention's requirements, without the need for

authentication). Where a party provides foreign documentary evidence or explanatory materials in a foreign language to the People’s Court, it shall be accompanied by a Chinese translation.

Ⅳ. Parties must categorize and number each evidence material they submit, briefly explain its source, purpose, and content, sign and seal it, and note the submission date.In addition to submitting to the court, parties should provide copies of evidence materials consistent in content to other parties. After submitting evidence, parties can request trial personnel to sign the evidence submission register form for confirmation. During the trial, litigation documents used by parties must match those submitted pre - trial; otherwise, they won't be accepted.

Ⅴ. The parties shall submit evidence materials to the People's Court within the evidentiary deadline specified in this notice. If the parties fail to submit evidence materials within the evidentiary deadline, it will be deemed as a waiver of the right to present evidence. If the parties encounter difficulties in submitting evidence materials within the evidentiary deadline, they shall apply to the People’s Court for an extension of the deadline within the said period. The decision on whether to grant the extension shall be made by the People’s Court in

accordance with the law.

Ⅵ.A party applying to present a witness shall submit the application 10 days before the evidentiary deadline specified in this notice, subject to the court's approval. The witness shall attend the court proceedings to testify and be subject to cross - examination by the parties.

Date:2025.12.12

Translator: 谢思思 译

# 中华人民共和国
# 湖北省武汉市中级人民法院
# 当事人诉讼权利义务告知书

一、根据《中华人民共和国民事诉讼法》的有关规定，当事人在诉讼中享有以下诉讼权利：

（一）当事人在诉讼过程中享有平等的诉讼权利和诉讼地位，原告有放弃、增加或变更诉讼请求的权利，被告有承认或反驳原告的诉讼请求及提起反诉的权利。

（二）当事人有申请回避的权利，但须说明理由。

（三）当事人有收集、提供证据的权利，有在法庭上对对方所提证据质证的权利。

（四）当事人有向法庭申请调解的权利，当事人有自行和解的权利。

（五）当事人及其代理人有申请查阅或者复制与本案有关的材料和法律文书的权利；认为对自己的陈述记录有遗漏差错的，有申请补正的权利。

（六）当事人不服本案一审判决，有提起上诉的权利。

二、根据《中华人民共和国民事诉讼法》及《最高人民法院关于适用<中华人民共和国民事诉讼法>的解释》的有关规定，当事人应承担以下诉讼义务：

（一）当事人必须依法签收法院送达的法律文书。

（二）当事人必须接受法院的合法传唤，按规定时间、地点准时出庭参加诉讼。原告经法院合法传唤，无正当理由

拒不到庭的或未经法庭许可中途退庭的，按撤诉处理。被告经法院合法传唤，无正当理由拒不到庭的或未经法庭许可中途退庭的，依法缺席判决。

（三）当事人对自己提出的主张有责任提供证据，提交外文证据必须附中文译本。

（四）当事人必须依法行使诉讼权利，遵守法庭规则，服从审判长指挥，在法庭上发言必须经审判长许可，禁止对其他诉讼参加人进行人身攻击。

（五）当事人必须履行已经发生效力的法律文书。

（六）当事人进行民事诉讼，应按规定交纳案件受理费及其他诉讼费用。

当事人不履行诉讼义务的，应承担相应的法律责任。

湖北省武汉市中级人民法院

二〇二五年十二月十二日

湖北省武汉市中级人民法院

**The People's Republic of China**

**Intermediate People's Court**

**Wuhan Municipality, Hubei Province**

# NOTICE OF PARTIES' RIGHTS AND OBLIGATIONS IN A LAWSUIT

According to the relevant provisions of *the Civil Procedure Law of the People's Republic of China*, the parties enjoy the following litigation rights in the lawsuit:

I. The parties enjoy equal litigation rights and status in the litigation process. The plaintiff has the right to waive, increase, or change the litigation claims. The defendant has the right to admit or refute the plaintiff's litigation claims and to file a counterclaim.

II. The parties have the right to apply for recusal, but they must state the reasons.

III. The parties have the right to collect and provide evidence and the right to cross-examine the evidence presented by other parties in court.

IV. The parties have the right to request the court to mediate, and they also have the right to reconcile on their own.

V. The parties and their agents have the right to apply to review or copy materials and legal documents related to

the case. If they believe that there are omissions or errors in the records of their statements, they have the right to apply for correction.

VI. If the parties are dissatisfied with the first-instance judgment of the case, they have the right to appeal.

According to the relevant provisions of *the Civil Procedure Law of the People's Republic of China* and *the Interpretation of the Supreme People's Court on the Application of the Civil Procedure Law of the People's Republic of China*, the parties shall bear the following litigation obligations:

I. The parties must sign for the legal documents served by the court in accordance with the law.

II. The parties must accept the lawful summons of the court and attend the litigation at the specified time and place on time. If the plaintiff, after being lawfully summoned by the court, fails to appear in court without a valid reason or leaves the courtroom without permission from the court, the case will be treated as withdrawn. If the defendant, after being lawfully summoned by the court, fails to appear in court without a valid reason or leaves the courtroom without permission from the court, a judgment in absentia will be rendered according to law.

III. The parties are responsible for providing evidence to support their claims. If they submit evidence in a foreign language, they must attach a Chinese translation.

IV. The parties must exercise their litigation rights in accordance with the law, abide by the court rules, and obey the direction of the presiding judge. They must obtain permission from the presiding judge to speak in court. Personal attacks on other participants in the litigation are prohibited.

V. The parties must comply with legal documents that have taken effect.

VI. The parties shall pay the case acceptance fee and other litigation expenses according to the regulations.

The parties shall bear corresponding legal responsibilities for the consequences of failing to fulfill their litigation obligations.

Date:2025.12.12

Translator: 谢思恩 译

# 中华人民共和国
# 湖北省武汉市中级人民法院
# 告知合议庭组成人员通知书

(2025)鄂01民初173号

本院受理的中华人民共和国湖北省武汉市人民政府、中国科学院、中国科学院武汉病毒研究所诉美利坚合众国密苏里州、埃里克·施密特、安德鲁·贝利、凯瑟琳·哈纳威名誉权纠纷一案，依法组成合议庭进行审理。根据《中华人民共和国民事诉讼法》第四十条、第四十七条之规定，现将合议庭组成人员及相关事项告知如下：

一、合议庭成员

审判长：江宁

审判员：尹为

审判员：裴露

二、审判辅助人员

法官助理：李少杰

书记员：朱洁娴

三、申请回避的权利

根据《中华人民共和国民事诉讼法》第四十七条之规定，当事人认为审判人员、法官助理和书记员与本案有利害关系或存在其他可能影响公正审理情形的，有权申请回避。

四、联系方式

联 系 人：李少杰

联系电话：0086-027-65686717

地址：中华人民共和国湖北省武汉市江汉区常青路156号湖北省武汉市中级人民法院

湖北省武汉市中级人民法院

二〇二五年十二月十二日

# The People's Republic of China
# Intermediate People's Court
# Wuhan Municipality, Hubei Province
# NOTICE ON MEMBERS OF THE COLLEGIAL PANEL

(2025) E 01 Min Chu No.173

This court has accepted and filed the case on the disputes over reputation rights infringement between the Plaintiffs, People's Government of Wuhan Municipality, Hubei Province, People's Republic of China, Chinese Academy of Sciences and Wuhan Institute of Virology of the Chinese Academy of Sciences v. the Defendants, The State of Missouri, the United States of America, Eric S. Schmitt, Andrew T. Bailey, Catherine L.Hanaway, and formed a collegial panel for trial in accordance with the law. In accordance with Articles 40 and 47 of *the Civil Procedure Law of the People's Republic of China*, we hereby inform the parties concerned of the composition of the collegial panel and other related matters.

**Collegial Panel Members**

Presiding Judge: Jiang Ning

Judge: Yin Wei

Judge: Pei Lu

**Trial Supporting Personnel:**

Judge Assistant: Li Shaojie

Clerk: Zhu Jiexian

**Right to Request Recusal**

According to Article 47 of *the Civil Procedure Law of the People's Republic of China*, if a party believes that the judges, judge assistants, or law clerks have a connection with the case or other circumstances that may affect the fairness of the trial, the party has the right to request their disqualification.

**Contact Information**

Contact Person:Li Shaojie

Tel:0086-027-65686717

Add:Intermediate People's Court of Wuhan Municipality of Hubei Province, No. 156 Changqing Avenue, Jianghan District, Wuhan Municipality, Hubei Province, People's Republic of China

Date:2025.12.12

Translator: 谢想思 译